**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
LIFE ENRICHMENT FOUNDATION,                           :
Individually, and On Behalf of All Others             :
Similarly Situated,                                   :    Electronically Filed
                                                      :
     Plaintiff,             :    Civil Action No.: 1:07-cv-09633-LBS
                                                      :    (ECF Case)
  v.                                        :
                                                      :    Hon. Lenonard B. Sand
MERRILL LYNCH & CO., INC., E.                         :
STANLEY O'NEAL, AHMASS L.                             :
FAKAHANY, GREGORY J. FLEMING and                      :
JEFFREY N. EDWARDS,                                   :
                                                      :
     Defendants.             :
---------------------------------------------------------- x

*(Additional Captions on the Following Page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF FRANKFURT-TRUST INVESTMENT-GESELLSCHAFT mbH FOR**
**CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF**
<u>**SELECTION OF LEAD COUNSEL**</u>

```
------------------------------------------------------------ x
MICHAEL J. SAVENA, Individually, and On       :
Behalf of All Others Similarly Situated,      :
                                              :   Electronically Filed
                   Plaintiff,                 :
                                              :   Civil Action No.: 1:07-cv-09837-LBS
            v.                                :   (ECF Case)
                                              :
MERRILL LYNCH & CO., INC., E.                 :   Hon. Leonard B. Sand
STANLEY O'NEAL, AHMASS L.                     :
FAKAHANY, GREGORY J. FLEMING and              :
JEFFREY EDWARDS,                              :
                                              :
                   Defendants.                :
------------------------------------------------------------ x
GARY KOSSEF, Individually, and On Behalf      :
of All Others Similarly Situated,             :
                                              :
                                              :   Electronically Filed
                   Plaintiff,                 :
                                              :   Civil Action No.: 1:07-cv-10984-LBS
            v.                                :   (ECF Case)
                                              :
MERRILL LYNCH & CO., INC., E.                 :   Hon. Leonard B. Sand
STANLEY O'NEAL, AHMASS L.                     :
FAKAHANY, GREGORY J. FLEMING and              :
JEFFREY EDWARDS,                              :
                                              :
                   Defendants.                :
------------------------------------------------------------ x
ROBERT R. GARBER, Individually, and On        :
Behalf of All Others Similarly Situated,      :
                                              :
                                              :   Electronically Filed
                   Plaintiff,                 :
                                              :   Civil Action No.: 1:07-cv-11080-LBS
            v.                                :   (ECF Case)
                                              :
MERRILL LYNCH & CO., INC., E.                 :   Hon. Leonard B. Sand
STANLEY O'NEAL, AHMASS L.                     :
FAKAHANY, GREGORY J. FLEMING and              :
JEFFREY EDWARDS,                              :
                                              :
                   Defendants.                :
------------------------------------------------------------ x
```

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..................................... 4

II.   FRANKFURT TRUST SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 5

      A.    The Procedural Requirements Pursuant to the PSLRA ......................................... 5

      B.    Frankfurt Trust is the "Most Adequate Plaintiff" ..................................................... 6

            1.    Frankfurt Trust Has Made a Motion for Appointment as Lead Plaintiff ............ 6

            2.    Frankfurt Trust Has the Largest Financial Interest ................................... 6

            3.    Frankfurt Trust Otherwise Satisfies Rule 23 ............................................. 7

                 (a)    Frankfurt Trust Fulfills the Typicality Requirement ...................... 8

                 (b)    Frankfurt Trust Fulfills the Adequacy Requirement ...................... 9

            4.    Frankfurt Trust is the Prototypical Lead Plaintiff Envisioned by the PSLRA ......................................................................................................... 9

III.  THE COURT SHOULD APPROVE FRANKFURT TRUST'S CHOICE OF COUNSEL ........................................................................................................................ 10

CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) ...................................................................................4, 6

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ...................................................................................................10

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) .........................................................................................2, 8

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    416 F. Supp. 161 (C.D. Cal. 1976) ..........................................................................................4

*Glauser v. EVCI Career Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) .........................................................................................6, 8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2nd Cir. 1990) .................................................................................................4

*Montoya v. Mamma.com Inc.*,
    No. 05 Civ. 2313 (HB), 2005 WL 1278097 (S.D.N.Y 2005) ................................................2, 6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................8

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................9

*In re Waste Mgmt., Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ...................................................................................10

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
    No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 26, 2005) .................10

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .............................................................................................4

## STATUTES & LEGISLATIVE HISTORY

15 U.S.C. § 78u-4(a)(3) ..................................................................................................1,5

