FILED

OCT 20 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:

PATRIOT AMERICAN HOSPITALITY SECURITIES LITIGATION,

**Master File No MDL-1300**

This Document Relates To:

All Cases

ORDER NO 1

(Consolidating Cases and Setting Further Conference)

The cases listed on Attachment A are before the undersigned for coordinated pretrial proceedings pursuant to a transfer order by the Judicial Panel on Multidistrict Litigation, 28 USC § 1407.

1. **Pretrial Consolidation.** The cases listed on Attachment A are, until further order, consolidated for pretrial purposes. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

**(a) Master Docket and File.** The clerk will maintain a master docket and case file under the style "IN RE PATRIOT AMERICAN HOSPITALITY SECURITIES LITIGATION," master file number MDL 1300. All orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

**(b) Captions; Separate Filing.** Orders, pleadings, motions and other documents will bear a caption similar to that of this Order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "All Actions" and be filed and docketed only in the master file. Documents intended to apply only to "Merger Actions" or "Open Market Actions" will indicate in their caption the case number of the case(s) to which they apply, and extra copies shall be provided to the clerk to facilitate filing and docketing both in the master case file and the specified individual case files. All pleadings shall designate either "Merger Actions" or "Open Market Actions."

**(c) Discovery Requests and Responses.** Pursuant to FRCP 5(d), discovery requests and responses will not be filed with the court except when specifically ordered by the court or to the extent offered in connection with a motion.

**2. Status Conference.** All parties shall appear for a further conference with the undersigned on Thursday, December 14, 2000, at 3:30 pm.

**(a) Attendance.** To minimize costs and facilitate a manageable conference, parties are not required to attend the

conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue or service.

3. **Purposes; Agenda.** The conference will be held for the purposes specified in FRCP 16(a), 16(b), 16(c) and 26(f), and subject to the sanctions prescribed in Rule 16(f). The items listed in Manual for Complex Litigation, Third, sections 21.21 and 40.1 shall, to the extent applicable, constitute a tentative agenda. Counsel are encouraged to advise the court as soon as possible of any items that should be added to the agenda.

4. **Preparations for Conference.**

(a) **Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Third, and be prepared at the conference to suggest procedures that will facilitate the just, speedy and inexpensive resolution of this litigation.

(b) **Conference of Counsel.** Before the conference, counsel shall confer and seek consensus to the extent possible with respect to items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions and trial.

**(c) Status Reports.** Counsel will submit to the court by December 8, 2000, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses and may not be offered in evidence against a party in later proceedings.

**(d) List of Affiliated Companies and Counsel.** To assist the court in identifying any problems of recusal or disqualification, counsel's statement will list all companies affiliated with the parties and all counsel associated in the litigation.

**(e) List of Pending Motions.** Counsel's statement shall list all pending motions.

**(f) List of Related Cases.** Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.

**5. Interim Measures.** Until otherwise ordered by the court:

**(a) Admission of Counsel.** Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation. Association of local cocounsel is not required.

**(b) Motions.** Motions directed at the pleadings shall be noticed for hearing on December 14, 2000, at 2:00 pm.

**(c) Pending and New Discovery.** Pending the conference, all outstanding disclosure and discovery proceedings

are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, responding to an outstanding discovery request under Rule 33, 34 or 36 or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34 or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

**(d) Preservation of Records.** Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the court's permission to conduct the test. Subject to further order of the court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the court.

**6. Later Filed Cases.** This order shall also apply to related cases later filed in, removed to or transferred to this court.

**7. Local Rules; Standing Orders.** Unless otherwise specified in this or subsequent orders, in addition to the Federal Rules of Civil Procedure, the Local Rules of this district and Standing Orders of this court shall govern this litigation.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Judge

