## Berger & Montague, P.C.



**Lawrence Lederer, Shareholder**
llederer@bm.net

Lawrence J. Lederer concentrates in complex commercial litigation. He represents plaintiffs and defendants in class and individual actions, particularly in the securities, bankruptcy and contract areas. In securities litigation, Mr. Lederer participated in several class and individual actions resulting in multi-million dollar recoveries for plaintiff investors, including the celebrated Drexel/Milken/Boesky complex of cases. See, e.g., In re Michael R. Milken and Associates Securities Litigation, MDL Dkt. No. 924, Master File No. M21_62 (MP), 1993 U.S. Dist. LEXIS 14242, 1993 WL 413673 (S.D.N.Y. Oct. 7, 1993) (approving approximately $1.3 billion overall settlement with Michael R. Milken and related persons and entities), aff'd, 995 F.2d 1138 (2d Cir. 1993); Presidential Life Insurance Co. v. Milken, et al., 946 F. Supp. 267 (S.D.N.Y. 1996) ($50 million settlement in novel "global" class action of all previously unasserted claims against some 500 defendants); In re Ivan F. Boesky Securities Litigation, 948 F.2d 1358 (2d Cir. 1991) (affirming district court approval of "first tier" settlements totaling approximately $29 million against Ivan F. Boesky and others; related "second tier" class, derivative and other settlements subsequently approved totaling in excess of $200 million).

More recently, Mr. Lederer was lead counsel for a group of private shareholders who sold their companies to a large publicly-held corporation in exchange for $103.5 million in stock. Kelly v. McKesson HBOC, Inc., C.A. No. 99C-09-265 WCC, 2002 Del. Super. LEXIS 39 (Del. Super. Jan 17, 2002). Following extensive discovery, that case was settled on the eve of trial yielding a significant cash recovery for the plaintiff shareholders. Mr. Lederer also has experience representing large public and private institutional and other investors in "opt out" securities cases. For example, he was one of the primary attorneys for four Commonwealth of Pennsylvania public funds which, in June 2006, obtained a $23 million recovery in litigation arising out of the AOL-Time Warner merger. See Commonwealth of Pennsylvania Public School Employees' Retirement System, et al. v. Time Warner Inc., et al., Case No. 002103, July Term, 2003 (Pa. Common Pleas Ct.-Phila. Cty.). He also was one of the primary attorneys for the plaintiffs in the securities litigation captioned Miller, et al. v. Waste Management Inc., et al., C.A. No. 00C-06-257 RRC (Del. Super. Ct.).

Mr. Lederer has also represented investors in cases arising under the federal securities

laws which have resulted in important judicial decisions regarding jurisdiction and procedure. See, e.g., Ginsburg v. Faragalli, 776 F. Supp. 806 (S.D.N.Y. 1991) (holding that a federal court's jurisdiction over a defendant encompasses the boundaries of the United States under the nationwide service of process provisions of the Securities Exchange Act of 1934, 15 U.S.C. 78aa). Mr. Lederer also has significant experience defending securities cases. For example, he is one of the Berger firm's principal attorneys defending a public company against securities fraud class action litigation. See In re DRDGold Ltd. Securities Litigation, 05 Civ. 5542 (VM), 2007 U.S. Dist. LEXIS 7180 (S.D.N.Y. Jan. 31, 2007) (dismissing securities class action lawsuit). He also assisted in representing an individual charged with "insider trading" through a criminal jury trial in federal court, and in parallel civil proceedings brought by the SEC. United States v. Pileggi, No. 97_CR_612_2, 1998 U.S. Dist. LEXIS 8068 (E.D. Pa. June 3, 1998), aff'd, No. 98-1811, 1999 U.S. App. LEXIS 18592 (3d Cir. July 22, 1999).

