UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> -against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, JEFFREY N. EDWARDS, LAWRENCE A. TOSI, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, and CHARLES O. ROSSOTTI,<br><br>      Defendants. | Civil Action No.  07 Civ. 11626 (LBS) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF JAMES CONN'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF FOR THE FIRST REPUBLIC MERGER
CLASS AND IN OPPOSITION TO OPPOSING MOTIONS FOR LEAD PLAINTIFF**

Stanley M. Grossman
Marc I. Gross
Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**Attorneys for Plaintiff James Conn**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.     JAMES CONN SHOULD BE APPOINTED
          LEAD PLAINTIFF FOR THE MERGER CLASS . . . . . . . . . . . . . . . . . . . . . . . . 4

         A.     Rule 23 Requires That There Be A Separate Merger Class . . . . . . . . . . . 4

              1.     The Claims of Each Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              2.     The Issues of Each Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

         B.     The PSLRA Requires Appointment Of Lead
              Plaintiff And Counsel For Each Purported Class . . . . . . . . . . . . . . . . . . . 9

         C.     Conn has the Largest Financial Interest in the First Republic Action . . . . 9

         D.     Conn Otherwise Satisfies The Requirements Of Rule 23 . . . . . . . . . . . . 11

    II.    THE MERGER ACTION SHOULD NOT BE CONSOLIDATED
          FOR ALL PURPOSES WITH THE OPEN MARKET ACTIONS . . . . . . . . . . . 12

    III.   CONN'S SELECTION OF COUNSEL SHOULD BE APPROVED . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                    **Page**

*In re: Brooklyn Navy Yard Asbestos Litig.*,
    971 F.2d 831 (2d Cir. 1992) .................................................. 12

*In re Comverse Technology, Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .......................... 10

*Dura Pharmaceuticals, Inc. v. Broudo*,
    544 U.S. 336 (2005) ........................................................... 3

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ................................................ 10

*Hill v. The Tribune Company*,
    2005 U.S. Dist. LEXIS 2391 (N.D. Ill. Oct. 13, 2005) ......................... 10

*Hunt v. Enzo Biochem, Inc.*,
    2008 U.S. Dist. LEXIS 1472 (Jan. 8, 2008) .................................... 10

*In Re: Initial Public Offering Secs. Litig.*,
    483 F.3d 70 (2d Cir. 2007) .................................................... 4

*Johnson v. Celotex Corp.*,
    899 F2d 1281 (2d Cir. 1990) .................................................. 12

*Kranz v. National Gypsum Co.*,
    955 F.2d 346 (2d Cir. 1993) .................................................. 12

*Nanopierce Technologies, Inc. v. Southridge Capital Mgmt. LLC*,
    2003 U.S. Dist. LEXIS 21854 (S.D.N.Y. Dec. 4, 2003) .......................... 13

*In re Repetitive Stress Injury Litig.*,
    11 F.3d 368 (2d Cir. 1993) ................................................... 13

*Rombach  v. Chang*,
    355 F.3d 164 (2d Cir. 2004) ............................................... 4, 13

*SEC v. Commonwealth Chemical Securities, Inc.*,
    1976 U.S. Dist. LEXIS 12998 (S.D.N.Y. 1976) .................................. 10

*StoneRidge Investment Partners, LLC v. Scientific-Atlanta, Inc.*,
      2008 U.S. LEXIS 1091 (U.S. Jan. 15, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
      127 S. Ct. 2499 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Wachtel v. Guardian Life Ins. Co. Of America*,
      453 F3d 179 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Docketed Cases**

*Conn v. Merrill Lynch & Co., Inc.*,
      Civil Action No. 07 Civ. 11626 (LBS) (S.D.N.Y) . . . . . . . . . . . . . . . . . . . . . . . .  5, 6, 7

*Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*,
      Civil Action No. 07 Civ. 9633 (LBS) (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 8

**Federal Rules and Statutes**

Fed. R. Civ. P. 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 23(c)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 23(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 77z-1(a)(3)(A)(i)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 77z-1(a)(3)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 77z-1(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Legislative Materials**

H.R. Conf. Rpt. No. 104-369,
      104th Cong. 1st Sess (Nov. 28, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Plaintiff James Conn ("Conn") submits this memorandum of law in further support his motion to be appointed as Lead Plaintiff for the Class of shareholders of First Republic Bank ("First Republic") who exchanged their First Republic shares for shares of Merrill Lynch & Co., Inc. ("Merrill Lynch") pursuant to a Merger of the two companies which became effective on September 24, 2007 (the "Merger Class"). As stated in Conn's moving papers, the Merger Class pursues claims only under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## PRELIMINARY STATEMENT

