UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE ENRICHMENT FOUNDATION, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  -against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.<br><br>       Defendants. | Civil Action No.  07 Civ. 09633 (LBS) |
| MICHAEL J. SAVENA, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  -against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.<br><br>       Defendants. | Civil Action No.  07 Civ. 09837 (LBS) |

[Additional Captions on Following Pages]

GARY KOSSEFF, Individually and On
Behalf of All Others Similarly Situated,

                           Plaintiff,

     -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING, and
JEFFREY N. EDWARDS.

                       Defendants.

Civil Action No.  07 Civ. 10984 (LBS)

ROBERT R. GARBER, Individually and on
behalf of all others similarly situated,

                           Plaintiff,

     -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING, and
JEFFREY N. EDWARDS.

                       Defendants.

Civil Action No.  07 Civ. 11080 (LBS)

<table>
<tr><td>

JAMES CONN, Individually and On Behalf of All Others Similarly Situated,

                                 **Plaintiff,**

    -against-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, JEFFREY N. EDWARDS, LAWRENCE A. TOSI, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, and CHARLES O. ROSSOTTI,

                                 **Defendants.**

</td><td>

Civil Action No.  07 Civ. 11626 (LBS)

</td></tr>
</table>

## DECLARATION OF KENNETH N. KOTZ

I, Kenneth N. Kotz, declare as follows:

1.      I have been retained by Pomerantz Haudek Block Grossman and Gross LLP ("Counsel"), on behalf of Plaintiff James Conn, to assist in calculating the financial interest of certain lead plaintiff movants relating to their transactions in Merrill Lynch & Co., Inc. ("Merrill Lynch") common stock arising from shares of Merrill Lynch common stock the movants acquired as a result of Merrill Lynch's acquisition of First Republic Bank in September 2007 (the "First Republic Shares").  In addition to analyzing the financial interest of Mr. Conn, I have also analyzed the financial interest of the State Teachers Retirement System of Ohio ("STRS" or "Ohio STRS").

1

2.      I have calculated financial interest using the four "Olsten-Lax" factors commonly used in these types of actions.[1]  Generally, the Olsten-Lax factors are calculated in relation to a class period, but in this instance I understand movants are seeking Lead Plaintiff status for claims under the Securities Act of 1933 (the "Securities Act") relating to the First Republic Shares.[2]  Therefore, I calculate the factors as they relate to the movants' First Republic Shares and any subsequent sales of those shares based on the transactions provided by both movants.[3]

3.      Calculating the factors solely for the First Republic Shares requires the matching of purchases and sales of the movants after the acquisition to determine when (or if) the First Republic Shares were sold.  To match purchases and sales, I have used the "Last-In-First-Out" ("LIFO") and "First-In-First-Out" ("FIFO") methodologies.

4.      The following table summarizes the results of the four Olsten-Lax factors.  The fourth factor of approximate losses is calculated for both Section 11 and Section 12 claims.

---

[1] The four Olsten-Lax factors include: number of shares purchased during the class period; net number of shares purchased during the class period; net funds expended during the class period; and approximate losses.  See Memorandum and Order by Judge Nicholas G. Garaufis, March 2, 2007, *In re Comverse Technology, Inc.  Securities Litigation*, United States District Court, Eastern District of New York, March 2, 2007 (the "Comverse Decision"), pp. 4-5.

[2] In the Class Action Complaint for Violation of Federal Securities Laws dated December 28, 2007 (the "Conn Complaint"), Plaintiff Conn alleges claims under Sections 11, 12(a)(2) and 15 of the Securities Act.  I refer to Section 12(a)(2) claims as Section 12.

[3] For the second and third factors, Counsel has asked me to assume a class period beginning on the First Republic merger and ending on November 7, 2007, the end of the proposed Class Period used by STRS.  I reserve the right to amend my analysis pending revisions in either the data or assumptions underlying the analysis.

| Factor | Conn[4] | STRS LIFO | STRS FIFO |
|---|---|---|---|
| 1 - Purchases | 23,702 | 788 | 788 |
| 2 - Net Purchases/(Sales) | 23,702 | 0 | 788 |
| 3 - Net Funds (Expended)/Gained | $ (1,777,650) | $ (1,114) | $ (59,100) |
| 4 - Approximate (Losses)/Gains - Section 11 | $ (349,487) | $ (1,114) | $ (17,360) |
| 4 - Approximate (Losses)/Gains - Section 12 | $ (373,185) | $ (1,216) | $ (18,468) |

5.       Based on my analysis, Mr. Conn had the greatest number of potentially damaged

shares (*i.e.*, purchases), the most net purchases, the most net funds expended and the greatest

losses under both Section 11 and Section 12.

### QUALIFICATIONS, COMPENSATION, AND MATERIALS REVIEWED

6.       I am a Vice President of Forensic Economics, Inc., located in Rochester, New

York.  I have been employed by Forensic Economics since 1999.  I have consulted on issues

pertaining to financial valuations, financial-economic analysis, and the analysis of stock price

reactions to public information in securities fraud lawsuits during this time period.  Forensic

Economics has been retained by both plaintiffs and defendants in such securities cases.

7.       I hold an M.S. in Applied Economics (1999) from the University of Rochester's

William E. Simon Graduate School of Business Administration.  I hold an M.B.A. in Finance

(1996) from the Loyola University Chicago Graduate School of Business, where I also received

an Outstanding Student award.  I have co-taught a corporate finance class and served as a

research and teaching assistant at the University of Rochester.  I have served as a research

---

[4] Because Mr. Conn's only purchase of Merrill Lynch common stock were his First
Republic Shares, the choice of share-matching methodology is irrelevant.

3

assistant to the finance faculty of the Loyola University Chicago Graduate School of Business. I

was awarded the CFA® Charter and the right to use the Chartered Financial Analyst (CFA)®

designation as authorized by the CFA Institute in 2006. My resume is attached to this

Declaration as Exhibit 1.

