UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DAVID EIDMAN,                                        :

                    Plaintiff,    :        08 Civ. 03392 (LBS)

     -against-                                    :

ERNEST STANLEY O'NEAL, et al.                        :

              Defendants.    :

------------------------------------------------------------x

In re: MERRILL LYNCH & CO., INC.,                    :        07 Civ. 9633 (LBS)
     Securities, Derivative & ERISA Litigation          :

------------------------------------------------------------x

## DECLARATION OF EDWARD Y. KROUB IN SUPPORT OF PLAINTIFF EIDMAN'S MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR RULING ON PLAINTIFF'S MOTION TO REMAND THE ACTION TO THE NEW JERSEY SUPERIOR COURT PURSUANT TO 28 U.S.C. § 1447(C)

EDWARD Y. KROUB, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

    1.    I, Edward Y. Kroub, am an associate at the law firm of Horwitz, Horwitz & Paradis, Attorneys at Law, co-counsel for plaintiff David Eidman ("Plaintiff") in the captioned action. I submit this declaration in support of Plaintiff's Memorandum of Law in Support of Request for Ruling on Plaintiff's Motion to Remand the Action to the New Jersey Superior Court Pursuant to 28 U.S.C. § 1447(c). I am admitted in the United States District Court, Southern District of New York.

    2.    Annexed hereto as Exhibit A is a true and correct copy of the Amended Verified Derivative Complaint filed by Plaintiff on December 4, 2007 in New Jersey Superior Court, Bergen County.

3.    Annexed hereto as Exhibit B is a true and correct copy of Plaintiff's Motion to Remand filed on January 23, 2008 in the New Jersey District Court.

4.    Annexed hereto as Exhibit C is a true and correct copy of the Memorandum of Law of Merrill Lynch & Co., Inc. in Opposition to Plaintiff's Motion to Remand filed on February 19, 2008 in the New Jersey District Court.

5.    Annexed hereto as Exhibit D is a true and correct copy of Plaintiff's Reply Brief in Further Support of Plaintiff's Motion to Remand filed on February 25, 2008 in the New Jersey District Court.

6.    Annexed hereto as Exhibit E is a true and correct copy of Plaintiff Eidman's letter addressed to this Court.

7.    Annexed hereto as Exhibit F is a true and correct copy of this Court's May 12, 2008 Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        June 12, 2008,

_____
                        Edward Y. Kroub

# EXHIBIT C

Michael R. Griffinger
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
mgriffinger@gibbonslaw.com
Tel: 973-596-4500
Fax: 973-639-6294

Jay B. Kasner (*Pro Hac Vice* Application to be Filed)
Scott D. Musoff
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735-2000

*Co-Counsel for Nominal Defendant
Merrill Lynch & Co., Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID EIDMAN, Derivatively on Behalf of MERRILL LYNCH & CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> ERNEST STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE and CHARLES O. ROSSOTTI, <br><br> Defendants, <br><br> and <br><br> MERRILL LYNCH & CO., INC.,, <br><br> Nominal Defendant. | Civil Action No. 08-126 (SDW) (MCA) <br><br> ***Document Electronically Filed.*** <br><br> Motion Day: March 3, 2008 <br><br><br> <u>**MEMORANDUM OF LAW OF MERRILL LYNCH & CO., INC IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**</u> |

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ...................................................................................................... 2

     A.    The Parties ..................................................................................................... 2

             1.     Plaintiff ........................................................................................... 2

             2.     Defendants ....................................................................................... 2

     B.    The Allegations of the Complaint Necessarily Raise Issues of Federal Law .......... 3

ARGUMENT ............................................................................................................ 5

PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED ................................ 5

I.    Removal Was Proper Because At Least One Of The Claims Asserted Arises
Under Federal Law .................................................................................................. 5

     A.    Standards Governing Removal of a Purported State Law Claim ............................ 5

     B.    Plaintiff's Claims for Breach of Fiduciary Duty, Abuse of Control and
Waste of Corporate Assets Necessarily Raise Substantial Federal Issues ............. 7

     C.    This Court May Entertain This Substantial Federal Issue "Without
Disturbing Any Congressionally Approved Balance of Federal State
Judicial Responsibilities" .................................................................................... 13

CONCLUSION ......................................................................................................... 14

## TABLE OF AUTHORITIES

### CASES

Broder v. Cablevision Systems Corp., 418 F.3d 187 (2d Cir. 2005) .......................... 5, 6, 10

In re California Wholesale Electricity Antitrust Litigation, No. CV-06-954-RHW,
    2006 U.S. Dist. LEXIS 83541 (S.D. Cal. Nov. 2, 2006) ............................................ 10

Chirik v. TD Banknorth, N.A., No. 06-04866, 2008 U.S. Dist. LEXIS 3939
    (E.D. Pa. Jan. 15, 2008) ................................................................................................. 9

Donovan v. Robbins, 752 F.2d 1170 (7th Cir. 1985) ........................................................ 11

Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005) ................................ 6

Fagin v. Gilmartin, No. 03-2631, 2007 U.S. Dist. LEXIS 7256
    (D.N.J. Feb. 1, 2007) ........................................................................................... 7-8, 12

Fleming v. Lind-Waldock & Co., 922 F.2d 20 (1st Cir. 1990) ......................................... 11

Gobble v. Hellman, No. 1:02CV0076, 2002 U.S. Dist LEXIS 26833
    (N.D. Ohio Mar. 26, 2002) ............................................................................................ 9

Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,
    545 U.S. 308 (2005).......................................................................................... 1, 5, 6, 13

Green v. William Mason & Co., 976 F. Supp. 298 (D.N.J. 1997) ................................... 13

Gross v. Weingarten, 217 F.3d 208 ............................................................................. 11, 14

Koresko v. Murphy, 464 F. Supp. 2d 463 (E.D. Pa. 2006) ......................................... 9-10

In re Masters Mates & Pilots Pension Plan and IRAP Litigation,
    957 F.2d 1020 (2d Cir. 1992) ............................................................................ 11, 13, 14

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71 (2006) ............... 12, 14

Musick, Peeler & Garrett v. Employers Insurance of Wausau,
    508 U.S. 286 (1993).......................................................................................................11

Rose v. SLM Finance Corp., No. 3:05CV445, 2007 U.S. Dist. LEXIS 14646
    (W.D.N.C. Feb. 28, 2007) .............................................................................................. 9

Stechler v. Sidley Austin Brown & Wood, LLP, No. 05-3485,
    2006 U.S. Dist LEXIS 1148 (D.N.J. Jan. 13, 2006) ................................................... 12

Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc., No. 06-43,
    2008 U.S. LEXIS 1091 (Jan. 15, 2008) .......................................................................12

Wietschner v. Gilmartin, No. 02-4879, 2003 U.S. Dist. LEXIS 18997
    (D.N.J. Jan. 14, 2003) ...............................................................................................8, 9, 12

## STATUTES AND OTHER AUTHORITIES

15 U.S.C. § 78aa ...........................................................................................................................12

15 U.S.C. § 78u-4(f) ...............................................................................................................11, 13

28 U.S.C. § 1331...................................................................................................................2, 5, 13

28 U.S.C. § 1441.......................................................................................................................2, 5

29 U.S.C. § 1144(a) ......................................................................................................................12

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), reprinted in
    1995 U.S.C.C.A.N. 730 ...........................................................................................13, 14

Pub. L. No. 104-67, 109 Stat. 737 (1995).....................................................................................13

Judge Amy J. St. Eve & Brice C. Pilz, The Fault Allocation Provisions of the
    Private Securities Litigation Reform Act of 1995 - A Roadmap for Litigants
    and Courts, 3 N.Y.U. J. L. & Bus. 187 (2006) ...........................................................13

Marc I. Steinberg & Christopher D. Olive, Contribution and Proportionate
    Liability Under the Federal Securities Laws in Multidefendant Securities
    Litigation After the Private Securities Litigation Reform Act of 1995, 50
    S.M.U. L. Rev. 337 (1996) .......................................................................................13

Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") respectfully submits this Memorandum of Law in Opposition to Plaintiff David Eidman's ("plaintiff") motion to remand. Merrill Lynch has moved for a stay of this action pending resolution of a motion before the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") to transfer this action to the Southern District of New York for coordination with 18 related actions pending there. The motion to stay is fully briefed before this Court. The J.P.M.L. has scheduled the transfer motion for consideration on March 27, 2008.

