# EXHIBIT MM

**Table of Contents**

Registration No. 333-[ • ]

**As filed with the Securities and Exchange Commission on May 7, 2007**

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

### Form S-4
REGISTRATION STATEMENT
UNDER
THE SECURITIES ACT OF 1933

# MERRILL LYNCH & CO., INC.
*(Exact Name of Registrant as Specified in Its Charter)*

| Delaware | 6211 | 13-2740599 |
|---|---|---|
| *(State or Other Jurisdiction of Incorporation or Organization)* | *(Primary Standard Industrial Classification Code Number)* | *(IRS Employer Identification Number)* |

**4 World Financial Center**
**New York, New York 10080**
**(212) 449-1000**

*(Address, Including Zip Code, and Telephone Number, Including Area Code, of Registrant's Principal Executive Offices)*

**Richard Alsop, Esq.**
**General Counsel Corporate Law**
**Merrill Lynch & Co., Inc.**
**222 Broadway — 17th Floor**
**New York, New York 10038**
**(212) 449-1000**

*(Name, Address, Including Zip Code, and Telephone Number, Including Area Code, of Agent for Service)*

*Copies to:*

| Edward J. Dobranski, Esq. | Mitchell S. Eitel, Esq. | John M. Reiss, Esq. |
|---|---|---|
| General Counsel | Sullivan & Cromwell LLP | Laura Sizemore, Esq. |
| First Republic Bank | 125 Broad Street | White & Case LLP |
| 111 Pine Street, 2nd Floor | New York, New York 10004 | 1155 Avenue of the Americas |
| San Francisco, California 94111 | (212) 558-4000 | New York, New York 10036 |
| (415) 392-1400 | | (212) 819-8200 |

**APPROXIMATE DATE OF COMMENCEMENT OF THE PROPOSED SALE OF THE SECURITIES TO THE PUBLIC:** As soon as practicable after this Registration Statement becomes effective and upon completion of the transaction described in the enclosed proxy statement/prospectus.

If the securities being registered on this Form are being offered in connection with the formation of a holding company and there is compliance with General Instruction G, check the following box. ☐

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act of 1933, as amended ("Securities Act"), check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(d) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

### CALCULATION OF REGISTRATION FEE

| Title of Each Class of Securities to be Registered | Amount to be Registered | Proposed Maximum Offering Price per Share | Proposed Maximum Aggregate Offering Price | Amount of Registration Fee |
|---|---|---|---|---|
| Common Stock, par value $1.33$^{1}/_{3}$ per share (including preferred share purchase rights)(1) | 12,000,000 shares(2) | N/A | $895,559,426(3) | $27,493.67(4) |
| Preferred Stock, par value $1.00 per share | 115,000 shares(5) | N/A | $115,000,000(6) | $3,530.50(4) |

(1) Prior to the occurrence of certain events, the preferred share purchase rights will not be evidenced separately from the Common Stock. The value attributable to such rights, if any, is reflected in the market price of the Common Stock.

(2) Represents the maximum number of shares of common stock of the registrant, Merrill Lynch & Co., Inc., estimated to be deliverable upon completion of the merger of First Republic Bank with and into Merrill Lynch Bank & Trust Co., FSB, a wholly owned subsidiary

**Table of Contents**

- broker-dealer activities;
- accounting controls;
- risk management;
- fiduciary commitments and duties;
- loan portfolio; and
- financial advisors.

In addition, Merrill Lynch has made representations and warranties to First Republic in the merger agreement as to, among other things, the availability of sufficient funds to pay the cash consideration and the treatment of the merger as a reorganization under the Internal Revenue Code.

With the exception of the representations and warranties relating to events having a materially adverse effect on First Republic or Merrill Lynch, which must be true in all respects, and the representations and warranties relating to Merrill Lynch's and First Republic's capital stock, which must be true in all material respects, no representation or warranty of First Republic or Merrill Lynch will be deemed untrue, and no party will be deemed to have breached a representation or warranty, as a consequence of the existence of any fact, event or circumstance unless such fact, circumstance or event, individually or taken together with all other facts, events or circumstances inconsistent with any representation or warranty, has had or is reasonably likely to have a material adverse effect with respect to First Republic or Merrill Lynch, as the case may be.

The term "material adverse effect," as used with respect to Merrill Lynch or First Republic, means an individual or aggregate effect that (1) has a material adverse effect on the financial condition, results of operations, assets or business of Merrill Lynch or First Republic, as the case may be, and their respective subsidiaries, taken as a whole, or (2) would materially impair the ability of Merrill Lynch or First Republic, as the case may be, to perform its obligations under the merger agreement or to consummate the transactions contemplated by the merger agreement. For these purposes, changes in laws, regulations, GAAP and regulatory accounting requirements, and economic or market conditions that generally affect the banking or financial services industry would not be deemed a material adverse effect. Changes in global or national political conditions, terrorist attacks, natural disasters, the effects of actions or omissions permitted or required by the merger agreement or the announcement or pendancy of the merger agreement or of the transactions contemplated by the merger agreement would not constitute a material adverse effect. Further, a failure by Merrill Lynch or First Republic, as the case may be, to meet projections or forecasts or revenue or earnings predictions, would not constitute a material adverse effect.

The representations and warranties in the merger agreement were made for purposes of the merger agreement and are subject to qualifications and limitations agreed to by the respective parties in connection with negotiating the terms of the merger agreement. In addition, certain representations and warranties were made as of a specific date, may be subject to a contractual standard of materiality different from what might be viewed as material to stockholders, or may have been used for purposes of allocating risk between the respective parties rather than establishing matters as facts. This description of the representations and warranties, and their reproduction in the copy of the merger agreement attached to this document as **Annex A**, are included solely to provide investors with information regarding the terms of the merger agreement. Accordingly, the representations and warranties and other provisions of the merger agreement should not be read alone, but instead should only be read together with the information provided elsewhere in this document and in the documents incorporated by reference into this document, including the periodic and current reports and statements that Merrill Lynch and First Republic file with the SEC and FDIC, respectively. For more information regarding these documents incorporated by reference, please see the section entitled "Where You Can Find More Information" beginning on page 93.