15 U.S.C. § 78u-4(a)(3)(A) and (B) ....................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) ..............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(i) ...........................................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................10

Fed. R. Civ. P. 23 ............................................................................................2, 3, 6, 7, 8, 9

Fed. R. Civ. P. 42 ............................................................................................................1,5

H.R. REP. NO. 104-369, at 34 (1995) ..................................................................................9

Frankfurt-Trust Investment-Gesellschaft mbH ("Frankfurt Trust"), respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the related actions; (ii) appointing Frankfurt Trust as lead plaintiff of a class of purchasers of the securities of Merrill Lynch & Co., Inc. ("Merrill" or the "Company"); and (iii) approving Frankfurt Trust's selection of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against Merrill, a leading global financial services firm, and certain of its officers and directors (collectively, "Defendants"), for violations of the federal securities laws stemming from Defendants' materially false and misleading statements concerning Merrill's exposure to collateralized debt obligations ("CDOs") containing subprime mortgage debt and their failure to inform the market of the true extent of Merrill's exposure to losses arising from its investments in CDOs due to the deteriorating subprime mortgage market that caused the Company's portfolio to be impaired. This action is brought on behalf of all persons and entities who purchased or otherwise acquired the securities of Merrill between October 17, 2006, and November 7, 2007, inclusive (the "Class Period"). Defendants' misstatements, which appeared in, among other places, the Company's SEC filings and press releases during the Class Period, artificially inflated the price of Merrill securities and caused substantial damages to the Class upon disclosure of the truth in the fall of 2007.

On October 30, 2007, a complaint was filed in this Action in the U.S. District Court for the Southern District of New York, asserting claims under the Exchange Act.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

A broad body of case law in the Second Circuit establishes that four key factors should guide the Court's determination of the "largest financial interest": (1) the number of shares of the subject securities purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by the movant to acquire those securities; and (4) the approximate losses suffered by the movant. *See, e.g., Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).[1]

Frankfurt Trust purchased 97,800 shares of Merrill securities and sold 22,800 during the Class Period (making net purchases of 75,000 shares), expended $5,805,440 in net funds to acquire those securities, and suffered losses of $1,603,940 on either a last-in, first-out ("LIFO") basis or a first-in, first-out ("FIFO") basis. To the best of its knowledge, Frankfurt Trust's losses represent the largest known financial interest of any class member seeking to be appointed as lead plaintiff. Frankfurt Trust is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, Frankfurt Trust satisfies each of the requirements of the PSLRA and Rule 23 of the

---

[1] *In re Olsten Corp.* is one of the earliest, and most cited, cases setting forth these four factors, which are commonly referred to as "*Olsten* factors."

2

Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action. Thus, as demonstrated herein, Frankfurt Trust is the presumptive "most adequate plaintiff" and should be appointed lead plaintiff.

## STATEMENT OF FACTS

Merrill is a holding company that provides investment financing, insurance and related services to individuals and institutions globally through its broker, dealer, banking, insurance, and other financial services subsidiaries. Merrill's principal offices are in this District, and it maintains offices in 38 countries and territories. Its securities trade on the New York Stock Exchange under the ticker symbol MER.

During the Class Period, Merrill invested heavily in CDOs, which are securitized interests in pools of assets. While CDOs were generating higher yields in the short term, they would be devastating to the Company as the real estate market continued to soften in 2007 and the risky loans led to losses. In the summer of 2007, as a credit crisis hit the banking world, Defendants continued to conceal Merrill's large exposure to these problematic investments and even touted that the Company was better positioned to withstand the crisis due to its "proactive aggressive risk management". While Merrill's stock declined with that of other banks in late July 2007, it continued to be artificially inflated due to Defendants' false statements.

In early October 2007, Merrill acknowledged that it would have to take a $5 billion charge for mortgage and credit problems in the third quarter of 2007. Then, on October 24, 2007, before the market opened, Merrill issued a press release announcing that the third quarter charge would be $8 billion instead of $5 billion. On this news, Merrill's stock dropped from $67.12 per share to as low as $61.40 per share, closing at $63.22 per share on volume of 52 million shares.