ATTACHMENT A

| | |
|---|---|
| DORIS JOHNSON v PATRIOT AMERICAN HOSPITALITY | C 99-2153 VRW |
| IRENE ANSELL v PATRIOT AMERICAN HOSPITALITY | C 99-2239 VRW |
| GREG GUNDERSON v PATRIOT AMERICAN HOSPITALITY | C 99-3040 VRW |
| CONSTANTINE SOLA v PAINE WEBBER GROUP, INC. | C 99-3966 VRW |
| DEBORAH SZEKELY v PATRIOT AMERICAN HOSPITALITY | C 00-0875 VRW |
| PETER SUSNOW v PATRIOT AMERICAN HOSPITALITY | C 00-0947 VRW |
| PETER LEVITCH v PATRIOT AMERICAN HOSPITALITY | C 00-0948 VRW |
| DOROTHY GALLAGHER v PATRIOT AMERICAN HOSPITALITY | C 00-0949 VRW |
| DAVID MEISENBERG v PATRIOT AMERICAN HOSPITALITY | C 00-1478 VRW |

CERTIFICATE OF SERVICE

In re Patriot American Hospitality Securities Litigation. MDL 1300 (VRW)

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2000, I served a true and correct copy(ies) of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy(ies) into an inter-office delivery receptacle located in the office of the Clerk.

Joseph Cotchett
Bruce Simon
Marie Weiner
Mark Molumphy
**COTCHETT, PITRE & SIMON**
San Francisco Airport Office Centre
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Allan Steyer

George Corey
Jeffrey Manos
Dario de Ghetaldi
**COREY, LUZAICH, MANOS & PLISKA**
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669

Allan Steyer
Jeffrey Lowenthal
**STEYER, LOWENTHAL, BOODROOKAS & WALKER**
One California Street, Suite 2200
San Francisco, CA 94111

James McManis
Colleen Duffy Smith
**McMANIS, FAULKNER & MORGAN**
160 West Santa Clara Street, 10th Floor
San Jose, CA 95113

Kimberley Epstein
**MILBERG WEISS BERSHAD HYNES & LERACH**
100 Pine Street, Suite 2600
San Francisco, CA 94111

CERTIFICATE OF SERVICE (continued)

In re Patriot American Hospitality Securities Litigation. / MDL 1300 (VRW)

William Lerach
Travis Downs, III
Darren Robbins
**MILBERG WEISS BERSHAD HYNES & LERACH**
600 West Broadway, Suite 1800
San Diego, California 92101

Stevel Shulman
Samuel Rudman
**MILBERG WEISS BERSHAD HYNES & LERACH**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119

Marc Stanley
Roger Mandel
**STANLEY, MANDEL & IOLA**
3100 Monticello Avenue, Suite 750
Dallas, TX 75205

Howard Finkelstein
Jeffrey Krinsk
Arthur Shingler
**FINKELSTEIN & KRINSK**
501 West Broadway, Suite 1250
San Diego, California 92101

Alfred G. Yates, Jr.
**LAW OFFICES OF ALFRED G. YATES**
Allegheny Building
429 Forbes Avenue, Suite 519
Pittsburgh, PA 15219

Alfred Barroway
**SCHIFFRIN & CRAIG**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Thomas Melsheiner
M. Brett Johnson
**LYNN STODGHILL MELSHEIMER & TILLOTSON**
750 N. St. Paul Street, Suite 1400
Dallas, TX 75201

CERTIFICATE OF SERVICE (continued)

In re Patriot American Hospitality Securities Litigation. / MDL 1300 (VRW)

Joe McBride
Brian Murray
**RABIN & PECKEL**
275 Madison Avenue, 3th Floor
New York, NY 10016

John Spiegel
Marc Dworsky
Jose Sanchez
**MUNGER, TOLLES & OLSON**
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560

Kristin Myles
David Fry
**MUNGER, TOLLES & OLSON**
33 New Montgomery Street, 19th Floor
San Francisco, CA 94105-9781

Steven Pesner
Stephen Baldini
R. Dewit Kirwan
**AKIN, GUMP, STRAUS, HAUER & FIELD**
590 Madison Avenue
New York, NY 10022

Robert Tafoya
**AKIN, GUMP, STRAUS, HAUER & FIELD**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Laurence Weiss
**HELLER EHRMAN WHITE & McAULIFFE**
333 Bush Street
San Francisco, CA 94104-2878

Richard W. Wieking
CLERK, U.S. DISTRICT COURT

by: [signature]
WYNETTE BAILEY
Deputy Clerk