In bankruptcy litigation, Mr. Lederer helped obtain hundreds of millions of dollars for investors in the complex Chapter 11 proceedings involving the former investment banking and brokerage firm Drexel Burnham Lambert, including through appeals before the United States Court of Appeals for the Second Circuit and the United States Supreme Court. See, e.g., In re The Drexel Burnham Lambert Group, Inc., 130 B.R. 910 (Bankr. & S.D.N.Y. Aug. 20, 1991), aff'd, 960 F.2d 285 (2d Cir. 1992), cert. denied, 506 U.S. 1088 (1993). Mr. Lederer also served as co-lead counsel in securities class action litigation arising out of the bankruptcy of a physician practice management firm, BMJ Medical Management. See Sapir, et al. v. Delphi Ventures, et al., 99-8086-Civ.-Jordan (S.D. Fla.). Following extensive bankruptcy and related proceedings, that litigation was settled for $3.8 million, with proceeds distributed to investors in the summer of 2002.

Mr. Lederer graduated from Georgetown University Law Center (LL.M. 1988); Western New England College School of Law (J.D. 1987), where he was a member of Western New England Law Review; and the University of Pittsburgh, where he was managing editor of The Pitt News, and co- captain (1983) and captain (1984) of the men's varsity tennis team (B.A. 1984). Mr. Lederer is admitted to practice law in Pennsylvania, the District of Columbia, and several federal courts. Mr. Lederer was selected by Philadelphia Magazine (link) as one of the City's "Super Lawyers".

## Berger & Montague, P.C.



**Arthur Stock, Shareholder**
astock@bm.net

Arthur Stock is a graduate of Yale University (B.A. with distinction in economics 1984) and the Duke University School of Law (J.D. with high honors 1990), where he served as Articles Editor of the Duke Law Journal. He is the co-author with Sherrie R. Savett of "What to Plead and How to Plead the Defendant's State of Mind in a Federal Securities Class Action: The Plaintiff's Perspective," Practicing Law Institute, 30th Annual Institute of Securities Regulation, Vol. 2, p. 807 (1998) and author of "Justice Scalia's Use of Sources in Statutory and Constitutional Interpretation: How Congress Always Loses," 1990 Duke L.J. 160. He has also written political commentary for Slate.com magazine. From 1990 to 1991, he served as a law clerk to the Honorable Jackson L. Kiser, United States District Court for the Western District of Virginia.

Since joining Berger & Montague in 1991, Mr. Stock has concentrated 90% or more of his practice in securities litigation. He has litigated numerous significant cases vindicating the rights of investors, including: Blasband v. Rales, 979 F.2d 324, 971 F.2d 1034 (3d Cir. 1992), and 634 A.2d 927 (Del.1993); In re Livent, Inc. Secur. Litig., 78 F. Supp. 2d 194 (S.D.N.Y. 1999); In re Synergen, Inc. Secur. Litig., 863 F. Supp. 1409 (D. Colo. 1994); J/H Real Estate Inc. v. Abramson, 901 F. Supp. 952 (E.D. Pa 1995); In re U.S. Bioscience Secur. Litig., 155 F.R.D. 116 (E.D. Pa. 1994), 150 F.R.D. 80 (E.D. Pa. 1993) and 806 F. Supp. 1197 (E.D. Pa. 1992).  Mr. Stock is admitted to practice law in Pennsylvania.




**Lane L. Vines, Associate**
lvines@bm.net

Lane L. Vines is a graduate of the University of Wisconsin-Madison (B.B.A.-Accounting, Graduated with Distinction, 1988) and Villanova University School of Law (J.D. 1997). During law school, Mr. Vines was a member of the Villanova Law Review and served as a Managing Editor of Outside Works. Prior to joining the Berger firm, Mr. Vines was a law clerk for the Honorable James R. Melinson, Chief U.S. Magistrate Judge for the Eastern District of Pennsylvania. He is admitted to practice in Pennsylvania and New Jersey, as well as several federal courts including the Supreme Court of the United States. He is a member of the Villanova Law J. Williard O'Brien American Inn of Court. Mr. Vines joined the Berger firm in 1999 and concentrates his practice in the area of securities and complex commercial litigation.

# Tab 2

# **JUDICIAL PRAISE FOR BERGER & MONTAGUE ATTORNEYS**

Berger & Montague's record of successful prosecution of class-actions and other complex litigation has been recognized and commended by judges and arbitrators across the country. Some remarks on the skill, efficiency, and expertise of the firm's attorneys are excerpted below.