The only other motion for appointment of Lead Plaintiff is the State Teachers' Retirement System of Ohio ("Ohio STRS").[1] Ohio STRS seeks appointment of a broader Class of Merrill Lynch shareholders who purchased Merrill Lynch shares during a class period of October 17, 2006, and November 7, 2007.[2] At the start of its class period, Ohio STRS held 2,142,400 shares of Merrill Lynch common stock worth in excess of $182 million, and during its class period purchased an additional 1,159,488 shares on the open market at a cost of over $90.5 million. The losses claimed for these shares based on Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") are in excess of $25.5 million. *See* Ohio STRS Mem., at 1, 8.

In contrast, Ohio STRS acquired only 788 shares of Merrill Lynch common stock pursuant to First Republic Merger on September 24, 2007, which are the only shares of Ohio

---

[1] Frankfurt-Trust Investment-Gesellschaft mbh withdrew its motion for appointment of lead plaintiff on January 15, 2008. *See Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 9633 (LBS) (Docket Entry # 20) (S.D.N.Y.).

[2] *See* Memorandum of Law in Support of the Motion of the State Teachers' Retirement System of Ohio for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Choice of Co-Lead Counsel ("Ohio STRS Mem."), at 10.

STRS that may support Section 11 and/or 12 claims.  These shares were then sold on October 1, 2007, for a statutory losses of  $1,114 under Section 11 or $1,216 under Section 12.

Quite obviously, Ohio STRS's interests will be recovery of its losses under Section 10(b) on its open market purchases of Merrill Lynch common stock.  Moreover, because of the substantial differences in the parties, the time period, the misstatements at issue, and elements of the Section 10(b) class claims versus those for the Merger Class under Sections 11 and 12, a separate class for each will be necessary.

As was explained in Conn's opening memorandum of law, the threshold for strict liability under the Securities Act for the Merger Class's claims is substantially lower than the "heightened pleading standard" mandated by the PSLRA for the open market purchasers' claims under Section 10(b) of the Exchange Act.  Indeed, whereas the Merger Class need only plead "a short and plain statement" alleging material misstatements or omissions in the Registration Statement or the Proxy/Prospectus, the open market purchasers must:

> (1) "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u-4(b)(1); and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," § 78u-4(b)(2).

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2508 (2007).  Further, to qualify as "strong":

> an inference of scienter must be more than merely plausible or reasonable--it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.

*Id.*, at 2505.  Unlike Securities Act allegations, the analysis the courts are directed to apply to fraud allegations must consider explanations other than the plaintiffs':

> To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff

*Id.*, at 2510. Thus, for fraud allegations, courts must apply a comparative analysis for an action to proceed:

> the inference of scienter must be more than merely "reasonable" or "permissible"--it must be cogent and compelling, thus strong in light of other explanations. A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.

*Id.*

The Merger Class also is not required to establish loss causation, which is a necessary element under Section 10(b). Indeed, the PSLRA "expressly imposes on plaintiffs 'the burden of proving' that the defendant's misrepresentations 'caused the loss for which the plaintiff seeks to recover'" under Section 10(b). *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 345-46 (2005) (citations omitted). Securities fraud complaints can only be sustained "where plaintiffs adequately allege and prove the traditional elements of causation and loss." *Id.*, at 246. Thus, unlike the Merger Class, the open market purchasers must "prove that the defendant's misrepresentation (or other fraudulent conduct) proximately caused the plaintiff's economic loss." *Id.*

The Second Circuit has recognized the differences between fraud claims and Section 11 and 12 claims, and sought to remove any "misunderstanding" by clearly articulating the "general rule" that "an issuer's liability under Section 11 is absolute," and that:

> "Neither Section 11 nor Section 12(a)(2) requires that plaintiffs allege the scienter or reliance elements of a fraud cause of action."

-3-

*In Re: Initial Public Offering Secs. Litig.*, 483 F.3d 70, n.1 (2d Cir. 2007), *citing Rombach v. Chang*, 355 F.3d 164, 169 n.4 (2d Cir. 2004).