       8.     My compensation is based on the number of hours worked plus out-of-pocket

expenses. My hourly rate is $250. I was assisted by employees of Forensic Economics, Inc.,

who worked under my supervision and direction in connection with this assignment. Forensic

Economics, Inc.'s hourly rates for employees range from $90 to $395.

       9.     In the course of this assignment, I reviewed, among other things, Merrill Lynch

stock price data and dividend history obtained from Bloomberg, the Complaint, and the

certifications and loss calculations of the movants. I have attempted to cite in the text of this

Declaration specific documents and information on which I relied in my analysis.

## ANALYSIS

**Data**

      10.    I first detail the source of the transaction data I used and assumptions that I made

regarding the data in order to perform the analyses.[5] I obtained transactions for Mr. Conn from

the Certificate of James Conn in Support of Class Action Complaint dated December 28, 2007

(the "Conn Certificate," attached as Exhibit 2). The Conn Certificate lists total shares and costs

or proceeds of each transaction, which I used to calculate a per share price to the 4th decimal

---

     [5] I reserve the right to amend my analysis pending revisions in either the data or
assumptions underlying the analysis.

place. I obtained transactions for STRS from Schedule A of the Certification of State Teachers Retirement System of Ohio Pursuant to the Federal Securities Laws dated January 2, 2008 (the "STRS Certificate," attached as Exhibit 3). To calculate sales proceeds for STRS, I multiplied the 4 decimal place price given by STRS by the number of shares. For unsold shares in the fourth factor analysis, I used a price as detailed in the analysis. Exhibit 4 contains the transaction data that I used for my calculations for both moving Plaintiffs, including a running share balance that shows the number of shares held by each movant after each transaction.[6]

**Analysis of the Olsten-Lax Factors**

11.     The first factor is the number of shares purchased, and is equal to the number of each movants' First Republic Shares as presented in the following table:

| Plaintiff | First Republic Shares |
| --- | --- |
| Conn | 23,702 |
| STRS | 788 |

12.     Mr. Conn had the most Merrill Lynch shares acquired due to the acquisition of First Republic by Merrill Lynch.

13.     The second factor includes shares sold, and is the net number of shares purchased during the class period. Because damages under the Securities Act claims do not specify a class period, Counsel has asked me to assume a class period beginning on the First Republic merger and ending on November 7, 2007, the end of the proposed Class Period used by STRS. In addition, because what is of interest here is solely transactions relating to the First Republic

---

[6] The STRS data includes transactions based on a proposed class period for Section 10(b) claims. Plaintiff Conn has not asserted Section 10(b) claims, and I have not been asked to calculate the movants' financial interest over the proposed Section 10(b) class period.

Shares, it is necessary to determine what sales (if any) of Merrill Lynch common stock made after the First Republic acquisition relate to the First Republic Shares, or whether they relate to other purchases of Merrill Lynch common stock. In order to make this determination, I employ two commonly used share-matching methodologies – LIFO and FIFO.[7]

14.    Under the LIFO method, a sale is matched to the most recent purchase of shares (occurring prior to the sale). For example, if an investor purchased 100 shares at time 1 and again at time 2 (for a total of 200 shares purchased), and subsequently sold 100 shares at time 3, the shares sold at time 3 would be matched to the most recent purchase of shares at time 2. The remaining time 1 purchased shares would be matched to the next sale if no intervening purchase occurs, but if another purchase occurs, any subsequent sales will first be matched to this purchase, because this new purchase will now become the most recent purchase.[8] Purchases unmatched to sales are considered held. Sales are only matched to purchases occurring prior to the sale, *i.e.*, a purchase can only be matched to a subsequent sale.

15.    Under the FIFO method, a sale is matched to the earliest purchase of shares (occurring prior to the sale). For example, if an investor purchased 100 shares at time 1 and again at time 2 (for a total of 200 shares purchased), and subsequently sold 100 shares at time 3, the shares sold at time 3 would be matched to the earliest purchase of shares at time 1. The remaining time 2 purchased shares would be matched to the next sale, because it will now become the earliest purchase, even if additional purchases are subsequently made. Purchases

---

[7] See the Comverse Decision, p. 15, fn10.

[8] As more purchases are made, they will, in turn, become the most recent purchase to be matched against the next sale.

6

unmatched to sales are considered held. Sales are only matched to purchases occurring prior to the sale, *i.e.*, a purchase can only be matched to a subsequent sale.

16.     Because Mr. Conn only had a single purchase, the choice of share-matching methodology is irrelevant. However, movant STRS owned Merrill Lynch common stock prior to the First Republic acquisition, and also made subsequent purchases (and sales) after the acquisition. Therefore, the choice of methodology will yield different share-matching results for STRS.

17.     STRS' 788 First Republic Shares were acquired on September 24, 2007. STRS' next transaction was a sale of 51,400 shares on October 1, 2007 (see Exhibit 4). Under LIFO, these shares would match to the most recent purchase prior to the sale (if no intervening sale occurred). Thus, the 788 First Republic Shares would be matched to 788 of the 51,400 shares sold on October 1, 2007 because the acquisition is the most recent purchase prior to the October 1, 2007 sale (and no other sales occurred between the acquisition and the October 1, 2007 sale).

18.     Under FIFO, sales made after the First Republic acquisition would be matched first to any shares that had been purchased prior to the acquisition but had not yet been sold. Prior to the acquisition, STRS had a share balance of 2,389,600 shares.[9] Based on the data provided by STRS, STRS sold 94,000 shares between the First Republic acquisition and November 7, 2007, which is less than STRS' 2.4 million share balance prior to the First

---

[9] STRS began with holdings of 2,142,400 Merrill Lynch shares in October 2006 and, between 10/23/06 and 9/21/07, purchased an additional 861,700 shares and sold 614,500 shares. 2,389,600 = 2,142,400 + 861,700 - 614,500. See Exhibit 4.