## PRELIMINARY STATEMENT

Merrill Lynch's removal of this action is proper because this action – alleging conduct identical to that alleged in the complaints asserting violations of the federal securities laws, yet purporting to assert only state-law claims – actually and necessarily raises substantial issues of federal law. Although plaintiff asserts that "it is clear from the face of the Complaint that Plaintiff has not alleged any claims 'arising under' the federal securities laws . . . but only alleges violations of state law," the complaint is actually replete with allegations that Merrill Lynch's board of directors violated the federal securities laws and plaintiff's claims depend primarily upon findings of liability under the federal securities laws. As such, plaintiff's right to relief depends upon the resolution of exclusively federal issues regarding the federal securities laws, among others. This Court may entertain these issues "without disturbing any congressionally approved balance of federal and state judicial responsibilities," Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005), because Congress has expressed a strong interest in the application of the federal laws in question. For these reasons, as set forth below, plaintiff's motion to remand should be denied.

## BACKGROUND

This action arises out of Merrill Lynch's announcement of its third quarter financial results on October 24, 2007, including that it had written down $7.9 billion across CDOs and U.S. subprime mortgages. (Compl. ¶¶ 2, 50-51.) In the days and weeks following that announcement, numerous related actions were filed in the Southern District of New York. There are currently 18 actions pending there. This action, filed in the Superior Court of New Jersey, Bergen County on December 4, 2007 – more than a month after the first derivative complaint was filed (on November 1, 2007) in the Southern District of New York – was timely removed to this Court on January 9, 2008 pursuant to 28 U.S.C. §§ 1331 & 1441. All defendants consented to removal. Merrill Lynch also moved the J.P.M.L. on January 9, 2008 to transfer this action to the Southern District of New York. The transfer motion will be considered by the J.P.M.L. on March 27. On January 14, Merrill Lynch moved to stay this action pending resolution of the Merrill Lynch's multidistrict transfer motion. On January 23, plaintiff filed a motion to remand the action to the state court.

### A.     The Parties

#### 1.     Plaintiff

Plaintiff David Eidman alleges that he resides in Bergen County, New Jersey and that he is and was a shareholder of Merrill Lynch "throughout the entirety of the time period of the complained of actions alleged" in the complaint. (Compl. ¶¶ 4-5.)

#### 2.     Defendants

##### (a)     Merrill Lynch & Co., Inc.

Nominal defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") is a Delaware corporation headquartered in New York. Through various subsidiaries, Merrill Lynch provides wealth management, capital markets and advisory services. (Compl. ¶ 6.)

2

### (b)    The Director Defendants

The complaint names as a defendant E. Stanley O'Neal, the Chief Executive Officer and Chairman of the Board of Directors of Merrill Lynch from 2003 until his resignation on November 1, 2007. (Id. ¶ 7.) In addition to Mr. O'Neal, the complaint names as defendants ten outside, non-management directors: Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese and Charles O. Rossotti (collectively, the "Director Defendants"). (Compl. ¶¶ 8-17.)

## B.    The Allegations of the Complaint Necessarily Raise Issues of Federal Law

Plaintiff's complaint is based upon the same alleged conduct that is at issue in the 18 related actions pending in the Southern District of New York. (See, e.g., Compl. ¶¶ 61-68.) Those actions constitute three nearly identical derivative actions, four actions brought under the federal securities laws and eleven actions brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). As in those cases, plaintiff here alleges that each of the Director "Defendants caused false statements to be issued in SEC filings." (Id. ¶ 61.) Plaintiff alleges that the "Director Defendants were involved in reviewing and/or disseminating false and misleading statements and information contained in the Company's SEC filings, press releases, and other public documents, were aware or recklessly disregarded that materially false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the securities laws." (Id. ¶ 73(b)(i).) Plaintiff further alleges that "[b]ecause the [Director] Defendants are liable for filing incorrect statements with the SEC and are thereby liable for violating the federal securities laws, demand would be futile." (Id.)

Plaintiff continues that "[t]he Director Defendants Reese, Rossotti, Prueher and Jonas currently comprise the Audit Committee and individually and collectively failed in their

3

duties of ensuring that the Company file true and complete financial statements with the SEC and thereby are liable for violations of the federal securities laws." (Id. ¶ 73(b)(ii).) Plaintiff also alleges that "[t]he Director Defendants Reese, Rossotti, Finnegan and Cribiore currently comprise the Finance Committee . . . . and collectively failed in their duties of ensuring that the Company file true and complete financial statements with the SEC and are thereby liable for violations of the federal securities laws." (Id. ¶ 72(b)(iii).) "An informal inquiry has been initiated by the SEC in order to determine whether the Company has violated the federal securities laws." (Id.) Plaintiff also alleges that the Director "Defendants have caused Merrill to waste valuable corporate assets by: awarding excessive compensation to senior executives, and by incurring potentially million [sic] of dollars of legal liability and legal costs to defend Defendants' unlawful actions," (id. ¶ 93) and "[a]s a result of the misconduct alleged herein, Defendants are liable to the Company" (id. ¶¶ 85, 90). Plaintiff seeks a judgment against the Director "Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties, waste of corporate assets and unjust enrichment."

Substantial federal questions are raised by plaintiff's allegations that the Director Defendants are liable for violations of the federal securities laws. Plaintiff alleges that the Director Defendants violated the federal securities laws both as the basis for his failure to make demand on the Board of Directors prior to commencing this action and as a basis for seeking indemnification or contribution on behalf of the Company.[1]

---

[1]    Defendants reserve all rights and defenses in connection with the action including but not limited to that the complaint should be dismissed for failure to make demand.

## ARGUMENT

### PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED

I.    **REMOVAL WAS PROPER BECAUSE AT LEAST ONE OF THE CLAIMS ASSERTED ARISES UNDER FEDERAL LAW**

A.    **Standards Governing Removal of a Purported State Law Claim**

District courts have original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court's decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005) "establishes that the existence of 'a cause of action created by federal law' is not a necessary condition for federal-question jurisdiction under 28 U.S.C. § 1331 or removal jurisdiction under 28 U.S.C. § 1441(a)." Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005). Accordingly, the question is not, as plaintiff maintains, whether plaintiff alleges "traditional state law counts." (Pl. Mem. at 4.) Instead, "arising under" jurisdiction under the "artful pleading doctrine" embodies the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., 545 U.S. at 312. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id. at 313.

"[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Id. at 314. Therefore, the Supreme Court

5

has not stated "a 'single, precise, all-embracing' test for jurisdiction over federal issues

embedded in state-law claims between nondiverse parties." Id. (citation omitted). Accordingly,

the "test" for whether a state law claim "arises under" federal law is, "does a state-law claim

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

may entertain without disturbing any congressionally approved balance of federal and state

judicial responsibilities." Id. "A single claim over which federal-question jurisdiction exists is

sufficient to allow removal." Broder, 418 F.3d at 194; see also Exxon Mobil Corp. v. Allapattah

Servs., Inc., 545 U.S. 546, 562-63 (2005) (explaining that "[o]nce the case [is] removed, the

District Court ha[s] original jurisdiction over the federal-law claims and supplemental

jurisdiction under [28 U.S.C.] § 1367(a) over the state-law claims").

      As set forth in Grable, for a state law claim to "arise under" federal law, it must

"necessarily raise a stated federal issue, actually disputed and substantial." 545 U.S. at 314. In

Grable, the petitioner had brought a quiet title action in Michigan State court, asserting that

respondent's title was invalid because the IRS, which had seized Grable's property and sold it to

respondent, "failed to notify Grable of its seizure of the property in the exact manner required by

[26 U.S.C.] § 6335(a)." Id. at 310-11. Respondent removed the action under federal question

jurisdiction "because the claim of title depended on the interpretation of the notice statute in the

federal tax law." Id. at 311. The Supreme Court (and both courts below) agreed: "Grable's

state complaint must specify 'the facts establishing the superiority of [its] claim,' and Grable has

premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by

federal law. Whether Grable was given notice within the meaning of the federal statute is thus

an essential element of its quiet title claim . . . ." Id. at 314-15 (first alteration in original)

(citation omitted).