Subsequently, on October 25, 2007, Standard & Poor's reduced Merrill's credit rating to negative after the brokerage reported the largest quarterly loss in its 93-year history, causing Merrill's stock to fall to $60.90 per share. On November 2, 2007, *The Wall Street Journal* reported that the SEC initiated an informal investigation into whether Merrill violated federal securities laws when it disclosed only a $5 billion charge rather than the $8 billion charge in early October. Merrill's stock sustained further losses on this revelation, dropping from $62.19 to $57.28 on November 2.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990)

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Johnson*, 899 F.2d at 1285; *Aronson*, 79 F. Supp. 2d at 1150. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each

4

names the Company and the same individuals as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II.     FRANKFURT TRUST SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff which filed the complaint in this Action published a notice on *Business Wire* on October 30, 2007. See Ellman Decl. Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than December 31, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-

5

> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B. **Frankfurt Trust is the "Most Adequate Plaintiff"**

#### 1. **Frankfurt Trust Has Made a Motion for Appointment as Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Frankfurt Trust timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2. **Frankfurt Trust Has the Largest Financial Interest**

As noted above, the analysis central to appointing lead plaintiff focuses on a four-part test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See Montoya v. Mamma.com Inc.*, 2005 WL 1278097, at *1. "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999)

Based upon these factors, Frankfurt Trust believes it has the largest financial interest in this litigation.

6

**Net Shares Purchased**:  Net shares purchased equals the number of shares purchased less the number of shares sold during the class period.  Frankfurt Trust is a net purchaser of Merrill shares because it bought 97,800 shares during the Class Period and sold 22,800 (for a total of 75,000 net shares purchased).  *See* Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Net Funds Expended**:  The net funds expended on the subject securities during the class period equals the difference between the total funds spent to purchase those securities and the funds received from sales of those securities.  Frankfurt Trust expended $5,805,440 in net funds to purchase Merrill stock during the Class Period.  *See* Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Approximate Losses:**  In determining a movant's approximate losses, courts have employed either the LIFO or FIFO method.  Frankfurt Trust suffered total losses of $1,603,940 when calculated using either method.  *See* Certification and Loss Analysis, Ellman Decl. Ex. A and B.

In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Frankfurt Trust believes to have the largest financial interest and should be appointed lead plaintiff in this Action.

### 3.  **Frankfurt Trust Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczesny Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, Frankfurt Trust satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (a)     Frankfurt Trust Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

Frankfurt Trust seeks to represent a class of purchasers of Merrill securities which have identical, non-competing and non-conflicting interests. Frankfurt Trust satisfies the typicality requirement because it: (1) purchased or acquired Merrill securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, Frankfurt Trust's claims

8

are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### (b) Frankfurt Trust Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004) (Sweet, J.). Frankfurt Trust's interests in this Action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, its selected lead counsel, has decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that Frankfurt Trust and its selected counsel will more than adequately protect the interests of absent class members.

### 4. Frankfurt Trust is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the preliminary requirements of Rule 23, Frankfurt Trust is precisely the type of large, sophisticated institutional investor – the prototypical lead plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Indeed, Frankfurt Trust is a sophisticated institutional investor with vast resources to adequately litigate this action

9

and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same). Frankfurt Trust has submitted its sworn certification demonstrating its desire to serve as lead plaintiff in this Action and its understanding of the attendant duties of serving as such. *See* Ellman Decl. Ex. A. Thus, as demonstrated above, Frankfurt Trust is the prototypical lead plaintiff under the PSLRA.

### III.    THE COURT SHOULD APPROVE FRANKFURT TRUST'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20. Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Labaton Sucharow is also currently serving as co-lead counsel in the securities class action against HealthSouth, which to date has recovered $445 million for investors and is still pending against additional defendants. In addition, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., St. Paul Travelers Corp., Amgen Inc., Countrywide Financial Corp., and others. Labaton Sucharow

10

successfully tried to verdict the *In re Real Estate Associates Limited Partnership Litigation* in the United States District Court for the Central District of California in 2002. The six-week jury trial resulted in a landmark $184 million plaintiffs' verdict, which was the first securities class action to be tried to a successful jury verdict in the United States since the enactment of the PSLRA, and remains one of the largest. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that Frankfurt Trust or its counsel will not fairly and adequately represent the Class, or that Frankfurt Trust is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint Frankfurt Trust as lead plaintiff and approve its selection of Labaton Sucharow LLP to serve as Lead Counsel for the Class.

## **CONCLUSION**

For the foregoing reasons, the Frankfurt Trust respectfully requests that the Court: (A) consolidate the related actions; (B) appoint Frankfurt Trust as lead plaintiff; and (C) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: December 31, 2007                                  Respectfully submitted,

**LABATON SUCHAROW LLP**

By: ___*/s/ Christopher J. Keller*___
Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:   (212) 907-0700
Facsimile:     (212) 818-0477

*Attorneys for Frankfurt-Trust Investment-Gesellschaft mbH and Proposed Lead Counsel for the Class*