## ***Securities Litigation***

From **Judge Stewart Dalzell**, of the U.S. District Court for the Eastern District of Pennsylvania:

> "As to 'the skill and efficiency of the attorneys involved,' we can only echo what we said about some of the same lawyers in *U.S. Bioscience*. The results here are outstanding in a litigation that was far ahead of public agencies like the Securities and Exchange Commission and the United States Department of Justice. . . . At the same time, these attorneys have, through the division of their labors, represented the class most efficiently[.]"

> Praising the work of Berger & Montague attorneys, including Sherrie R. Savett, in achieving settlements of over $190 million in *In re Rite Aid Inc. Securities Litigation*, 146 F. Supp.2d 706 (E.D. Pa. June 8, 2001).

From **Judge Marvin Katz**, of the U.S. District Court for the Eastern District of Pennsylvania:

> "Class counsel did a remarkable job in representing the class interests."

> Commenting on the work of Berger & Montague attorneys Merrill G. Davidoff, Todd S. Collins, Jacob A. Goldberg, and Douglas M. Risen, on the partial settlement for $111 million approved May, 2000, *In Re: IKON Offices Solutions Securities Litigation*, Civil Action No. 98-4286 (E.D. Pa. 2000).

From Judge **Wayne R. Andersen**, of the U.S. District Court for the Northern District of Illinois:

> "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases...in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here ... I would say this has been the best representation that I have seen."

> Praising the work of Sherrie R. Savett and Carole A. Broderick, in *In Re: Waste Management, Inc. Securities Litigation*, Civil Action No. 97-C 7709 (N.D. Ill. 1999).

1

From **Judge Clarence C. Newcomer**, of the U.S. District Court for the Eastern District of Pennsylvania:

> "...[C]ounsel has conducted this litigation with skill, professionalism and extraordinary efficiency."
>
> Praising the work of Sherrie R. Savett and Arthur Stock, *In Re: Unisys Corporation Securities Litigation*, Civil Action No. 99-5333 (E.D. Pa. 1999).

From **Judge Helen J. Frye,** United States District Judge for the United States District Court for the District of Oregon, in *In Re Melridge, Inc. Securities Litigation,* No. CV 87-1426-FR:

> In order to bring about this result [partial settlements then totaling $54.25 million], Class Counsel were required to devote an unusual amount of time and effort over more than eight years of intense legal litigation which included a four-month long jury trial and full briefing and argument of an appeal before the Ninth Circuit Court of Appeals, and which produced one of the most voluminous case files in the history of this District.
>
> \* \* \*
>
> Throughout the course of their representation, the attorneys at Berger & Montague and Stoll, Stoll, Berne, Lokting & Shlachter who have worked on this case have exhibited an unusual degree of skill and diligence, and have had to contend with opposing counsel who also displayed unusual skill and diligence.
>
> Commenting, *inter alia*, on lead counsel, lead trial counsel and lead appellate counsel Merrill Davidoff in awarding fees on April 15, 1996.

From **Judge Stewart Dalzell**, of the U.S. District Court for the Eastern District of Pennsylvania:

> "The quality of lawyering on both sides, but I am going to stress now on the plaintiffs' side, simply has not been exceeded in any case, and we have had some marvelous counsel appear before us and make superb arguments, but they really don't come any better than Mrs. Savett . . . , and the arguments we had on the motion to dismiss [Mrs. Savett argued the motion], both sides were fabulous, but plaintiffs' counsel were as good as they come."
>
> Commenting on the settlement of a securities case litigated by Sherrie R. Savett and Carole A. Broderick, *In re U.S. Bioscience Securities Litigation*, Civil Action No. 92-0678, (E.D. Pa. 1994).

2

From **Judge Joseph F. Anderson, Jr.**, of the U.S. District Court for the District of South Carolina:

> "I don't have a problem at all approving the settlement. In light of what you've said today and your submission to the Court and I am familiar with the case ... it was a sharply litigated case, with good lawyers on both sides and I think it's an ideal case for settlement. It's the largest settlement I've been called upon to approve in my eight years as a judge."
>
> Praising the work of Sherrie R. Savett in achieving a $32 million settlement in *In Re: Policy Management Systems Corporation,* Civil Action No. 3:93-0807-17 (D.S.C. 1993).