Further, Section 11 provides liability against any person who signed the Registration Statement. Liability for third parties under Section 10(b) is far more restrictive. *See StoneRidge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 2008 U.S. LEXIS 1091, at * 22 (U.S. Jan. 15, 2008). Indeed, the Merger Class alleges violations against 10 individual defendants who are proper defendants under Section 11, none of whom are named in the open market purchaser actions.

The substantial differences in the parties, the claims, the pleading standards, and standards of proof evidence that separate representation must be made for the Merger Class and the open market purchasers. James Conn has the largest financial interest in the relief sought by the Merger Class and is the most adequate representative of the Merger Class. Accordingly, Conn should be appointed Lead Plaintiff for the Merger Class and his selection of Lead Counsel approved by the Court.

## ARGUMENT

### I.

### JAMES CONN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE MERGER CLASS

**A.    Rule 23 Requires That There Be A Separate Merger Class**

Under the 2003 amendments to Rule 23, the order certifying a class "must define the class and the class claims, issues or defenses." Fed. R. Civ. P. 23(c)(1)(B). The purpose of the change was so that the district court will focus on the issues to better determine the contours of the class. *See Wachtel v. Guardian Life Ins. Co. Of America*, 453 F3d 179, 186 (3d Cir. 2006).

Focusing on these issues suggests there will ultimately be two classes to be certified.

>Conn seeks representation of a class defined as:
>
>All persons and entities who acquired Merrill Lynch & Co., Inc. ("Merrill Lynch") securities as a result of the exchange of First Republic Bank ("First Republic") securities pursuant to the Registration Statement and Proxy/Prospectus, and who were damaged thereby (the "Merger Class").

*See* Memorandum of Law in Support of James Conn's Motion for Appointment as Lead Plaintiff for the First Republic Merger Class and Approval of Lead Counsel ("Conn Mem."), at 1. Ohio STRS seeks to represent a class defined as:

>those who purchased or otherwise acquired Merrill Lynch securities during the Class Period.[3]

*See* Ohio STRS Mem. at 2, 10. Because the claims, issues and defenses of the Merger Class are wholly distinct from the those of the open market purchasers class, the Court will be required to determine the contours of each separate class.

### 1.    **The Claims of Each Class**

The fundamental claim of the Merger Class is that "the Registration Statement and Proxy/Prospectus were materially false and misleading." *See Conn v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 11626 (LBS), Complaint at ¶ 6 (S.D.N.Y) (the "*Conn* Complaint"). The "questions of law and fact common to the [Merger] Class are whether: (a) defendants violated Sections 11, 12(a)(2), and/or 15 of the Securities Act . . . ; (b) the Registration Statement and Proxy/Prospectus, and documents incorporated by reference therein, contained materially

---

[3] Although the first filed complaint alleged a class period of February 26, 2007 through October 23, 2007, Ohio STRS has adopted "the longest publicly-noticed period" for its motion, *i.e.* October 17, 2006 through November 7, 2007. Ohio STRS Mem. at 3, n.3.

false and misleading statements of fact: (c) the Registration Statement and Proxy/Prospectus, and documents incorporated by reference therein, omitted material facts that were necessary in order to make the statements made not misleading; and (d) the members of the Class have sustained damages and, if so, the appropriate measure thereof." *Conn* Complaint at ¶ 78.

The fundamental claim of the open market purchasers class is that "defendants' fraudulent scheme and course of business operated as a fraud or deceit on purchasers of Merrill common stock." *See Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 9633 (LBS), Complaint at ¶ 22 (Docket Entry # 1) (S.D.N.Y.) (the "*Life Enrichment Foundation* Complaint"). The "questions of law and fact common to the members of the [open market purchasers] Class" are:

> (a) whether the 1934 Act was violated by defendants;
>
> (b) whether defendants omitted and/or misrepresented material facts;
>
> (c) whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
>
> (d) whether defendants knew or deliberately disregarded that their statements were false and misleading;
>
> (e) whether the price of Merrill's common stock was artificially inflated; and
>
> (f) the extent of damages sustained by Class members and the appropriate measure of damages.

*Id.*, at ¶ 54.

As is apparent, the claims of each class are substantially different. This is not surprising given the fundamental difference in the nature of the actions. Even where there is a cursory

similarity, *i.e.*, "appropriate measure of damages," the claims are not the same. The measure of damages under Section 11 and Section 12 is statutorily defined and assumed upon establishment of a material misrepresentation or omission, whereas under Section 10(b) the open market purchasers are required to prove the damages occurred, the methodology for calculating damages, and the amount of damages.