Republic acquisition. Therefore, under FIFO, the 788 First Republic Shares were still held by

STRS as of November 7, 2007.[10]

    19.    The following table and Exhibit 5 present the Net Purchases of First Republic

Shares by both Plaintiff movants from the date of the acquisition through November 7, 2007.

| Plaintiff | Net Purchases/(Sales) |
|---|---|
| Conn | 23,702 |
| STRS - LIFO | 0 |
| STRS - FIFO | 788 |

    20.    Mr. Conn had not made any sales of his First Republic Shares as of November 7,

2007, while STRS either sold its First Republic Shares in October 2007 (under LIFO) or were

still holding the shares as of November 7, 2007 (under FIFO).

    21.    The third factor is net funds expended during the class period, which equal the

total proceeds from sales during the class period less the total costs from class period purchases.

This mirrors the previous factor, except instead of using share amounts, the dollar value of the

purchase or sale is used as an expenditure (for purchases) or gain (for sales). As before, I

assume a class period end of November 7, 2007. For the purchase expenditure, I used a merger

price of $75 per share, which was also equal to Merrill Lynch's opening stock price on

---

[10] The STRS Certificate contains transactions through November 7, 2007, with the last
transaction occurring on November 5, 2007.

September 24, 2007.[11]  No proceeds are calculated for shares still held as of November 7, 2007. The results are presented below and in Exhibit 5:

| Plaintiff | Net Funds (Expended)/Gained |
|---|---|
| Conn | $ (1,777,650) |
| STRS - LIFO | $ (1,114) |
| STRS - FIFO | $ (59,100) |

22.     Mr. Conn had more net funds expended than STRS.

23.     The fourth Olsten-Lax factor is the approximate loss suffered.  I have been instructed by Counsel to calculate losses based on the statutory Section 11 and Section 12 formulas.  Under Section 11, statutory damages are equal to the purchase price (but not to exceed the offer price) less the greater of the lawsuit price and the sales price.[12]  Counsel has instructed me to treat December 28, 2007 as the date of suit.  On December 28, 2007, Merrill Lynch's common stock closed at $52.97 per share.  If not all shares received in the merger have been sold (as is the case with STRS under the FIFO method), sales proceeds for these purchases are

---

[11] STRS assigned a price of $73.68, equal to Merrill Lynch's closing stock price on September 24, 2007.  Applying this price to both STRS and Conn would slightly reduce each movant's net funds expended.  The merger consideration for each share of First Republic Stock was equal to $55 in cash or Merrill Lynch common stock.  An exchange ratio of 0.7332 was set, which implies a purchase price of approximately $75 for each share of Merrill Lynch received: $55 / 0.7332 = $75.0136.  Alternatively, to receive one share of Merrill Lynch stock, an investor must have approximately 1.3639 shares of First Republic stock; 1.3639 x $55 = $75.01.  Source: Bloomberg.

[12] For shares sold before the date of suit, the lawsuit price is not included in the calculation of damages.  See Section 11(e).  Section 11(e) also allows defendants to remove from recovery any portion of the loss that defendants can prove is not due to the alleged wrongdoing.

9

calculated based on the lawsuit price of $52.97.[13]  The following table presents a summary of the Section 11 damages, which are calculated in Exhibit 6:

| Plaintiff | Number of Shares | Net (Losses)/Gains |
|-----------|------------------|--------------------|
| Conn | 23,702 | $ (349,487) |
| STRS - LIFO | 788 | $ (1,114) |
| STRS - FIFO | 788 | $ (17,360) |

24.    Under Section 12, damages are calculated as the purchase cost plus interest through the date of sale of the security less any dividends received and sale proceeds.[14,15]  If a share has not been sold, Counsel has instructed me to assume that it is sold on December 28, 2007 at the Section 11 lawsuit price.[16]  Counsel has instructed me to calculate interest at a simple interest rate of 9% per annum, the statutory rate under New York State law.  In addition, Merrill Lynch paid a quarterly dividend of $0.35 per share in October 2007.  The following table presents a summary of the Section 12 damages, which are calculated in Exhibit 7:

---

[13]  If STRS eventually sells any of the held First Republic Shares (under FIFO) at higher prices, than STRS' FIFO losses will be reduced.  If STRS eventually sells any of the held First Republic Shares (under FIFO) at a price lower than the lawsuit prices, losses cannot increase because the lawsuit price would be the controlling price in calculating damages.

[14]  Section 12(a)(2).  If a share has not been sold, it would be returned to the seller for the original purchase price.  This would effectively yield damages of the purchase price less the current value of the share at the time the share was returned (*i.e.*, equivalent to if the investor sells the share rather than returning it to the seller).

[15]  Similar to Section 11(e), Section 12(b) allows defendants to remove from recovery any portion of the loss that defendants can prove is not due to the alleged wrongdoing

[16]  The amount of damages would increase over time with the addition of interest, decline with dividends paid and could increase or decrease depending on share price movements.

10

| Plaintiff | Number of Shares | Net (Losses)/Gains |
|---|---|---|
| Conn | 23,702 | $ (373,185) |
| STRS - LIFO | 788 | $ (1,216) |
| STRS - FIFO | 788 | $ (18,468) |

25.     Mr. Conn has the greatest loss suffered under both Section 11 and Section 12.[17]


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of January, 2008
at Rochester, New York

Kenneth N. Kotz

---

[17] I note that, under FIFO and ignoring interest and dividends, even if the sale price of STRS' First Republic Shares declined to zero, Mr. Conn would have the greatest Section 12 losses.  STRS' loss would simply equal $75 multiplied by 788 shares, or $59,100.

11

January 2008

## KENNETH N. KOTZ, CFA

| Business Address: | Home Address: |
|---|---|
| Forensic Economics, Inc. | 85 Coral Way |
| 95 Allens Creek Road | Rochester, New York 14618 |
| Building 2, Suite 303 | (585) 241-3230 |
| Rochester, New York 14618 | |
| (585) 385-7440 | |
| (585) 385-7441 FAX | |
| ken@forensiceconomics.com | |

### Employment and Education

**8/99-present**  **Forensic Economics, Inc.,** Rochester, NY.
Vice President.  Consulting in financial-economic analysis in securities litigation and business disputes.