**B.    Plaintiff's Claims for Breach of Fiduciary Duty, Abuse of Control and Waste of Corporate Assets Necessarily Raise Substantial Federal Issues**

Plaintiff's action was properly removed because, among other things, plaintiff alleges that the Director Defendants are liable for violations of the federal securities laws and, further, that they are liable to the Company for potentially millions of dollars of legal liability. (Compl. ¶¶ 73(b)(i)-(iii), 93; see also id. at ¶¶ 85, 90 ("As a result of the misconduct alleged herein, Defendants are liable to the Company.").) Plaintiff alleges, for example, that the Director "Defendants were involved in reviewing and/or disseminating false and misleading statements and information contained in the Company's SEC filings, press releases, and other public documents, were aware or recklessly disregarded that materially false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the securities laws." (Id. ¶ 73(b)(i).) Additionally, plaintiff alleges that the Director Defendants who are members of the Audit Committee and the Finance Committee are "liable for violations of the federal securities laws" and therefore, plaintiff was excused from making a demand on the Board of Directors prior to filing suit.

In his motion to remand, despite the foregoing – including several explicit allegations that "Defendants are liable for violations of the federal securities laws," (Compl. ¶¶ 73(b)(i)-(iii)) –plaintiff insists that he "only alleges violations of state law." (Pl. Mem. at 4.) Ignoring his own allegations, plaintiff maintains that merely "referenc[ing] the fact that Defendants caused Merrill to file false . . . SEC filings" does not make plaintiff's claims federal claims. (Pl. Mem. at 4.)[2]  Based on this mischaracterization of his own allegations, plaintiff maintains that according to a district court decision issued last year in Fagin v. Gilmartin, No.

03-2631, 2007 U.S. Dist. LEXIS 7256 (D.N.J. Feb. 1, 2007) (Chesler, J.), his claims do not arise

under federal law. (Pl. Mem. at 5-7.) Not only do plaintiff's claims differ significantly from

those considered in Fagin, but plaintiff fails even to mention – let alone address – the Wietschner

v. Gilmartin case, described in Fagin, which held that claims such as those asserted by plaintiff

here do arise under federal law. See Wietschner v. Gilmartin, No. 02-4879, 2003 U.S. Dist.

LEXIS 18997 (D.N.J. Jan. 14, 2003) (Cooper, J.); compare Fagin, 2007 U.S. Dist. LEXIS 7256,

at *19.

   Judge Cooper in Wietschner held that plaintiff's claims for breach of fiduciary

duty, misappropriation of confidential information and for contribution and indemnification

arose under federal law because the cause of action "involve[d] a strong federal interest" and

because the "'vindication of a right under state law necessarily turns on some construction of

federal law.'" 2003 U.S. Dist. LEXIS 18997, at *6, *8 n.3 (citing D'Alessio v. N.Y. Stock Exch.,

Inc., 258 F.3d 93 (2d Cir. 2001) and quoting Merrill Dow Pharm., Inc. v. Constr. Laborers

Vacation Trust, 463 U.S. 1, 9 (1983)). Denying plaintiff's motion to remand, the court explained

that "[p]laintiff's allegations here rely on federal law as more than mere evidence of breach of

fiduciary duty." Id. at *9. "First, defendant-directors made their allegedly inflated earnings

reports forming the basis of both Counts I and II of the Complaint, in large part, pursuant to the

requirements of federal law. Moreover, plaintiff's alleged injuries depend primarily upon

accusations against Merck for violations of federal law." Id. (citations omitted). Among other

things, plaintiff alleged that the Company was the subject of an SEC investigation as well as

securities fraud class actions and sought recovery from the director defendants therefor. Id. at *9

---

(cont'd from previous page)

[2] Plaintiff asserts that "[s]ignificantly, Defendants do not contest the fact that this Complaint, on its face, alleges
traditional state law counts." (Pl. Mem. at 4.) To the contrary, although plaintiff only sets forth state law causes
*(cont'd)*

& n.5 ; see also Gobble v. Hellman, No. 1:02CV0076, 2002 U.S. Dist. LEXIS 26833, at *9 (N.D.

Ohio Mar. 26, 2002) ("It is clear from the face of its well pleaded complaint that several counts

of Plaintiff's breach of fiduciary duty claims depend upon whether Defendants violated their

duties under the Federal Exchange Act and SEC Rules and regulations.  Therefore, the resolution

of Plaintiff's claims requires a construction and adjudication of substantial questions of federal

law . . . .").[3]

      Here, as in Wietschner, "[p]laintiff's allegations here rely on federal law as more

than mere evidence of breach of fiduciary duty." 2003 U.S. Dist. LEXIS 18997, at *9.  Instead,

certain of plaintiff's claims and alleged injuries raise substantial federal questions.  First, plaintiff

repeatedly alleges that the Director Defendants "are liable for violating the federal securities

laws. " (Compl. ¶¶ 73(b)(i)-(iii).)  Plaintiff alleges that demand on the ten members of the Board

of Directors (all of which are non-management, outside directors (Compl. ¶¶ 8-17)) is excused

based on allegations that the Director Defendants are liable for violations of the federal securities

laws. Compare, e.g., Gobble, 2002 U.S. Dist. LEXIS 26833, at *9 (denying remand and

rejecting plaintiff's contention that "[d]efendants cannot create federal jurisdiction by injecting a

federal question into the action," noting that, to the contrary, it was the plaintiff who had injected

the federal issue into the case); see also Wietschner, 2003 U.S. Dist. 18997, at *9; Koresko v.

Murphy, 464 F. Supp. 2d 463, 469 (E.D. Pa. 2006) ("Plaintiff's rescission claim necessarily

---

(cont'd from previous page)
    of action, as set forth in Notice of Removal (at ¶¶ 10-16) and herein, the complaint alleges a federal claim.

[3]  See also, e.g., Chirik v. TD Banknorth, N.A., No. 06-04866, 2008 U.S. Dist. LEXIS 3939, at *12-13 (E.D. Pa.
Jan. 15, 2008) (federal jurisdiction existed as to declaratory judgment action seeking conversion of a savings
account into a tax-qualified IRA nunc pro tunc, because plaintiff's action was "implicitly asking the Court (or a
Pennsylvania state court) to declare that the IRS's procedures for giving retroactive effect to a rollover are not
mandatory"); Rose v. SLM Fin. Corp., No. 3:05CV445, 2007 U.S. Dist. LEXIS 14646, at *10 (W.D.N.C. Feb.
28, 2007) (federal jurisdiction existed as to plaintiff's breach of contract claim, where plaintiff asserted that
disclosures issued pursuant to the federal Truth in Lending Act and the Real Estate Settlement Procedures Act
formed "some substantial part of the contract on which his state law claim is based").

raises a federal issue – i.e., whether the Defendants satisfied the condition precedent to the contract becoming binding by making the disclosures required by federal law . . . . The outcome-determinative nature of this issue makes it 'actually disputed and substantial' at this stage of the litigation.").[4]

Second, plaintiff's claim for waste of corporate assets (Compl. ¶¶ 92-94) seeks to recover from the Director Defendants for "caus[ing] Merrill Lynch to waste valuable corporate assets . . . by incurring potentially million [sic] of dollars of legal liability."[5] The complaint also prays for a judgment against the defendants "in favor of the Company for the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties [and] waste of corporate assets." The only existing exposure to legal liability against the Company based on the conduct alleged in the complaint are the federal claims, viz., claims under section 10(b) of the Securities Exchange Act of 1934[6] and claims under ERISA.[7] Furthermore, the only other

---

[4] Compare, e.g., In re Cal. Wholesale Elec. Antitrust Litig., No. CV-06-954-RHW, 2006 U.S. Dist. LEXIS 83541, at *2-3 (S.D. Cal. Nov. 2, 2006) (action brought by the State of California to enforce anti-fraud and consumer protection laws against energy trading company, alleging "unlawful, unfair, fraudulent and manipulative trading schemes to the detriment of the People of the State of California" arose under federal law because the "transaction[s] underlying the alleged fraudulent trading schemes occurred pursuant to the Federal Tariffs in the wholesale energy market"). "The basis for the award of statutory damages . . . would be violations of the obligations imposed by the Federal Tariff . . . . without them, the causes of action cannot be adjudicated." Id. at *6.

[5] Plaintiff's fourth cause of action for waste actually comprises three separate claims for waste. See Broder, 418 F.3d at 194 ("[W]hat a plaintiff presents as one 'count' may be understood to encompass more than one 'claim.'").

[6] The federal securities claims are asserted in Life Enrichment Foundation v. Merrill Lynch & Co., 07 CV 9633(LBS); Kossef v. Merrill Lynch & Co., 07 CV 10984(LBS); Garber v. Merrill Lynch & Co., 07 CV 11080(LBS); Conn v. Merrill Lynch & Co., 07 CV 11626(LBS). A fifth putative securities class action that had been pending was voluntarily dismissed.