From **Judge William K. Thomas,** Senior District Judge for the United States District Court for the Northern District of Ohio:

In the proceedings it has presided over, this court has become directly familiar with the specialized, highly competent, and effective quality of the legal services performed by Merrill G. Davidoff and Martin I. Twersky, Esq. of Berger & Montague...

\* \* \*

> ... Examination of the experience-studded biographies of the attorneys primarily involved in this litigation and review of their pioneering prosecution of many class actions in antitrust, securities, toxic tort matters and some defense representation in antitrust and other litigation, this court has no difficulty in approving and adopting the hourly rates fixed by Judge Aldrich.
>
> Commenting *In re Revco Securities Litigation*, Case No. 1:89CV0593, Order (N.D. Oh. September 14, 1993).

From **Judge Harry R. McCue**, of the U.S. District Court for the Southern District of California:

> "There can be no doubt that the public good was fully served by the attorneys for the plaintiffs in this case, because they invested their own time, their own money, they invested their special skills and knowledge to vindicate the rights and interests of the thousands of investors who invested their money and placed their trust in the integrity of the securities market. . . . I conclude that the achievement of plaintiffs' counsel under any of those tests was superior."
>
> Concerning the work of Berger & Montague in achieving a $33 million settlement in *In re Oak Securities Litigation*, 1986 U.S. Dist. LEXIS 20942 (S.D. Cal. 1986).

3

From **Judge John F. Keenan**, of the U.S. District Court for the Southern District of New York:

> "The quality of work of plaintiffs' counsel on this case is also demonstrated by the efficient manner of prosecution. . . . At the settlement hearing, defense counsel conceded that plaintiffs' counsel constitute the 'cream of the plaintiffs' bar.' The court cannot find fault with that characterization."

Regarding the work of Sherrie R. Savett and Stephen A. Whinston, *In re Warner Communications Securities Litigation*, 618 F. Supp. 735 (S.D.N.Y. 1985).

### *Antitrust Litigation*

From **Judge Charles P. Kocoras**, of the U.S. District Court for the Northern District of Illinois:

> "The stakes were high here, with the result that most matters of consequence were contested. There were numerous trips to the courthouse, and the path to the trial court and the Court of Appeals frequently traveled. The efforts of counsel for the class has [sic] produced a substantial recovery, and it is represented that the cash settlement alone is the second largest in the history of class action litigation. . . . There is no question that the results achieved by class counsel were extraordinary[.]"

Regarding the work of Berger & Montague shareholders H. Laddie Montague and Peter R. Kahana, among others, in achieving a more than $700 million settlement with some of the defendants in *In Re Brand Name Prescription Drugs Antitrust Litigation*, 2000 U.S. Dist. LEXIS 1734, *5-6 (N.D. Ill. February 9, 2000).

From **Judge Peter J. Messitte**, of the U.S. District Court for the District of Maryland:

> .... although we will visit this again at the time of attorneys' fees, the counsel have been of the highest ability, frankly on both sides, which seems to me to mean not only does one reward able plaintiffs' counsel but they get rewarded because they deal with able defense counsel, more so.
>
> \* \* \*
>
> Obviously, high skill was required to perform the services here, and I'll revisit the issue of experience and ability in a moment, but this was not the kind of case that an average lawyer without special skill in the class action anti-trust field, it seems to me, could handle.
>
> \* \* \*

"The experience and ability of the attorneys I have mentioned earlier, in my view in reviewing the documents, which I have no reason to doubt, the plaintiffs' counsel are at the top of the profession in this regard and certainly have used their expertise to craft an extremely favorable settlement for their clients, and to that extent they deserve to be rewarded."

Concerning lead counsel, Merrill G. Davidoff, as stated in a Settlement Approval Hearing, Oct. 28, 1994. *Spawd, Inc. and General Generics v. Bolar Pharmaceutical Co., Inc.*, CA No. PJM-92-3624.