### 2. The Issues of Each Class

The issues common to the Merger Class are:

- The Registration Statement, as originally filed and as amended, and the Proxy/Prospectus were materially false and misleading; contained untrue statements of material facts; omitted to state material facts necessary to make the statement made in the Registration Statement and Proxy/Prospectus, under the circumstances in which they were made, not misleading; and/or failed to adequately disclose material facts"; *id.*, ¶¶ 84, 92, 102; and,

- "Defendant Edwards, in his capacity as an agent and officer of Merrill Lynch, issued false and misleading oral communications in a conference call as a means of soliciting Plaintiff and members of the Class to exchange their securities in First Republic for securities in Merrill Lynch." *Id.*, at ¶ 109.

The definition of the Merger Class is grounded in the two elements of Section 11 and 12(a)(2) claims: misstatements or omissions and materiality, which also define the contours of the issues for the Merger Class.

The issues common to the open market purchasers class, *inter alia*, are:

- "Defendants were . . . motivated by the compensation arrangements of Merrill"; *id.*, at ¶ 23;

- "Merrill's top officers knew it had problems with CDO's in its portfolio;" *id.*, at ¶ 26;

- "The true facts . . . were known by the defendants but concealed from the investing public during the Class Period"; *id.*, at ¶ 38;

- "instead of truthfully disclosing during the Class Period that Merrill's business

    was not as healthy as represented, Merrill falsely overstated its net income, and falsely concealed the problems with its CDO portfolio"; *id.*, at ¶ 42;

- "Defendants' false and misleading statements had the intended effect and caused Merrill stock to trade at artificially inflated levels throughout the Class Period"; *id.*, at ¶ 44;

- "As a direct result of defendants' admissions and the public revelations regarding the truth about Merrill's profitability and its actual business prospects going forward, Merrill's stock price dropped more than $5 per share in October 2007 and mor than $30 from May 2007. This drop removed the inflation from Merrill's stock price, causing real economic loss to investors who had purchased the stock during the Class Period;" *id.*, at ¶ 45;

- "defendants disseminated or approved the false statements . . . which they knew or deliberately disregarded were misleading"; *id.*, at ¶ 47;

- "Defendants . . . employed devices, schemes and artifices to defraud . . . [and] engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Merrill common stock during the Class Period"; *id.*, at ¶ 48; and,

- "Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Merrill common stock." *Id.*, at ¶ 49.

  The open market purchasers class is defined by the specific elements of its Section 10(b) claim, which include reliance, *scienter*, transactional causation, loss causation, and proof of damages. These elements also define the contours of the issues for the open market purchasers class.

  In sum, the differences in the definition of the classes, as well as their causes of action, claims, questions of fact and law common to each class, issues and defenses, require that there be separate classes for the *Conn* Complaint and the open market purchasers actions.

### B. The PSLRA Requires Appointment Of Lead Plaintiff And Counsel For Each Purported Class

The PSLRA requires that "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). The act further states that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class . . .. " 15 U.S.C. § 77z-1(a)(3)(B)(i).

Here, there are two classes of plaintiffs: the Merger Class and the open market purchasers class. As explained above, each class has separate causes of action, claims, issues and defenses. Accordingly, the Court should appoint "a member of the purported class . . . to serve as lead plaintiff of the purported class," *i.e.*, a member of the Merger Class to serve as lead plaintiff of the Merger class and a member of the open market purchasers class to serve as lead plaintiff of that class.

In appointing lead plaintiff for each class, the Court is guided by the PSLRA's "rebuttable presumption" that "the most adequate plaintiff . . . is that person or group of persons that . . . has the largest financial interest sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Here, the person with the largest financial interest sought by the Merger Class is James Conn.

### C. Conn has the Largest Financial Interest in the First Republic Action

As part of the First Republic Merger, Conn acquired 22,634 shares of Merrill common stock in exchange for 30,871 shares of First Republic common stock, and acquired an additional 1,068 shares of Merrill common stock (plus cash) in exchange for 5,150 shares of First Republic restricted stock. In December, 2007, approximately two months after the disclosure of Merrill's true financial status and the impact of its trading in CDO's became known to the public, Conn

-9-

sold his 23,702 Merrill shares for steep trading losses and statutory losses as follows:

>Section 11 Losses:      $349,487

>Section 12 Losses:      $373,185.

*See* Declaration of Ken Kotz at ¶ 4; Exhibits 6 and 7, filed herewith (the "Kotz Decl.").