**6/96-12/99**  **M.S. in Applied Economics, Finance and Accounting,** William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.

**9/97-12/99**  **William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.**
Instructor and Teaching Assistant.

**1994-1996**  **M.B.A., Finance,** Loyola University Chicago, Chicago, IL.

**1994-1996**  **Loyola University Chicago,** Chicago, IL.
Research Assistant, Finance Department.

**1995-1996**  **Financial and Economics Strategies Corporation,** Chicago IL.
Research Assistant.

**1991-1994**  **Midwest European Publications, Inc.,** Evanston, IL.
Assistant Manager.

**1986-1989**  **B.A., History,** University of Pennsylvania, Philadelphia, PA.

January 2008

## Publications

Automation versus intermediation: Evidence from treasuries going off the run (with M. Barclay and T. Hendershott),  *The Journal of Finance*, vol. 61 no. 5, October 2006, 2395-2414.

## Working papers

Stock price effects of changes in the accounting procedure set, October 1999.

IPO underpricing, information asymmetry, and dividend policy, June 1999.

The stock price reaction to shareholder proposals, June 1998.

The investment opportunity set and the stock price reaction to dividend changes, January 1998.

## Awards

Awarded the CFA® Charter and the right to use the Chartered Financial Analyst (CFA)® designation as authorized by the CFA Institute (2006).

Fellowship, William E. Simon Graduate School of Business Administration, University of Rochester (1996-1999).

Outstanding Student Award, Loyola University Chicago (1996).

Phi Beta Kappa, Loyola University Chicago (1996).

Graduate Scholarship, Loyola University Chicago (1994-1996).

## Testimonial Experience

Supplemental Declaration of Kenneth N. Kotz in Eugene Kratz vs. Beazer Homes USA, Inc. et al., New Jersey Building Laborers Pension Fund vs. Beazer Homes USA, Inc. et al., and IBEW Local 1579 Pension Plan vs. Beazer Homes USA, Inc. et al. in the United States District Court Southern District of Georgia, Civil Action Nos. 1:07-CV-00725, 1:07-CV-1139 and 1:07-CV-1151 (July 2, 2007).

Declaration of Kenneth N. Kotz in Eugene Kratz vs. Beazer Homes USA, Inc., et al., New Jersey Building Laborers Pension Fund vs. Beazer Homes USA, Inc. et al., and IBEW Local 1579 Pension Plan vs. Beazer Homes USA, Inc., et al. in the United States District Court Southern District of Georgia, Civil Action Nos. 1:07-CV-00725, 1:07-CV-1139 and 1:07-CV-1151 (June 15, 2007).

January 2008

Declaration of Kenneth N. Kotz in <u>Tully Nadel et al. against Comverse Technology Inc. et al., David Thomas et al. against Comverse Technology, Inc. et al., and Lance Moore et al. against Comverse Technology, Inc. et al.</u> in the United States District Court Southern District of New York, Civil Action Nos. 06 Civ. 3190 (LAK), 06 Civ. 3445 (LAK) and 06 Civ. 4418 (LAK) (July 6, 2006).

Declaration of Kenneth N. Kotz in <u>Anthony Caiafa et al. against Comverse Technology Inc. et al. and James M. Gorman et al. against Comverse Technology, Inc. et al.</u> in the United States District Court Eastern District of New York, Civil Action Nos. 06 CV 1825 (NGG) and 06 CV2738 (NGG) (July 6, 2006).

**Exhibit 2**
**The Conn Certificate**

### CERTIFICATE OF JAMES CONN IN SUPPORT OF
### CLASS ACTION COMPLAINT

I, JAMES CONN, declare, as to the claims asserted under the federal securities laws, that:

1.   I have reviewed the complaint prepared by counsel in the above-captioned case and have authorized its filing.

2.   I did not purchase or obtain the security that is the subject of the complaint at the direction of my counsel or in order to participate in any private action arising under the federal securities laws.

3.   I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.   In the past three years, I have not served, nor sought to serve, as a representative party on behalf of a class in an action filed under the federal securities laws.

5.   I will not accept payment for serving as a representative party on behalf of a class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

6.   I made the following transactions in securities that are the subject of this action: I exchanged 30,871 shares of First Republic common stock for 22,634 shares of Merrill Lynch stock, and exchanged an additional 5,150 shares of First Republic restricted common stock for cash and 1,068 shares of Merrill Lynch stock. Thus, I

received a total of 23,702 shares of Merrill Lynch common stock on September 21, 2007.

I disposed of the Merrill Lynch shares acquired in the Merger as follows:

| Date | Shares sold | Proceeds |
|------|-------------|----------|
| 12/03/07 | 5,000 | $ 296,510.00 |
| 12/06/07 | 15,000 | $ 900,000.00 |
| 12/10/07 | 3,702 | $ 231,653.02 |
| Total | 23,702 | $1,428,163.02 |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of December 2007.

JAMES CONN

**Exhibit 3**
**The STRS Certificate**

**CERTIFICATION OF
STATE TEACHERS RETIREMENT SYSTEM OF OHIO
PURSUANT TO THE FEDERAL SECURITIES LAWS**

State Teachers Retirement System of Ohio ("STRS") declares, as follows:

1.  STRS has reviewed the complaint filed against Merrill Lynch & Co., Inc. ("Merrill Lynch") and certain of its officers and directors captioned *Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al.*, 07-CV-09633 (S.D.N.Y.).

2.  STRS has retained as co-lead counsel in this litigation the law firms of Berger & Montague, P.C., Kaplan Fox & Kilsheimer LLP, and Schiffrin Barroway Topaz & Kessler, LLP. STRS did not purchase the security that is the subject of this action at the direction of its counsel or in order to participate in any private action arising under the Private Securities Litigation Reform Act (the "PSLRA").

3.  STRS is willing to serve as a representative party on behalf of the class in this litigation and to testify at deposition and trial, if necessary.