[7] The actions asserting ERISA claims against Merrill Lynch are: Estey v. Merrill Lynch & Co., 07 CV 10268(LBS); Gidaro v. Merrill Lynch & Co., 07 CV 10273(LBS); Moore v. Merrill Lynch & Co., 07 CV 10398(LBS); Yashgur v. Merrill Lynch & Co., 07 CV 10569(LBS); Donlon v. Merrill Lynch & Co., 07 CV 10661(LBS); Esposito v. Merrill Lynch & Co., 07 CV 10687(LBS); Shaughnessey v. Merrill Lynch & Co., 07 CV 10710(LBS); Boland v. Merrill Lynch & Co., 07 CV 11054(LBS); Summers v. Merrill Lynch & Co., 07 CV 11615(LBS); Eastman v. Merrill Lynch & Co., 08 CV 0058(LBS); Pascullo v. Merrill Lynch & Co., 08 CV 1116(LBS).

potential legal liability specifically identified in the complaint is "[a]n informal inquiry . . .

initiated by the SEC in order to determine whether the Company has violated the federal

securities laws."  (Compl. ¶ 73(b)(iii).)

Implicit within an attempt to recover for legal liability incurred by the Company

for alleged violations of the securities laws and ERISA is a claim for contribution.  There is

exclusive federal jurisdiction for claims under the federal securities laws and ERISA.  See Gross

v. Weingarten, 217 F.3d 208, 224 (4th Cir. 2000) (allegations of violations of section 10(b) and

Rule 10b-5 are subject to exclusive federal jurisdiction and a contribution claim based on such

liability likewise is subject to exclusive federal jurisdiction) (citing Musick, Peeler & Garrett v.

Employers Ins. of Wausau, 508 U.S. 286, 298 (1993)); 15 U.S.C. § 78u-4(f) (PSLRA

contribution provisions).  In Gross, the Fourth Circuit held, among other things, that the district

court erred in dismissing on abstention grounds a contribution claim predicated on violations of

the federal securities laws because the contribution claim "is subject to exclusively federal

jurisdiction."  Gross, 217 F.3d at 223-24; see also Musick, Peeler & Garrett, 508 U.S. at 297

(defendants in a 10(b) action have a right to seek contribution as a matter of federal law); In re

Masters Mates & Pilots Pension Plan and IRAP Litig., 957 F.2d 1020, 1027 (2d Cir. 1992)

("[W]e have held that a system of proportional fault is to be developed as part of the federal

common law of ERISA and have specifically incorporated rights to indemnity and contribution

into that body of law."); Fleming v. Lind-Waldock & Co., 922 F.2d 20, 27 (1st Cir. 1990) ("[A]

right to contribution for liability arising from a violation of a federal statute is a matter of federal

law."); Donovan v. Robbins, 752 F.2d 1170, 1179 (7th Cir. 1985) ("Where contribution is sought

by one who has had to pay damages for violating a federal statute, the scope and limitations of

the right of contribution are invariably treated as questions of federal rather than state law.").

The Fagin case, upon which plaintiff principally relies (Pl. Mem. at 5-6), is inapposite. There, plaintiff's complaint did not allege that the directors were liable for violating the federal securities laws and plaintiff's right to relief did "not depend on the construction of federal law." Fagin, 2007 U.S. Dist. LEXIS 7256, at *12-13. Plaintiff's complaint here, however, does: Plaintiff has predicated his failure to make demand on the Board of Directors on the alleged "fact" that the Director Defendants are liable for violations of the federal securities laws, and the claim for waste seeks damages from the Director Defendants for the Company's "incurring potentially million[s] of dollars of legal liability" under laws that are exclusively federal subject matter. See 15 U.S.C. § 78aa (exclusive federal jurisdiction over claims under the Securities Exchange Act of 1934); 29 U.S.C. § 1144(a) (exclusive federal jurisdiction over claims under ERISA). Thus, the alleged violations of federal law are not, as the court explained in Wietschner, simply offered as "mere evidence of breach of fiduciary duty." Wietschner, 2003 U.S. Dist. LEXIS 18997, at *9. Rather, here, plaintiff's right to recover depends upon the construction of federal laws and a finding of liability under those laws. [8]

Congress has repeatedly expressed substantial federal interest in matters relating to the regulation of the securities markets. As the Supreme Court has reiterated, "[t]he magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 78 (2006); see also Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc., No. 06-43, 2008 U.S. LEXIS 1091 (Jan. 15, 2008) (reiterating the strong federal interest in construction and application of the federal securities laws in rejecting a so-called

---

[8]    For the same reasons, the other case relied upon by plaintiff (Pl. Mem. at 7), Stechler v. Sidley Austin Brown & Wood, LLP, No. 05-3485, 2006 U.S. Dist LEXIS 1148 (D.N.J. Jan. 13, 2006), is inapposite. Here, unlike in
                                                                                              (cont'd)

12

"scheme liability" under section 10(b)). Congress's codification in the Private Securities

Litigation Reform Act of 1995 ("PSLRA")[9] of special rules governing contribution in federal

securities cases further evinces the strong federal interest surrounding the findings necessary and

the corresponding degree to which a person may be held liable for contribution for securities law

violations. See 15 U.S.C. § 78u-4(f).[10]

      Although not codified by Congress, similar policy considerations have led to the

creation of federal common law to govern contribution claims relating to ERISA actions. See

Masters Mates, 957 F.2d at 1027; see also Green v. William Mason & Co., 976 F. Supp. 298,

300-01 (D.N.J. 1997).

> ### C.    This Court May Entertain This Substantial Federal Issue "Without Disturbing Any Congressionally Approved Balance of Federal State Judicial Responsibilities"

      As the Supreme Court explained in Grable, "the federal issue will ultimately

qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment

about the sound division of labor between state and federal courts governing the application of

[28 U.S.C.] § 1331." Grable & Sons Metal Prods., 545 U.S. at 313-14. Here, as set forth above,

any liability for alleged violations of the securities laws and/or ERISA are exclusively federal by

---

(cont'd from previous page)

    Stechler, the federal issue is not a "minor issue" and retaining jurisdiction will not be inconsistent with the congressionally approved balance of federal and state judicial responsibilities. Id. at *4.

[9]  Pub. L. No. 104-67, 109 Stat. 737 (1995) (codified in part at 15 U.S.C. §§ 77z-1, 78u-4).

[10]  Among other things, the PSLRA implemented a comprehensive contribution regime including proportionate liability for "non-knowing" violations of the federal securities laws. See 15 U.S.C. § 78u-4(f).; see also Judge Amy J. St. Eve & Brice C. Pilz, The Fault Allocation Provisions of the Private Securities Litigation Reform Act of 1995 – A Roadmap for Litigants and Courts, 3 N.Y.U. J. L. & Bus. 187 (2006); Marc I. Steinberg & Christopher D. Olive, Contribution and Proportionate Liability Under the Federal Securities Laws in Multidefendant Securities Litigation After the Private Securities Litigation Reform Act of 1995, 50 SMU L. Rev. 337 (1996); H.R. Rep. No. 104-369, at 37-38 (1995) (Cong. Rep.), reprinted in 1995 U.S.C.C.A.N. 730, 736-37 (noting that "[t]he current system of joint and several liability creates coercive pressure for entirely innocent parties to settle meritless claims rather than risk exposing themselves to liability for a grossly disproportionate share of the damages").

statute. See Gross, 217 F.3d at 223-24; Masters Mates, 957 F.2d at 1027. Thus, requiring

plaintiff's claims to be litigated in a federal forum is necessarily consistent with congressional

judgment. This conclusion is reinforced by Congress having made substantial amendments to

the federal securities laws in the last fifteen years. Congress has indisputably shown a strong

interest in such claims and could not have intended the state courts to determine whether the

defendants here are liable for federal securities violations. See, e.g., H.R. Rep. 104-369 at 37-39;

see also Dabit, 547 U.S. at 78.

**CONCLUSION**

For all of the foregoing reasons, plaintiff's motion to remand should be denied.