From **Judge Donald W. Van Artsdalen**, of the U.S. District Court for the Eastern District of Pennsylvania:

"As to the quality of the work performed, although that would normally be reflected in the not immodest hourly rates of all attorneys, for which one would expect to obtain excellent quality work at all times, the results of the settlements speak for themselves. Despite the extreme uncertainties of trial, plaintiffs' counsel were able to negotiate a cash settlement of a not insubstantial sum, and in addition, by way of equitable relief, substantial concessions by the defendants which, subject to various condition, will afford the right, at least, to lessee-dealers to obtain gasoline supply product from major oil companies and suppliers other than from their respective lessors. The additional benefits obtained for the classes by way of equitable relief would, in and of itself, justify some upward adjustment of the lodestar figure."

Commending the skills of firm chairman David Berger, H. Laddie Montague, Jr., Merrill G. Davidoff, Martin Twersky and other Berger & Montague attorneys, in *Bogosian v. Gulf Oil Corp*, 621 F. Supp. 27 (E.D. Pa. 1985).

From **Judge Krupansky**, who had been elevated to the Sixth Circuit Court of Appeals:

> Finally, the court unhesitatingly concludes that the quality of the representation rendered by counsel was uniformly high. The attorneys involved in this litigation are extremely experienced and skilled in their prosecution of antitrust litigation and other complex actions. Their services have been rendered in an efficient and expeditious manner, but have nevertheless been productive of highly favorable result.

Where the firm and Merrill Davidoff were co-lead counsel in *In re Art Materials Antitrust Litigation,* 1984 CCH Trade Cases ¶65,815 (N.D. Ohio 1983).

From **Judge Joseph Blumenfeld**, of the U.S. District Court of Connecticut:

5

From **Judge Joseph Blumenfeld**, of the U.S. District Court of Connecticut:

> "The work of the Berger firm showed a high degree of efficiency and imagination, particularly in the maintenance and management of the national class actions."

Referencing the leadership of managing partner H. Laddie Montague, co-lead counsel, in *In re Master Key Antitrust Litigation*, 1977 U.S. Dist LEXIS 12948 (Nov. 4, 1977).

### *Civil/Human Rights Cases*

From **Deputy Treasury Secretary Stuart E. Eizenstat**:

> "We must be frank. It was the American lawyers, through the lawsuits they brought in U.S. courts, who placed the long-forgotten wrongs by German companies during the Nazi era on the international agenda. It was their research and their work which highlighted these old injustices and forced us to confront them. Without question, we would not be here without them. . . . For this dedication and commitment to the victims, we should always be grateful to these lawyers."

In his remarks at the July 17, 2000, signing ceremony for the international agreements which established the German Foundation to act as a funding vehicle for the payment of claims to Holocaust survivors.

### *Customer/Broker Arbitrations*

**From Robert E. Conner**, Public Arbitrator with the National Association of Securities Dealers, Inc.:

> ". . . [H]aving participated over the last 17 years in 400 arbitrations and trials in various settings, . . . the professionalism and the detail and generally the civility of everyone involved has been not just a cause for commentary at the end of these proceedings but between ourselves [the arbitration panel] during the course of them, and . . . the detail and the intellectual rigor that went into the documents was fully reflective of the effort that was made in general. I wanted to make that known to everyone and to express my particular respect and admiration."

About the efforts of Berger & Montague partners Merrill G. Davidoff and Eric L. Cramer, who achieved a $1.1 million award for their client, in *Steinman v. LMP Hedge Fund, et al.*, NASD Case No. 98-04152, at Closing Argument, June 13, 2000. The award was in the full amount sought in the proceeding.

<u>*Miscellaneous*</u>

**From Stephen M. Feiler, Ph.D.,** Director of Judicial Education, Supreme Court of Pennsylvania, Administrative Office of Pennsylvania Courts, Mechanicsburg, PA *on behalf of the Common Pleas Court Judges (trial judges) of Pennsylvania*:

> "On behalf of the Supreme Court of Pennsylvania and AOPC's Judicial Education Department, thank you for your extraordinary commitment to the *Dealing with Complexities in Civil Litigation* symposia. We appreciate the considerable time you spent preparing and delivering this important course across the state. It is no surprise to me that the judges rated this among the best programs they have attended in recent years."

About the efforts of Berger & Montague attorneys Merrill G. Davidoff, Peter Nordberg and David Sorensen in planning and presenting a CLE to trial judges in the Commonwealth of Pennsylvania.