Ohio STRS has nominal losses for Merrill Lynch shares acquired in the First Republic Merger. Ohio STRS noted that it acquired 788 Merrill shares in the Merger, but did not calculate its losses related to those 788 shares under the statutory loss provisions of either Section 11 or Section 12. Indeed, consistent with its preference for the Exchange Act claims in lieu of the Securities Act claims, Ohio STRS only calculated losses for the 788 shares as part of its calculation of Section 10(b) losses. It is understandable, because under the appropriate methodology for calculating losses in securities litigation, Last-In-First-Out or LIFO,[4] Ohio STRS had *de minimis* – if any – losses and, moreover, sold its 788 shares prior to the disclosures alleged in the complaints in October 2007, which advised the market of the misrepresentations and omissions in the Registration Statement and Proxy/Prospectus.

"Under the LIFO method, a sale is matched to the most recent purchase of sales (occurring prior to the sale)." *See* Kotz Decl., ¶ 4. *Accord SEC v. Commonwealth Chemical Securities, Inc.*, 1976 U.S. Dist. LEXIS 12998, at *3 (S.D.N.Y. 1976) (defining LIFO as "the

---

[4] Comparing the LIFO to FIFO (First-In-First-Out) methodology, Judge Scheindlin recently noted that courts have "'generally rejected FIFO as an appropriate means of calculating losses n securities fraud cases.'" *Hunt v. Enzo Biochem, Inc.*, 2008 U.S. Dist. LEXIS 1472, at *21 (Jan. 8, 2008) (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005). *See also In re Comverse Technology, Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007); *Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 2391, at *10 (N.D. Ill. Oct. 13, 2005) ("The current majority view, however, is apparently that securities fraud losses should be calculated using LIFO.").

proceeds of a sale transaction are matched against the price paid in the purchase transaction just preceding the sale"). Therefore, here, the 788 shares Ohio STRS states that it acquired in the First Republic Merger on September 24, 2007, were sold on October 1, 2007. *See* Kotz Decl., ¶ 17; Exhibit 4.

On a trading basis, Ohio STRS suffered $0.0941 per share, for a total trading loss of $74.1508, and under the statutory loss provisions for Sections 11 and 12 as applied to its LIFO calculations, Ohio STRS only suffered the following losses:

> Section 11        $1,114
>
> Section 12        $1,216.

*See* Kotz Decl., ¶ 4; Exhibits 6 and 7. Thus, Conn has substantially larger losses than Ohio STRS and the largest financial interest of any of the movants in the Merger Class.[5]

Accordingly, as Conn has "the largest financial interest in the relief sought by the [Merger Class]," he should be appointed as Lead Plaintiff for that Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

**D.    Conn Otherwise Satisfies The Requirements Of Rule 23**

Conn is the only plaintiff or movant who has filed an action to protect the interests of the Merger Class. On December 28, 2007, James Conn filed the his complaint pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act for the material misrepresentations and omissions contained in the Registration Statement and Proxy/Prospectus related to the First Republic Merger. Clearly, having filed the only relevant complaint and being the named plaintiff, Conn's

---

[5] Even were the Court to consider Ohio STRS's statutory losses for Sections 11 and 12(a)(2) under a FIFO methodology, Conn still has larger losses. *See* Kotz Decl., ¶ 4; Exhibits 6 and 7.

claims are typical of the class claims. Fed. R. Civ. P. 23(a)(3).

Prior to Conn's filing of the Merger Action, four separate complaints had been filed in the Southern District of New York alleging violations Sections 10(b), yet none of those complaints referenced the Registration Statement or Proxy/Prospectus as containing material misstatements or omissions. But for Conn's filing of his complaint, there would not be any claims filed on behalf of the Merger Class, nor any basis before this Court to consider representation of those claims. As such, Conn has evidenced that he is not only willing and able to represent the Merger Class, but that he already has and will fairly and adequately represent it. Fed. R. Civ. P. 23(a)(4).

## II.

### THE MERGER ACTION SHOULD NOT BE CONSOLIDATED FOR ALL PURPOSES WITH THE OPEN MARKET ACTIONS

The PSLRA did not displace traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Therefore, although consolidation may appear to enhance judicial economy, the Second Circuit has held that:

> [t]he systematic urge to aggregate litigation <u>must</u> <u>not</u> be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's - - and defendant's - - cause not be lost in the shadow of a towering mass of litigation.