4.  STRS's transactions in Merrill Lynch securities that are the subject of the complaint are set forth on Schedule A attached hereto.

5.  STRS has not served as, or sought to serve as, a representative party on behalf of a class action filed under the PSLRA during the three-year period preceding the date on which this Certification is signed, except the following:

    a)  *Zuckerman v. Scottish Re Group LTD, et al.*, Case No. 06-cv-5853, U.S. District Court, Southern District of New York (Appointed).

    b)  *Freudenberg v. E*Trade Financial Corp., et al.*, Civil Action No. 07-cv-8538 U. S. District Court, Southern District of New York (Application Pending).

    c)  *Bakshi v. Samueli*, No. 2:06-cv-5036, U.S. District Court, Central District of California.[1]

6.  STRS will not accept any payment for serving as a representative party, except to receive its pro rata share of any recovery as ordered or approved by the Court and any award to it by the Court of reasonable costs and expenses (including lost wages and travel expenses) directly relating to its representation of the class.

---

[1] STRS subsequently withdrew its application for appointment as lead plaintiff in *Bakshi v. Samueli*.

Page 1 of 2

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed this _____ day of January, 2008.

State Teachers Retirement System of Ohio

By: _____
    William J. Neville

Title: _____
    General Counsel, STRS Ohio

433685.wpd

**SCHEDULE A**

## OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)

### Merrill Lynch & Co., Inc.

### Transactions During Class Period: October 17, 2006 through November 7, 2007

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | Purchase Cost | No. Shares Sold | Price / Share Sold | Sales Proceeds |
|---|---|---|---|---|---|---|---|
| **BEGINNING BALANCE** | | **2,142,400** | | | | | |
| **CLASS PERIOD TRANSACTIONS** | | | | | | | |
| 10/23/06 | BUY | 140,000 | $85.4004 | $ 11,956,056 | | | |
| 11/09/06 | SELL | | | | 900 | $87.8911 | N/A - match to pre-class holdings |
| 11/09/06 | SELL | | | | 14,959 | $88.4437 | N/A - match to pre-class holdings |
| 11/09/06 | SELL | | | | 5,500 | $88.7550 | N/A - match to pre-class holdings |
| 11/10/06 | SELL | | | | 5,341 | $87.8597 | N/A - match to pre-class holdings |
| 11/13/06 | SELL | | | | 2,500 | $89.6516 | N/A - match to pre-class holdings |
| 11/21/06 | SELL | | | | 2,400 | $91.9030 | N/A - match to pre-class holdings |
| 12/11/06 | BUY | 600 | $90.7118 | $ 54,427 | | | |
| 01/08/07 | SELL | | | | 1,000 | $92.9965 | N/A - match to pre-class holdings |
| 01/09/07 | SELL | | | | 2,400 | $92.8091 | N/A - match to pre-class holdings |
| 01/19/07 | SELL | | | | 38,000 | $95.6015 | N/A - match to pre-class holdings |
| 01/29/07 | SELL | | | | 200 | $93.1437 | N/A - match to pre-class holdings |
| 02/15/07 | BUY | 700 | $93.7159 | $ 65,601 | | | |
| 02/22/07 | SELL | | | | 2,300 | $92.0082 | N/A - match to pre-class holdings |
| 02/27/07 | BUY | 25,000 | $84.9600 | $ 2,124,000 | | | |
| 03/07/07 | SELL | | | | 7,800 | $82.9799 | N/A - match to pre-class holdings |
| 03/14/07 | SELL | | | | 175,000 | $79.0333 | N/A - match to pre-class holdings |
| 03/23/07 | BUY | 53,000 | $85.5342 | $ 4,533,313 | | | |

## OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)

### Merrill Lynch & Co., Inc.

### Transactions During Class Period: October 17, 2006 through November 7, 2007

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | Purchase Cost | No. Shares Sold | Price / Share Sold | Sales Proceeds |
|---|---|---|---|---|---|---|---|
| 04/04/07 | BUY | 12,000 | $85.3588 | $ 1,024,306 | | | |
| 04/05/07 | SELL | | | | 2,100 | $85.9413 | N/A - match to pre-class holdings |
| 04/18/07 | BUY | 36,000 | $90.9394 | $ 3,273,818 | | | |
| 04/23/07 | BUY | 110,000 | $91.6215 | $ 10,078,365 | | | |
| 04/24/07 | BUY | 70,000 | $90.7283 | $ 6,350,981 | | | |
| 05/31/07 | SELL | | | | 57,200 | $92.7300 | N/A - match to pre-class holdings |
| 06/15/07 | BUY | 2,500 | $90.6837 | $ 226,709 | | | |
| 06/22/07 | BUY | 2,800 | $85.2750 | $ 238,770 | | | |
| 06/22/07 | SELL | | | | 20,800 | $84.4800 | N/A - match to pre-class holdings |
| 06/29/07 | BUY | 50,000 | $83.7298 | $ 4,186,490 | | | |
| 06/29/07 | BUY | 25,000 | $83.2596 | $ 2,081,490 | | | |
| 07/05/07 | BUY | 28,100 | $83.9786 | $ 2,359,799 | | | |
| 07/10/07 | SELL | | | | 7,400 | $84.2045 | N/A - match to pre-class holdings |
| 07/12/07 | SELL | | | | 192,600 | $84.1803 | N/A - match to pre-class holdings |
| 07/13/07 | BUY | 40,000 | $86.6457 | $ 3,465,828 | | | |
| 07/18/07 | BUY | 50,000 | $84.2665 | $ 4,213,325 | | | |
| 07/20/07 | BUY | 15,000 | $80.0400 | $ 1,200,600 | | | |
| 07/23/07 | SELL | | | | 36,400 | $80.1080 | N/A - match to pre-class holdings |
| 07/26/07 | BUY | 25,000 | $75.4144 | $ 1,885,360 | | | |

| OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Merrill Lynch & Co., Inc. | | | | | | | |
| Transactions During Class Period: October 17, 2006 through November 7, 2007 | | | | | | | |
| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | Purchase Cost | No. Shares Sold | Price / Share Sold | Sales Proceeds |
| 07/26/07 | BUY | 25,000 | $74.1078 | $ 1,852,695 | | | |
| 08/01/07 | BUY | 30,000 | $72.4041 | $ 2,172,123 | | | |
| 08/07/07 | SELL | | | | 1,500 | $75.4683 | N/A - match to pre-class holdings |
| 08/10/07 | BUY | 6,000 | $73.6891 | $ 442,135 | | | |
| 08/13/07 | BUY | 4,000 | $74.9555 | $ 299,822 | | | |
| 08/14/07 | SELL | | | | 29,200 | $71.6183 | N/A - match to pre-class holdings |
| 08/22/07 | BUY | 20,000 | $77.2384 | $ 1,544,768 | | | |
| 08/22/07 | BUY | 70,000 | $76.9249 | $ 5,384,746 | | | |
| 08/30/07 | BUY | 10,000 | $72.0906 | $ 720,906 | | | |
| 09/11/07 | SELL | | | | 2,000 | $73.0152 | N/A - match to pre-class holdings |
| 09/18/07 | SELL | | | | 2,300 | $74.1677 | N/A - match to pre-class holdings |
| 09/18/07 | SELL | | | | 4,700 | $74.1089 | N/A - match to pre-class holdings |
| 09/21/07 | BUY | 11,000 | $74.7300 | $ 822,030 | | | |
| 09/24/07 | ACQUISITION | 788 | $73.6800 | $ 58,060 [1] | | | |
| 10/01/07 | SELL | | | | 51,400 | $73.5859 | N/A - match to pre-class holdings |
| 10/10/07 | SELL | | | | 33,800 | $74.3542 | N/A - match to pre-class holdings |
| 10/10/07 | SELL | | | | 7,600 | $74.4389 | N/A - match to pre-class holdings |
| 10/15/07 | SELL | | | | 1,200 | $74.3662 | N/A - match to pre-class holdings |
| 10/23/07 | BUY | 60,000 | $65.5831 | $ 3,934,986 | | | |

| \multicolumn{9}{c}{**OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)**} |
|---|

**OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)**

**Merrill Lynch & Co., Inc.**

**Transactions During Class Period: October 17, 2006 through November 7, 2007**

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | Purchase Cost | No. Shares Sold | Price / Share Sold | Sales Proceeds |
|---|---|---|---|---|---|---|---|
| 10/30/07 | BUY | 60,000 | $65.9124 | $ 3,954,744 | | | |
| 11/02/07 | BUY | 87,000 | $56.7250 | $ 4,935,075 | | | |
| 11/05/07 | BUY | 90,000 | $56.4633 | $ 5,081,697 | | | |
| **CLASS PD TOTALS** | | **1,159,488** | | **$ 90,523,024** | **708,500** | | **$         -** |
| | | | | | | | |
| **RETAINED  11/07/07** | | **2,593,388** | | | | | |
| | | | | | | | |
| **CLASS PD. RETAINED** | | **1,159,488** | (No. of shares purchased in the class period & still held at close on 11/07/07) | | | | |
| | | | | | | | |
| | | | | | | | |
| Note: | | | | | | | |
| [1]  Merrill Lynch shares acquired in acquisition of First Republic valued as of closing price on 9/24/07 | | | | | | | |