Dated: Newark, New Jersey
     February 19, 2008

Respectfully submitted,

By:   s/ Michael R. Griffinger
     Michael R. Griffinger
     **GIBBONS P.C.**
     One Gateway Center
     Newark, NJ 07102-5310
     mgriffinger@gibbonslaw.com
     Tel: 973-596-4500
     Fax: 973-639-6294

     *Co-Counsel for Nominal Defendant*
     *Merrill Lynch & Co., Inc.*

Of Counsel:

Jay B. Kasner
Scott D. Musoff
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735-2000

14

Michael R. Griffinger
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
mgriffinger@gibbonslaw.com
Tel: 973-596-4500
Fax: 973-639-6294

Jay B. Kasner (*Pro Hac Vice* Application to be Filed)
Scott D. Musoff
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735-2000

*Co-Counsel for Nominal Defendant*
*Merrill Lynch & Co., Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID EIDMAN, Derivatively on Behalf of MERRILL LYNCH & CO., INC., | Civil Action No. 08-126 (SDW) (MCA) |
| Plaintiffs, | *Document Electronically Filed.* |
| v. | |
| ERNEST STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE and CHARLES O. ROSSOTTI, | **CERTIFICATE OF SERVICE** |
| Defendants, | |
| and | |
| MERRILL LYNCH & CO., INC., | |
| Nominal Defendant. | |

I, **Geoffrey A. North,** hereby certify as follows:

1.      I am an associate of the law firm of Gibbons P.C., co-counsel for nominal

defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") in the above-captioned action.

2.      On February 19, 2008, pursuant to Local Civil Rule 5.2, I electronically filed and

served (i) Memorandum of Law of Merrill Lynch & Co., Inc in Opposition to Plaintiff's Motion

to Remand and (ii) this Certificate of Service; upon the following counsel:

James V. Bashian, Esq.          Paul O. Paradis, Esq.
**Law Offices of James V. Bashian, P.C.**     **Horwitz, Horwitz & Paradis**
271 Route 46 West, Suite F207    28 West 44th Street, 16th Floor
Fairfield, NJ 07004              New York, NY 10036
*Attorneys for Plaintiffs*       *Attorneys for Plaintiffs*

3.      Also on February 19, 2008, I served each of the preceding documents *via*

electronic mail and regular mail upon the following counsel:

Michael Schwartz, Esq.          Michael J. Chepiga, Esq.
**Horwitz, Horwitz & Paradis**      **Simpson Thacher & Bartlett LLP**
28 West 44th Street, 16th Floor    425 Lexington Avenue
New York, NY 10036              New York, NY 10017-3954
mschwartz@hhplawny.com           mchepiga@stblaw.com
*Attorneys for Plaintiffs*       *Attorneys for Defendant Ernest Stanley O'Neal*

Jason M. Halper, Esq.
**Cadwalader, Wickersham & Taft LLP**
One World Financial Center
New York, NY 10281
jason.halper@cwt.com
*Attorneys for Defendants Carol T. Christ,*
*Armando M. Codina, Virgis W. Colbert,*
*Alberto Cribiore, John D. Finnegan,*
*Judith Mayhew Jonas, Aulana L. Peters,*
*Joseph W. Prueher, Ann N. Reese and Charles O. Rossotti*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  February 19, 2008
        Newark, New Jersey                            Geoffrey A. North

2

#1270799 v1
101454-61824

# EXHIBIT D

LAW OFFICES OF JAMES V. BASHIAN, P.C.
James V. Bashian, Esq. (JB-6331)
271 Route 46 West, Suite F207
Fairfield, New Jersey 07004
Tel: (973) 227-6330
Fax: (973) 808-8665

Attorney for Plaintiff

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| David Eidman,<br>Derivatively On Behalf of<br>MERRILL LYNCH & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST STANLEY O'NEAL,<br>CAROL T. CHRIST, ARMANDO M.<br>CODINA, VIRGIS W. COLBERT,<br>ALBERTO CRIBIORE, JOHN D.<br>FINNEGAN, JUDITH MAYHEW JONAS,<br>AULANA L. PETERS, JOSEPH W.<br>PRUEHER, ANN N. REESE and<br>CHARLES O. ROSSOTTI,<br><br>Defendants,<br><br>and<br><br>MERRILL LYNCH & CO., INC.,<br><br>Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 08-CV-00126**<br><br><br><br><br><br>**REPLY BRIEF IN FURTHER<br>SUPPORT OF PLAINTIFF'S<br>MOTION TO REMAND** |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ........................................................................................ 1

PRELIMINARY STATEMENT ................................................................... 1

ARGUMENT ............................................................................................... 4

      DEFENDANT'S REMOVAL OF THIS ACTION
      WAS IMPROPER BECAUSE THE COMPLAINT
      DOES NOT ALLEGE ANY CLAIMS FOR
      VIOLATION OF THE FEDERAL SECURITIES LAWS ................................ 4

          A.    There Are No Disputed and Substantial
               Federal Securities Laws Issues .................................. 5

          B.    The Courts in Fagin and Gargiulo Disagree with
               the Wietschner Decision ............................................ 9

          C.    Plaintiff Does Not Allege
               a Cause of Action for Contribution ........................... 11

CONCLUSION ............................................................................................ 12

i

## TABLE OF AUTHORITIES

Page

## CASES

D'Alessio v. N.Y. Stock Exch., Inc.,
258 F.3d 93 (2d Cir. 2001)..........................................................................................10

Fagin v. Gilmartin,
No. 03-2631, 2007 U.S. Dist. Lexis 7256 (D.N.J. Feb. 1, 2007)....................8, 9, 10, 11

Gargiulo v. Decker,
No. SACV05-00103, 2005 U.S. Dist. LEXIS 6002
(C.D. Cal. March 30, 2005) ...........................................................................6, 7, 9, 10

Gobble v. Hellman,
No. 1:02CV0076, 2002 U.S. Dist. LEXIS 26833 (N.D. Ohio Mar. 26, 2002)............10

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,
545 U.S. 308 (2005)........................................................................................4, 10

Lander v. Hartford Life & Annuity Ins. Co.,
251 F.3d 101 (2d Cir. 2001).......................................................................................10

Wietschner v. Gilmartin,
No. 02-4879, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003).......................9, 10

## STATUTES

15 U.S.C. § 78bb(f)(3)(5)(C) .....................................................................................10

## INTRODUCTION

Plaintiff David Eidman ("Plaintiff") respectfully submits this reply memorandum of law in further support of his motion to remand this action to the Superior Court of New Jersey.

## PRELIMINARY STATEMENT

Contrary to Defendant's arguments, Plaintiff's allegations do not raise disputed and substantial federal securities law issues. Accordingly, this action was improperly removed to federal court.

This shareholder derivative action alleges breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and violations of quasi contract/unjust enrichment. The gravamen of Plaintiff's Amended Derivative Complaint ("Complaint or "Cplt., ¶__") is that Merrill Lynch & Co., Inc.'s ("Merrill" or "Defendant") board of directors ("Director Defendants") knowingly abdicated their credit risk management responsibilities and thereby caused Merrill to: (i) incur losses exceeding $7.9 billion in the third quarter of 2007 as a result of reckless investments in high risk Collateralized Debt Obligations ("CDOs"); (ii) be exposed to over $40 billion in CDOs as of July 2007; and (iii) allow Director Defendant Stanley O'Neal to resign and receive a full retirement package worth over $160 million. Cplt., ¶ 2.

Central to Plaintiff's Complaint is the allegation that Merrill had an internal Process Risk Management Program that "the Director Defendants...completely disregarded...and, as a result, permitted Merrill to engage in and become exposed to highly risky investments such that Merrill's financial risk exposure was materially beyond the risk levels permitted by Merrill's Process Risk Management Program." Cplt.,

1

¶ 28.   Remarkably, the truth of this allegation was admitted by Merrill's new Chief Executive Officer John Thain in a January 18, 2008 Wall Street Journal article wherein Mr. Thain stated, "Merrill had a Risk Committee. It just didn't function." (Emphasis added.)

Merrill's overall exposure to the volatile CDOs of subprime mortgage backed securities exceeded $41 billion as of late June of 2007. Cplt., ¶ 45. Despite Merrill's over-exposure in risky CDOs, the Director Defendants recklessly failed to require that Merrill's officers act in the best long and short term interests of Merrill. See, e.g., Cplt., ¶ 41 ("Director Defendants should have inquired and/or acted to insure that these investments were conducted in accordance with Merrill's Process Risk Management Program. By failing to do so, the Director Defendants breached the fiduciary duties that each of them owed to Merrill").

It took a $7.9 billion loss for the Director Defendants to begin to address the failure to adhere to Merrill's stated Process Risk Management Program, and thereby limit the Company's exposure to high risk CDOs. Only after Merrill had suffered billions of dollars in damages did Merrill create the position entitled Chief Risk Officer who was to have the primary responsibility of monitoring both market and credit risk functions. Cplt., ¶ 67.