*In re: Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) (underscore added). Indeed, the Second Circuit has found that "the discretion to consolidate is not unfettered," *see Johnson v. Celotex Corp.*, 899 F2d 1281, 1285 (2d Cir. 1990), and that "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process." *Kranz v. National Gypsum Co.*, 955 F.2d 346, 353 (2d Cir. 1993). Accordingly, the burden is on the

-12-

proponents of consolidation to establish that the prejudice to the Merger Class is outweighed by efficiency concerns. *See In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 374 (2d Cir. 1993),

Here, basic fairness and justice will be sacrificed and the Merger Class prejudiced in pursuit of its redress if the *Conn* Complaint and the open market purchasers' complaints are consolidated. The elements of the causes of action, the attendant pleading standards, and required proof for the Merger Class's strict liability claims under the Securities Act are fundamentally different from those of the open market purchasers class's Exchange Act claims, as this Court has heretofore recognized. *See Nanopierce Technologies, Inc. v. Southridge Capital Mgmt. LLC*, 2003 U.S. Dist. LEXIS 21854, at *29-*30 (S.D.N.Y. Dec. 4, 2003). Thus, any consolidation of the claims under a single complaint will prejudice the Merger Class by applying the heightened standards and additional elements of proof under Section 10(b). *Rombach v. Chang*, 355 F.3d at 171.

Indeed, the generic claims of efficiency proffered in support of consolidation do not tip scales in favor thereof nor justify the inherent and undue prejudice that will inure to the Merger Class by consolidating the complaints. As detailed above, the complaint filed on behalf of the Merger Class and those of the open market purchasers class do not evidence questions of law and fact common to both classes. Moreover, the *Conn* Complaint names 10 individual who have not been sued in the market purchasers actions, and the market purchasers actions names two parties not in the *Conn* Complaint. Thus, out of a total of 15 defendants, only three overlap: the Company and two individuals. And as demonstrated above, the law not only does not sufficiently overlap to support consolidating the complaints, consolidation will alter the legal standards for the Securities Act claims upon which the *Conn* Complaint was filed. In sum, the

predicates do not support consolidating the *Conn* Complaint with the open market actions for all purposes.

### III.

### CONN'S SELECTION OF COUNSEL SHOULD BE APPROVED

As noted in Conn's opening memorandum, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court, *see* 15 U.S.C. § 77z-1(a)(3)(B)(v), and the Court should only interfere with Lead Plaintiffs' selection when necessary to protect the interests of the class. H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess (Nov. 28, 1995). The Court, however, is also guided by Rule 23(g), which directs the Court to "appoint the best applicant to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

Here, Conn's selected counsel are the best applicants to represent the interests of the Merger Class because, unlike the three firms seeking lead status for the open market purchasers class, Conn's counsel are not conflicted by having a fiduciary obligation to the open market purchasers class. For example, because the threshold for proving a strict liability claim under Section 11 and 12 is not as great as a fraud claim under Section 10(b), Conn's counsel will not be shackled by having to weigh the impact that moving for summary judgment on the Merger Class's claims will have on the open market purchasers' claims as a matter of law or strategy. Further, Conn's counsel will be able to litigate and negotiate to maximize the recovery for the Merger Class without regard to any recovery under Section 10(b), which is particularly problematic where other counsel have a fiduciary obligation to maximize the recovery for a client with losses claimed to be in excess of $25.5 million under Section 10(b).

Conn's selected counsel are highly experienced in prosecuting securities class actions and here, their only interest will be in maximizing the recovery of the Merger Class. Accordingly, Conn's selection of class counsel should be approved.

## CONCLUSION

For the reasons stated herein and in his earlier memorandum of law, it is respectfully requested that the Court issue an Order appointing James Conn as Lead Plaintiff of the Merger Class; approving Pomerantz Haudek Block Grossman & Gross LLP and Cotchett, Pitre and McCarthy as Co-Lead Counsel; and granting such other relief as the Court may deem to be just and proper.

Dated: January 18, 2008

Respectfully submitted,

/s *Stanley M. Grossman*

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
Patrick V. Dahlstrom
Joshua B. Silverman
100 Park Avenue
New York, New York 10017
Telephone:   (212) 661-1100
Facsimile:    (212) 661-8665

**COTCHETT, PITRE & McCARTHY**
Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:   (650) 697-6000
Facsimile:    (650) 697-0577

**Attorneys for James Conn**