Exhibit 4
Movant Merrrill Lynch Common Stock Transactions

| Movant | Date | Transaction | Shares | Share Balance | Price | (Cost)/ Proceeds |
|--------|------|-------------|--------|---------------|-------|------------------|
| Conn | 9/24/2007 | 1st Republic | 23,702 | 23,702 | $75.0000 | ($1,777,650.00) |
| Conn | 12/3/2007 | Sale | (5,000) | 18,702 | $59.3020 | $296,510.00 |
| Conn | 12/6/2007 | Sale | (15,000) | 3,702 | $60.0000 | $900,000.00 |
| Conn | 12/10/2007 | Sale | (3,702) | 0 | $62.5751 | $231,653.02 |
| STRS | pre Class Period Holdings | | 2,142,400 | 2,142,400 | | |
| STRS | 10/23/2006 | Purchase | 140,000 | 2,282,400 | $85.4004 | ($11,956,056.00) |
| STRS | 11/9/2006 | Sale | (900) | 2,281,500 | $87.8911 | $79,101.99 |
| STRS | 11/9/2006 | Sale | (14,959) | 2,266,541 | $88.4437 | $1,323,029.31 |
| STRS | 11/9/2006 | Sale | (5,500) | 2,261,041 | $88.7550 | $488,152.50 |
| STRS | 11/10/2006 | Sale | (5,341) | 2,255,700 | $87.8597 | $469,258.66 |
| STRS | 11/13/2006 | Sale | (2,500) | 2,253,200 | $89.6516 | $224,129.00 |
| STRS | 11/21/2006 | Sale | (2,400) | 2,250,800 | $91.9030 | $220,567.20 |
| STRS | 12/11/2006 | Purchase | 600 | 2,251,400 | $90.7118 | ($54,427.08) |
| STRS | 1/8/2007 | Sale | (1,000) | 2,250,400 | $92.9965 | $92,996.50 |
| STRS | 1/9/2007 | Sale | (2,400) | 2,248,000 | $92.8091 | $222,741.84 |
| STRS | 1/19/2007 | Sale | (38,000) | 2,210,000 | $95.6015 | $3,632,857.00 |
| STRS | 1/29/2007 | Sale | (200) | 2,209,800 | $93.1437 | $18,628.74 |
| STRS | 2/15/2007 | Purchase | 700 | 2,210,500 | $93.7159 | ($65,601.13) |
| STRS | 2/22/2007 | Sale | (2,300) | 2,208,200 | $92.0082 | $211,618.86 |
| STRS | 2/27/2007 | Purchase | 25,000 | 2,233,200 | $84.9600 | ($2,124,000.00) |
| STRS | 3/7/2007 | Sale | (7,800) | 2,225,400 | $82.9799 | $647,243.22 |
| STRS | 3/14/2007 | Sale | (175,000) | 2,050,400 | $79.0333 | $13,830,827.50 |
| STRS | 3/23/2007 | Purchase | 53,000 | 2,103,400 | $85.5342 | ($4,533,312.60) |
| STRS | 4/4/2007 | Purchase | 12,000 | 2,115,400 | $85.3588 | ($1,024,305.60) |
| STRS | 4/5/2007 | Sale | (2,100) | 2,113,300 | $85.9413 | $180,476.73 |
| STRS | 4/18/2007 | Purchase | 36,000 | 2,149,300 | $90.9394 | ($3,273,818.40) |
| STRS | 4/23/2007 | Purchase | 110,000 | 2,259,300 | $91.6215 | ($10,078,365.00) |
| STRS | 4/24/2007 | Purchase | 70,000 | 2,329,300 | $90.7283 | ($6,350,981.00) |
| STRS | 5/31/2007 | Sale | (57,200) | 2,272,100 | $92.7300 | $5,304,156.00 |
| STRS | 6/15/2007 | Purchase | 2,500 | 2,274,600 | $90.6837 | ($226,709.25) |
| STRS | 6/22/2007 | Purchase | 2,800 | 2,277,400 | $85.2750 | ($238,770.00) |
| STRS | 6/22/2007 | Sale | (20,800) | 2,256,600 | $84.4800 | $1,757,184.00 |
| STRS | 6/29/2007 | Purchase | 50,000 | 2,306,600 | $83.7298 | ($4,186,490.00) |
| STRS | 6/29/2007 | Purchase | 25,000 | 2,331,600 | $83.2596 | ($2,081,490.00) |
| STRS | 7/5/2007 | Purchase | 28,100 | 2,359,700 | $83.9786 | ($2,359,798.66) |
| STRS | 7/10/2007 | Sale | (7,400) | 2,352,300 | $84.2045 | $623,113.30 |
| STRS | 7/12/2007 | Sale | (192,600) | 2,159,700 | $84.1803 | $16,213,125.78 |
| STRS | 7/13/2007 | Purchase | 40,000 | 2,199,700 | $86.6457 | ($3,465,828.00) |
| STRS | 7/18/2007 | Purchase | 50,000 | 2,249,700 | $84.2665 | ($4,213,325.00) |
| STRS | 7/20/2007 | Purchase | 15,000 | 2,264,700 | $80.0400 | ($1,200,600.00) |
| STRS | 7/23/2007 | Sale | (36,400) | 2,228,300 | $80.1080 | $2,915,931.20 |
| STRS | 7/26/2007 | Purchase | 25,000 | 2,253,300 | $75.4144 | ($1,885,360.00) |
| STRS | 7/26/2007 | Purchase | 25,000 | 2,278,300 | $74.1078 | ($1,852,695.00) |
| STRS | 8/1/2007 | Purchase | 30,000 | 2,308,300 | $72.4041 | ($2,172,123.00) |
| STRS | 8/7/2007 | Sale | (1,500) | 2,306,800 | $75.4683 | $113,202.45 |
| STRS | 8/10/2007 | Purchase | 6,000 | 2,312,800 | $73.6891 | ($442,134.60) |
| STRS | 8/13/2007 | Purchase | 4,000 | 2,316,800 | $74.9555 | ($299,822.00) |

**Exhibit 4**
**Movant Merrrill Lynch Common Stock Transactions**

| Movant | Date | Transaction | Shares | Share Balance | Price | (Cost)/ Proceeds |
|--------|------|-------------|--------|---------------|-------|------------------|
| STRS | 8/14/2007 | Sale | (29,200) | 2,287,600 | $71.6183 | $2,091,254.36 |
| STRS | 8/22/2007 | Purchase | 20,000 | 2,307,600 | $77.2384 | ($1,544,768.00) |
| STRS | 8/22/2007 | Purchase | 70,000 | 2,377,600 | $76.9249 | ($5,384,743.00) |
| STRS | 8/30/2007 | Purchase | 10,000 | 2,387,600 | $72.0906 | ($720,906.00) |
| STRS | 9/11/2007 | Sale | (2,000) | 2,385,600 | $73.0152 | $146,030.40 |
| STRS | 9/18/2007 | Sale | (2,300) | 2,383,300 | $74.1677 | $170,585.71 |
| STRS | 9/18/2007 | Sale | (4,700) | 2,378,600 | $74.1089 | $348,311.83 |
| STRS | 9/21/2007 | Purchase | 11,000 | 2,389,600 | $74.7300 | ($822,030.00) |
| STRS | 9/24/2007 | 1st Republic | 788 | 2,390,388 | $73.6800 | ($58,059.84) |
| STRS | 10/1/2007 | Sale | (51,400) | 2,338,988 | $73.5859 | $3,782,315.26 |
| STRS | 10/10/2007 | Sale | (33,800) | 2,305,188 | $74.3542 | $2,513,171.96 |
| STRS | 10/10/2007 | Sale | (7,600) | 2,297,588 | $74.4389 | $565,735.64 |
| STRS | 10/15/2007 | Sale | (1,200) | 2,296,388 | $74.3662 | $89,239.44 |
| STRS | 10/23/2007 | Purchase | 60,000 | 2,356,388 | $65.5831 | ($3,934,986.00) |
| STRS | 10/30/2007 | Purchase | 60,000 | 2,416,388 | $65.9124 | ($3,954,744.00) |
| STRS | 11/2/2007 | Purchase | 87,000 | 2,503,388 | $56.7250 | ($4,935,075.00) |
| STRS | 11/5/2007 | Purchase | 90,000 | 2,593,388 | $56.4633 | ($5,081,697.00) |

**Notes:**
Source for Conn transactions: Exhibit 2. Price calculated as cost/proceeds divided by shares.
Source for STRS transactions: Exhibit 3. (Cost)/Proceeds calculated as -Shares x Price.
      August 22, 2007 proceeds are $3 lower than proceeds listed by STRS.
Share Balance equals previous share balance + shares.