The Complaint details the fiduciary and other duties that the Director Defendants completely and recklessly abdicated in violation of state law. See, e.g., Cplt., ¶ 20 ("Finance Committee is primarily responsible for...[c]redit and market risk management."); Cplt., ¶ 21 ("Defendants...owed Merrill fiduciary obligations of fidelity, trust, loyalty, candor, and due care and... have a duty to manage the Company's exposure

to credit and market risk in order to prevent losses."); Cplt., ¶ 25 ("as...directors of a publicly held company, Defendants had a duty to assure themselves and shareholders that Merrill would not write down over $7.9 billion of losses due to its positional overexposure in risky CDOs");. Cplt., ¶ 30 (Director Defendants' failure to fulfill their fiduciary responsibilities led to Merrill's failure to adhere to its stated risk management policies).

The Complaint also identifies the substantial corporate assets that the Director Defendants wasted. For example, in addition to causing the Company to incur billions of dollars in losses in CDOs, the Director Defendants, rather than firing Defendant O'Neal for presiding over the Company's biggest loss in 100 years, rewarded him with a $160 million retirement package. Cplt., ¶ 59.

Because the Complaint only alleges state law claims for breach of fiduciary duty and does not allege claims for violations of the federal securities laws, this action was improperly removed, and this Court should now remand the action to the New Jersey Superior Court where is was originally and properly filed.

As detailed above and in the Complaint, the issues relating to federal securities laws cited by Defendant are entirely contrived, and are not necessary or substantial issues that need to be resolved. Further, Plaintiff alleges no cause of action the prosecution of which fundamentally relies on the interpretation of federal law. Defendant's Memorandum of Law ("Defs. Br.") attempts to sidestep this point by repeatedly citing to the scant few paragraphs in the Complaint that mention federal securities laws. Defendant fails to appreciate that the mere mention of the federal securities laws in the Complaint does not transform this action alleging violations of state law into an action

3

'arising under' federal law.  Although the violation of the securities laws may be one of the many consequences of Defendant's conduct, that does not require the trial court to decide issues of federal law.

Moreover, Defendant's bald assertion that federal securities issues form Plaintiff's basis for "seeking indemnification and contribution on behalf of the Company" does not make it true.  Plaintiff does not request contribution or indemnification in any of the Counts in the Complaint, either explicitly or implicitly.  The corporate waste alleged throughout the Complaint is based on a number of factors, including the billions of dollars lost a result of the reckless CDO strategy (Cplt., ¶ 29); the unjustifiable "reward" of over $160 million paid to Defendant O'Neal (Cplt., ¶ 59); and the costs of defending the Company from the class actions brought against it – none of which involve any allegation that the federal securities laws were violated or require the trial court to determine issues of federal law.

All of Plaintiff's allegations can and should be adjudicated in New Jersey state court.

## ARGUMENT

### DEFENDANT'S REMOVAL OF THIS ACTION WAS IMPROPER BECAUSE THE COMPLAINT DOES NOT ALLEGE ANY CLAIMS FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

A fair reading of the Complaint reveals purely state-law claims which do <u>not</u> "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308, 312 (2005).

### A.     There Are No Disputed and Substantial Federal Securities Laws Issues

Defendant repeatedly cites paragraph 73(b) of the Complaint (see, e.g., Defs. Br. at 3, 4, 7, 9), in a vain attempt to re-cast the Complaint as having causes of action which implicate violations of federal law. The Court should reject such tactics. The heart of this Complaint does not involve allegations that the Director Defendants caused false statements to be issued in Merrill's SEC filings. Rather, central to the Complaint is the allegation that the Director Defendants breached their fiduciary duties by recklessly ignoring Merrill's imprudent overexposure to billions of dollars of risky investments. Cplt., ¶ 2 (the action seeks to remedy Defendants' breach of fiduciary duties); id., ¶¶ 21-25 (enumerates the numerous duties that the Director Defendants failed to adhere to); id., ¶¶ 44-55 (discusses the overexposure to CDOs and the fact that the Director Defendants did not question this imprudent investment strategy).

Plaintiff does not allege that the damages were necessarily caused to the Company by the violations of the securities laws. To the contrary, the relief requested derives from the necessary and substantial violations of state law vis-à-vis the Director Defendants' voluntary abdication of their fiduciary responsibilities, which resulted in tens of billions of dollars in damages to Merrill from February 2007 through the third fiscal quarter of 2007.

Moreover, Defendant's attempt to justify their argument that a federal issue is substantial and necessary to the adjudication of Plaintiff's claims by citing to 8 paragraphs of the 97 paragraph Complaint that mention the securities laws is flawed. Defs. Br. at 7. Not one of these paragraphs can be viewed as containing a necessary or substantial element of any of Plaintiff's claims because the substantial damages incurred

by the Company arose from the Director Defendants' violations of their duties of loyalty and good faith when they violated their own credit risk policies and caused the Company to engage in unsound underwriting practices. <u>See, e.g.</u>, <u>Gargiulo v. Decker</u>, No. SACV05-00103, 2005 U.S. Dist. LEXIS 6002 at *2-4 (C.D. Cal. March 30, 2005).

In <u>Gargiulo</u>, plaintiff brought a shareholder derivative suit under state statutory and common law on behalf of Conexant Systems, Inc. Defendants removed the action to federal court and the plaintiff moved to remand the action. In remanding the action, the court took note that the complaint made numerous references to the federal securities laws:

> (1) Individual Defendants "participated in the issuance of false and/or misleading statements, <u>including the preparation of the false and/or misleading press releases and [SEC] filings</u>,"
>
> (2) the Individual Defendants had a duty to:
>
> (a) "ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and <u>disseminating truthful and accurate statements to the SEC and investing public</u>,";
>
> (b) "<u>to comply with federal and state securities laws</u>,"; and
>
> (c) "ensure that the Company was operated in a diligent, honest and prudent manner <u>in compliance with all applicable federal, state and local laws, rules and regulations</u>,";
>
> (3) "In addition, as a result of defendants' illegal actions and course of conduct . . . <u>the Company is now the subject of several class action law suits that allege violations of federal securities laws. As a result, Conexant has expended and will continue to expend significant sums of money</u>,"; and
>
> (4) <u>Plaintiff has not made any demand on the board of Conexant to bring suit since</u>:
> (a) "it is their actions that <u>have subjected Conexant to millions of dollars in liability for possible violations of applicable securities laws</u>,"; and

6

        (b) "[a]ny suit by the current directors . . . would likely expose the Individual Defendants and Conexant to further violations of the securities laws . . . ,"

Id. at *5-6 (internal citations omitted) (emphasis added).

        Nevertheless, the court remanded the action and dismissed nearly identical arguments as those made by Defendant here. The court held that despite all of the references to the federal securities laws, the federal issues were not "essential elements of any of Plaintiff's state law claims." Gargiulo, 2005 U.S. Dist. LEXIS 6002 at *6 (emphasis added). Significantly, the court found that "the complaint does not refer to specific provisions of federal securities laws allegedly violated herein. The general references to the federal securities laws are never made as the sole or predominant reason for Plaintiff's claims." Id. at *8 (emphasis added).

        In the instant litigation, the Complaint may mention the federal securities laws, but the sole allegation in the Complaint concerning the violation of the federal securities laws are contained in only one paragraph out of the 97 paragraphs in the Complaint, namely, paragraph 73(b), which Defendant cites to 9 times in their brief. The allegation that Director Defendants' caused legal liability for Merrill by violating the securities laws, however, was asserted in order to demonstrate that demand on the Director Defendants would be futile and not for the purpose of establishing any liability on the part of the Director Defendants for violation of the federal securities laws.

        Contrary to Defendant's assertions, the Complaint is not "actually replete with allegations that Merrill Lynch's board of directors violated the federal securities laws." Defs. Br. at 1. Indeed, the necessary and substantial allegations laid out in the Complaint stem from the violations of the Director Defendants' duties to enforce the Company's

risk management policies and procedures so as to not overexpose the Company to injurious high risk; a claim created and controlled by under state law. The Complaint contains specific allegations that the Director Defendants breached their fiduciary duties and caused Merrill to suffer billions of dollars in losses. Cplt., ¶ 1 ("connection with breaches of their fiduciary duties of loyalty, due care and oversight of Merrill's imprudent underwriting of [CDOs] and insufficient internal controls and mismanagement by the Company's managing senior executives between 2003 and 2007"); id., ¶ 2 ("This shareholder derivative suit seeks to remedy Defendants' breach of fiduciary duties, abuse of control, and gross mismanagement arising out of a wrongful course of business conduct..."), id., ¶¶ 21-25 ("Defendants' Duties"); id., ¶¶ 26-30 (describing Director Defendants' failure to adhere to Merrill's internal risk management program); id., ¶¶ 41-42 (Director Defendants' failure to inquire about Merrill's poor investment strategy); id., ¶¶ 44-55 (describes Merrill's overexposure in CDOs); see also id., ¶¶ 19, 20, 58-60, 66, 67, 69, 73(a), 73(b)(iii) and (iv), 75-76, 79-81, 82-86, 87-91, 92, 95-97.