**Exhibit 5**
**Calculation of Net Purchases and Funds Expended**
**from the First Republic Acquistion through November 7, 2007**

| | [A]<br>CONN | [B]<br>STRS<br>LIFO | [C]<br>STRS<br>FIFO |
|---|---|---|---|
| [1] First Republic Shares | 23,702 | 788 | 788 |
| [2] Purchase Price | $75 | $75 | $75 |
| [3] Cost | ($1,777,650.00) | ($59,100.00) | ($59,100.00) |
| | | | |
| [4] Sales of First Republic Shares | | | |
| through November 7, 2007 | none | | none |
| Date | | 10/1/2007 | |
| Shares | | 788 | |
| Price | | $73.5859 | |
| Proceeds | | $57,985.69 | |
| | | | |
| [5] Net Purchases | 23,702 | 0 | 788 |
| | | | |
| [6] Net Funds Expended | ($1,777,650.00) | ($1,114.31) | ($59,100.00) |

**Notes:**
[1] Source: Exhibit 4.
[2] Merger price, also equal to Merrill Lynch opening stock price on 9/24/07.
[3] = [1] x [2].
[4] Source: Exhibit 4.
[5] Equals First Republic Shares [1] less shares sold through November 7, 2007.
[6] Equals Cost [3] plus proceeds from sales through November 7, 2007.

FORENSIC ECONOMICS, INC.

**Exhibit 6**
**Calculation of Section 11 Damages**

|  | [A] | [B] STRS | [C] STRS |
|---|---|---|---|
|  | CONN | LIFO | FIFO |
| [1] First Republic Shares | 23,702 | 788 | 788 |
| [2] Purchase Price | $75 | $75 | $75 |
| [3] Cost | ($1,777,650.00) | ($59,100.00) | ($59,100.00) |
| [4] Sales of First Republic Shares |  |  |  |
| Date | 12/3/2007 | 10/1/2007 | HELD |
| Shares | 5,000 | 788 | 788 |
| Price | $59.3020 | $73.5859 | $52.9700 |
| Proceeds | $296,510.00 | $57,985.69 | $41,740.36 |
| Date | 12/6/2007 |  |  |
| Shares | 15,000 |  |  |
| Price | $60.0000 |  |  |
| Proceeds | $900,000.00 |  |  |
| Date | 12/10/2007 |  |  |
| Shares | 3,702 |  |  |
| Price | $62.5751 |  |  |
| Proceeds | $231,653.02 |  |  |
| [5] Total Proceeds | $1,428,163.02 | $57,985.69 | $41,740.36 |
| [6] Section 11 Loss | ($349,486.98) | ($1,114.31) | ($17,359.64) |

**Notes:**
[1] Source: Exhibit 4.
[2] Merger price, also equal to Merrill Lynch opening stock price on 9/24/07.
[3] = [1] x [2].
[4A] Source: Exhibit 4, Conn transactions.
[4B] Source: Exhibit 4, STRS transactions.
[4C] Shares still held are treated as selling at the lawsuit price of $52.97.
    Proceeds equal shares x price.
[5] Equals sum of all sales proceeds including held shares.
[6] = [3] + [5].

**Exhibit 7**
**Calculation of Section 12 Damages**

|  | [A]<br><br>CONN | [B]<br>STRS<br>LIFO | [C]<br>STRS<br>FIFO |
|---|---|---|---|
| [1] First Republic Shares | 23,702 | 788 | 788 |
| [2] Purchase Price | $75 | $75 | $75 |
| [3] Cost | ($1,777,650.00) | ($59,100.00) | ($59,100.00) |
| | | | |
| [4] Sales of First Republic Shares | | | |
| Date | 12/3/2007 | 10/1/2007 | HELD |
| Shares | 5,000 | 788 | 788 |
| Price | $59.3020 | $73.5859 | $52.9700 |
| Proceeds | $296,510.00 | $57,985.69 | $41,740.36 |
| Interest for Shares Sold | ($6,472.60) | ($102.01) | ($1,384.40) |
| | | | |
| Date | 12/6/2007 | | |
| Shares | 15,000 | | |
| Price | $60.0000 | | |
| Proceeds | $900,000.00 | | |
| Interest for Shares Sold | ($20,250.00) | | |
| | | | |
| Date | 12/10/2007 | | |
| Shares | 3,702 | | |
| Price | $62.5751 | | |
| Proceeds | $231,653.02 | | |
| Interest for Shares Sold | ($5,271.55) | | |
| | | | |
| [5] Total Sale Proceeds | $1,428,163.02 | $57,985.69 | $41,740.36 |
| [6] Total Interest on Shares Sold | ($31,994.15) | ($102.01) | ($1,384.40) |
| [7] Total Dividends | $8,295.70 | $0.00 | $275.80 |
| | | | |
| [8] Total Loss/(Gain) | ($373,185.43) | ($1,216.32) | ($18,468.24) |

**Notes:**
[1] Source: Exhibit 4.
[2] Merger price, also equal to Merrill Lynch opening stock price on 9/24/07.
[3] = [1] x [2].
[4A] Source: Exhibit 4, Conn transactions.
[4B] Source: Exhibit 4, STRS transactions.
[4C] Shares still held are treated as selling on 12/28/07 at the Section 11 lawsuit price
  of $52.97.  Proceeds equal shares x price.
[4A-C] Interest calculated as Shares Sold multiplied by Purchase Price [2]
  multiplied by simple interest rate of 9% per annum (pro-rated on a daily basis).
  Interest is a negative number as it is an additional loss incurred for damages.
[5] Equals sum of all sales proceeds including held (12/28/07) shares.
[6] Equals sum of all interest for shares sold including held shares.
[7] Equals purchased shares not traded prior to October 31, 2007 multiplied by $0.35.
[8] = [3] + [5] + [6] + [7].

FORENSIC ECONOMICS, INC.