Moreover, the facts in Fagin v. Gilmartin are squarely on point. Fagin v. Gilmartin, No. 03-2631, 2007 U.S. Dist. Lexis 7256 (D.N.J. Feb. 1, 2007) (Chesler, J.). Indeed, Defendant's attempts to distinguish Fagin are not only unpersuasive; they squarely support Plaintiff's position. Defendant contends that in Fagin "plaintiff's complaint did not allege that the directors were liable for violating the federal securities laws and plaintiff's right to relief did not depend on the construction of federal law." Defs. Br. at 12. This statement, however, misses the point. Fagin holds that even though the complaint "alleg[es] that one component of the alleged wrongdoing was, in essence,

8

making false filings with the SEC (id. at *13), such allegations did not "raise a substantial and disputed question of federal law." Id. at *13.

Thus, the Fagin court rejected the very same argument that Defendant advances here -- namely, that the merits of the plaintiff's state law claims necessarily required the court to resolve whether the acts alleged to constitute breach of fiduciary duty violated federal securities laws. Id. at *13. In so doing, the court found that the violations of federal securities laws was not an essential element of plaintiff's state law derivative suit alleging state law breaches of fiduciary duty. The same holds true for Plaintiff's claims herein, i.e., that Plaintiff's "right to relief [does] not depend on the construction of federal law." Defs. Br. at 12.

**B.    The Courts In Fagin and Gargiulo Disagree with the Wietschner Decision**

Defendant relies heavily on Wietschner v. Gilmartin, No. 02-4879, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003) (Cooper, J.), a decision criticized by two courts, including the Fagin court, for lacking an appropriate analysis. Indeed, the courts in Fagin and Gargiulo both analyzed the Wietschner decision and flat out disagreed with that court's reasoning, or lack thereof.

In Fagin, the court provided its own legal and factual analysis, and then stated:

> For the reasons discussed above, this Court respectfully disagrees with the analysis of the Wietschner court. At the core of this case, the injuries of which Plaintiffs complain arise from Defendants' alleged breach of duties created and defined by state law. The fact that a court may have to look to federal law to evaluate whether Defendants' alleged misconduct violated their state law obligations does not, in this case, elevate the federal law aspect of the alleged misconduct into a substantial question of federal law.

Fagin, 2007 U.S. Dist. Lexis 7256 at *19 (emphasis added).

The court in Gargiulo reached the very same conclusion:

> The rationale of <u>Wietschner</u> is also <u>unhelpful since the court merely stated</u>
> <u>that the breach of fiduciary duty claim was "primarily" based on federal</u>
> <u>securities laws without explaining what made it "primarily" so, and the</u>
> <u>court relied on D'Alessio, which, as described above, is inapplicable.</u>[1]

<u>Gargiulo</u>, 2005 U.S. Dist. LEXIS 6002 (emphasis added).[2]

Accordingly, Plaintiff's allegations of violations of state law do not require interpretation of federal law or any duties which are exclusively federal in nature. Therefore, federal securities law issues are not substantial and necessary issues herein, and as such, this Court lacks jurisdiction over this action.[3]

---

[1]     <u>D'Alessio v. N.Y. Stock Exch., Inc.</u>, 258 F.3d 93 (2d Cir. 2001) involved an action premised on duties derived exclusively from federal law -- the Exchange Act of 1934. Here, the duties that the directors were required to abide to are <u>exclusively</u> derived from state law.

[2]     Defendant also incorrectly relies on <u>Gobble v. Hellman</u>, No. 1:02CV0076, 2002 U.S. Dist. LEXIS 26833 (N.D. Ohio Mar. 26, 2002). The <u>Gobble</u> court actually supports Plaintiff's position by acknowledging that "allegations that simply provide a factual basis for a claim and which could independently support either a state law claim or a federal law claim are generally not sufficient to create a substantial question of federal law or to confer jurisdiction to the federal courts." Id. at *8 n.1. Here, the facts in the Complaint strongly and independently support the state law fiduciary duty claims.

[3]     Defendant incorrectly claims that Congress intended shareholder derivative actions containing federal securities laws questions remain in federal court. (Defs. Br. at 13-14). Indeed, the State Law Uniform Standards Act ("SLUSA"), which allows for the removal of any "covered class action" to federal court, has a specific carve out for "an exclusively derivative action brought by one or more shareholders on behalf of a corporation." 15 U.S.C. §.78bb(f)(3)(5)(C); <u>see</u> <u>Lander v. Hartford Life & Annuity Ins.</u> <u>Co.</u>, 251 F.3d 101, 113 (2d Cir. 2001). Congress intended the shareholder derivative action to remain in state court and removal of this action would "disturb the congressionally approved balance of federal and state judicial responsibilities." <u>Grable</u>, 545 U.S. 308 at 312.

C.    **Plaintiff Does Not Allege**
       **a Cause of Action for Contribution**

Defendant further argues that "implicit within an attempt to recover for legal liability incurred by the Company for alleged violations of the securities laws and ERISA is a claim for contribution." Defs. Br. at 11.

Defendant's argument is particularly odd because the Complaint does not allege any cause of action for contribution or indemnification. In apparent recognition of this fact, Defendant urges this Court to improperly imply such a cause of action. Not surprisingly, Defendant has not cited any case to support this position.

Moreover, in Fagin, where the plaintiff specifically alleged a cause of action for indemnification and contribution for violations under the securities laws, the court held that the state court was the proper forum to evaluate and assess the merits of that cause of action. Fagin, 2007 U.S. Dist. Lexis 7256 at *2-3, 20. Thus, even if the Court were to construe any portion of the Complaint as alleging a claim for either contribution or indemnification, such construction would not confer jurisdiction to this Court.

Defendant also alleges that Plaintiff confines his allegations concerning corporate waste to issues of liability under the federal securities laws. See Defs. Br. at 10. Such a claim is disingenuous at best, since Defendant has intentionally omitted the allegations that are at the heart of Plaintiff's Complaint. For example, in paragraph 93, which is cited by Defendant, Defendant uses an ellipse to omit Plaintiff's allegations that the Director Defendants are liable for corporate waste for, "awarding excessive compensation to senior executives..." See also Cplt., ¶¶ 59, 73(b)(iv). Since Plaintiff has alleged acts of waste which have nothing to do with liability arising under with the federal securities

laws or ERISA, and instead directly impact state laws of corporate waste, Defendant's

argument that Plaintiff's claims belong in federal court is without merit.

Thus, Defendant's argument that Plaintiff is seeking contribution under a federal

statute in this shareholder derivative action is incorrect as a matter of both fact and law.

Accordingly, this action should be remanded to the Superior Court of New Jersey.

## CONCLUSION

On the basis of the foregoing and the entirety of the record in this action, Plaintiff

respectfully requests that this Court immediately remand this improperly removed

shareholder derivative action to the Superior Court of New Jersey, Bergen County, Law

Division.

Dated: February 25, 2008

LAW OFFICES OF JAMES V.
BASHIAN, P.C..
By: /S/ James V. Bashian
James V. Bashian, Esq. (JB-6331)
271 Route 46 West, Suite F207
Fairfield, New Jersey 07004
Tel: (973) 227-6330
Fax: (973) 808-8665

Paul O. Paradis, Esq.
Michael A. Schwartz, Esq.
Gina M. Tufaro, Esq.
Edward Kroub, Esq.
**HORWITZ, HORWITZ &**
**PARADIS, Attorneys at Law**
28 West 44th Street, 16th Floor
New York, NY 10036
Phone: (212) 404-2200
Fax:    (212) 404-2226

Attorneys for Plaintiff

12

LAW OFFICES OF JAMES V. BASHIAN, P.C.
James V. Bashian, Esq. (JB-6331)
271 Route 46 West, Suite F207
Fairfield, New Jersey 07004
Tel: (973) 227-6330
Fax: (973) 808-8665

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| David Eidman,<br>Derivatively On Behalf of<br>MERRILL LYNCH & CO., INC.,<br><br>        Plaintiff,<br><br>      v.<br><br>ERNEST STANLEY O'NEAL,<br>CAROL T. CHRIST, ARMANDO M.<br>CODINA, VIRGIS W. COLBERT,<br>ALBERTO CRIBIORE, JOHN D.<br>FINNEGAN, JUDITH MAYHEW JONAS,<br>AULANA L. PETERS, JOSEPH W.<br>PRUEHER, ANN N. REESE and<br>CHARLES O. ROSSOTTI,<br><br>        Defendants,<br><br>and<br><br>MERRILL LYNCH & CO., INC.,<br><br>        Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    **CASE NO. 08-CV-00126 (SDW)(MCA)**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>   **ELECTRONICALLY FILED** |

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed and served the

foregoing Reply Brief in Further Support of Plaintiff's Motion to Remand and Certificate

of Service with the Clerk of the District Court using the CM/ECF system pursuant to

Local Civil Rule 5.2 on:

Michael R. Griffinger
GIBBONS, P.C.
One Gateway Center
Newark, NJ 07102-5310

Also, on February 25, 2008, I caused a true and correct copy of the foregoing

Reply Brief in Further Support of Plaintiff's Motion to Remand and Certificate of Service

upon the following counsel by regular mail:

Jay B. Kasner, Esq.
Scott D. Musoff, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Michael J. Chepiga, Esq.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954

Dennis Block, Esq.
Jason M. Halper, Esq.
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281

I hereby certify that the foregoing statements made by me are true. I am aware

that if any of the foregoing statements made by me are willfully false, I am subject to

punishment.

/s/ James V. Bashian
JAMES V. BASHIAN

2

# EXHIBIT E

**HORWITZ, HORWITZ & PARADIS**
ATTORNEYS AT LAW
28 WEST 44TH STREET, 16TH FLOOR
NEW YORK, NY 10036
TELEPHONE (212) 404-2200
FACSIMILE (212) 404-2226

CHICAGO OFFICE:
25 E. WASHINGTON STREET
SUITE 900
CHICAGO, IL 60602
TELEPHONE (312) 372-8822
FACSIMILE (312) 372-1673

May 5, 2008

**BY HAND DELIVERY**

Hon. Leonard B. Sand
United States District Court,
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1650
New York, NY 10007

> Re:     Eidman v. O'Neal, et al., Civil Action No. 08-00126 (SDW) (MCA)
>          In re: Merrill Lynch & Co., Inc., Securities, Derivative & ERISA Litigation,
>          MDL No. 1933, 08-md-01933-LBS

Dear Judge Sand:

We are co-counsel for plaintiff David Eidman ("Plaintiff") in the referenced derivative action transferred to this Court pursuant to the April 07, 2008 Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPMDL") for coordinated and consolidated pretrial proceedings with In re: Merrill Lynch & Co., Inc., Securities, Derivative & ERISA Litigation.

We write to request that this Court hear Plaintiff's Motion to Remand, which, at the time the Transfer Order was entered, was fully briefed and pending before the Honorable Susan Wigenton, U.S.D.J., for the District of New Jersey.

Plaintiff filed his shareholder derivative complaint (the "Complaint") on December 4, 2007 in New Jersey Superior Court, Bergen County. On January 9, 2008, nominal defendant Merrill Lynch & Co., Inc. ("Merrill") removed the action to the District of New Jersey arguing that the claims asserted in the Complaint arose under federal law. Merrill concurrently moved the JPMDL to transfer this action to the Southern District of New York and filed a Motion to Stay the proceedings pending the decision of the JPMDL.

On January 23, 2008, Plaintiff moved the New Jersey District Court to remand this action to the New Jersey Superior Court pursuant to 28 U.S.C. § 1447(c) on grounds that the District

# HORWITZ, HORWITZ & PARADIS
**ATTORNEYS AT LAW**

Hon. Leonard B. Sand, U.S.D.J.
May 5, 2008
Page 2 of 3

Court did not have original jurisdiction over this action because: (i) the Complaint did not allege any federal claims; and (ii) there was a lack of "complete" diversity.

Because this Court lacks original jurisdiction over this improperly removed action, plaintiff hereby requests that this Court hear Plaintiff's Motion to Remand at its earliest convenience.

We are enclosing herewith courtesy copies of the fully-briefed Motion to Remand:

(a)     Notice of Motion to Remand, Memorandum of Law in Support of Plaintiff's Motion to Remand, Proposed Order of Remand and Certificate of Service;

(b)     Memorandum of Law of Merrill Lynch & Co., Inc. in Opposition to Plaintiff's Motion to Remand and Certificate of Service; and

(c)     Reply Brief in Further Support of Plaintiff's Motion to Remand and Certificate of Service.

Respectfully submitted,

Michael A. Schwartz

cc:    Jay Kasner (via mail and email)
       Scott Musoff (via mail and email)
       Michael R. Griffinger (via mail and email)
       Geoffrey Alec North (via mail and email)
       James V. Bashian (via email)
       A. Arnold Gershon (via mail and email)
       Arthur M. Stock (via mail and email)
       Aviah Cohen- Pierson (via mail and email)
       Donald R. Hall, Jr. (via mail and email)
       Frederic Scott Fox, Sr. (via mail and email)
       Jeffrey Alan Barrack (via mail and email)
       Jeffrey Philip Campisi (via mail and email)
       Joel B. Strauss (via mail and email)
       Lane Lanier Vines (via mail and email)
       Lawrence Jay Lederer (via mail and email)
       M. Richards Komins (via mail and email)
       Merrill G. Davidoff (via mail and email)
       Regina Marie Calcaterra (via mail and email)

# HORWITZ, HORWITZ & PARADIS
**ATTORNEYS AT LAW**

Hon. Leonard B. Sand, U.S.D.J.
May 5, 2008
Page 3 of 3

Robert N. Kaplan (via mail and email)
David Avi Rosenfeld (via mail and email)
Jack Gerald Fruchter (via mail and email)
Samuel Howard Rudman (via mail and email)
Brett M Weaver (via mail)
Francis A. Bottini (via mail)
Frank J. Johnson (via mail)
Thomas G. Amon (via mail and email)
Arvind Khurana (via mail and email)
Lori Gwen Feldman (via mail and email)
Sara Esther Fuks (via mail and email)
Edward W. Ciolko (via mail and email)
Joseph H. Meltzer (via mail and email)
Joseph A. Weeden (via mail)
Katherine B. Bornstein (via mail and email)
Wai Kin Chan (via mail and email)
Thomas James Mckenna (via mail and email)
Richard B. Brualdi (via mail and email)
Robert A. Izard (via mail)
William Edward Bernarduci (via mail and email)
Jill Sharyn Abrams (via mail and email)
Bruce F. Rinaldi (via mail and email)
Lynda J. Grant (via mail and email)
Marc Ira Machiz (via mail and email)
Michelle Celia Yau (via mail and email)
Marc Ian Gross (via mail and email)
Christopher J. Keller (via mail and email)
Ralph M. Stone (via mail and email)
Thomas George Ciarlone, Jr. (via mail and email)
Edwin J. Mills (via mail and email)

# EXHIBIT F

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-12-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID EIDMAN,

                           Plaintiff,       :      **ORDER**

    -against-                    :      08 Civ. 126 (SDW)(MCA)

ERNEST STANLEY O'NEAL, et al.    :

                       Defendants.   :
-------------------------------------------------------x
In re: MERRILL LYNCH & CO., INC.,   :      07 Civ.9633 (LBS)
     Securities, Derivative & ERISA Litigation
-------------------------------------------------------x

SAND, J.

          By letter dated May 5, 2008, counsel for plaintiff David Eidman asks this Court to

hear his motion to remand this case to the District of New Jersey alleging that it was fully briefed

and pending at the time of the transfer order.  Plaintiff asks that this Court hear the motion to

remand "at its earliest convenience".  No other party has as yet responded to this letter.

          The Court believes that serious questions may exist as to the appropriateness of

separate consideration of the motion to remand prior to further proceedings of the cases now

consolidated pursuant to the transfer order.

          The Court directs that counsel for Merrill Lynch and plaintiff brief to this court

the question whether it is appropriate for the Court now to consider the aforementioned motion to

remand separate and apart from any further proceedings in the consolidated cases.  Any other

party wishing to express its views on this issue is of course free to do so.  All such submissions

shall be filed on or before June 12, 2008.

SO ORDERED.

Dated:     New York, New York
           May 12, 2008

_____
                    U.S.D.J.