# TAB 1

1 of 1 DOCUMENT

IN RE 2007 NOVASTAR FINANCIAL, INC., SECURITIES LITIGATION,

Case No. 07-0139-CV-W-ODS

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

*2008 U.S. Dist. LEXIS 44166*

June 4, 2008, Decided
June 4, 2008, Filed

**COUNSEL:** [*1] For Robert W Boyd, III, Individually and on behalf of all others similarly situated, Plaintiff: Darren Robbins, Ramzi Abadou, LEAD ATTORNEYS, Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA; R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO; Don R. Lolli, Dysart Taylor Lay Cotter & McMonigle, PC, Kansas City, MO.

For Bruce Gilmore, Steven J. Gedy, Plaintiffs: Kenneth E. Nelson, LEAD ATTORNEY, Nelson Law Firm, PC, Kansas City, MO; R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO; Don R. Lolli, Dysart Taylor Lay Cotter & McMonigle, PC, Kansas City, MO.

For Norman Pelletier, Plaintiff: R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO; Don R. Lolli, Dysart Taylor Lay Cotter & McMonigle, PC, Kansas City, MO.

For James E Murphy, on behalf of himself and all others similarly situated, Joshua Brown, Merri-Jo Hillaker, Charles McComb, Lois McComb, William Weakley, Plaintiffs: R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

For Dr. Kevin Lester, Plaintiff: Alexandra S. Bernay, Thomas E. Egler, LEAD ATTORNEYS, Coughlin [*2] Stoia Geller Rudman & Robbins, LLP, San Diego, CA; R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

For Alan James Bima, Individually and on behalf of all others similarly situated, Plaintiff: Alexandra S. Bernay, Lauren G. Kerkhoff, Thomas E. Egler, LEAD ATTORNEYS, Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA; Jeffrey A. Klafter, LEAD ATTORNEY, Klafter & Olsen LLP, White Plains, NY; Kurt B Olsen, LEAD ATTORNEY, Washington, DC; Paul Edwin Torlina, LEAD ATTORNEY, Arnold, Newbold, Winter, & Jackson, PC, Kansas City, MO; R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

For Gary M Tanner, Plaintiff: Don R. Lolli, LEAD ATTORNEY, Dysart Taylor Lay Cotter & McMonigle, PC, Kansas City, MO; Kenneth E. Nelson, LEAD ATTORNEY, Nelson Law Firm, PC, Kansas City, MO; R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

For Michael Owens, on behalf of himself and all others similarly situated, Plaintiff: Don R. Lolli, LEAD ATTORNEY, Dysart Taylor Lay Cotter & McMonigle, PC, Kansas City, MO; Lee A. Weiss, LEAD ATTORNEY, Dreier LLP, New York, NY; R Frederick Walters, [*3] LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

For Lee M Eidson, Plaintiff: Don R. Lolli, LEAD ATTORNEY, Dysart Taylor Lay Cotter & McMonigle, PC, Kansas City, MO; Linda Catherine McFee, Thomas R. Buchanan, LEAD ATTORNEYS, McDowell, Rice, Smith & Buchanan, PC-KCMO, Kansas City, MO. R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

For Mr Jack F Dunbar, on behalf of himself and all others similarly situated, Durston Winesburg, on behalf of himself and all others similarly situated, Plaintiffs: Kenneth E. Nelson, LEAD ATTORNEY, Nelson Law Firm, PC, Kansas City, MO; R Frederick Walters, LEAD ATTORNEY, Walters Bender Strohbehn & Vaughn, PC, Kansas City, MO.

Case 1:07-cv-09633-LBS-DFE   Document 57-2   Filed 07/21/2008   Page 3 of 6

Page 2
2008 U.S. Dist. LEXIS 44166, *

For Novastar Financial Inc, Scott F. Hartman, W. Lance Anderson, Gregory S Metz, Defendants: Alexandra S. Bernay, LEAD ATTORNEY, Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA; Brian D. Martin, Michael Thompson, LEAD ATTORNEYS, Husch, Blackwell, Sanders, LLP-KCMO, Kansas City, MO.

**JUDGES:** ORTRIE D. SMITH, JUDGE.

**OPINION BY:** ORTRIE D. SMITH

**OPINION**

ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION REQUESTING THE COURT TAKE JUDICIAL NOTICE AND (2) GRANTING DEFENDANTS' [*4] MOTION TO DISMISS

On October 19, 2007, Lead Plaintiff ("Plaintiff") filed a Consolidated Complaint ("the Complaint") asserting claims of securities fraud on behalf of a class of shareholders of Novastar Financial, Inc. ("Novastar" or "the Company"). The Defendants are Novastar, its Chief Operating Officer (W. Lance Anderson), its Chief Executive Officer (Scott F. Hartman), and its Chief Financial Officer (Gregory S. Metz). Defendants have filed a Motion to Dismiss and have asked the Court to take judicial notice of certain facts they deem supportive of the Motion to Dismiss. The motions to take judicial notice (Doc. # 72 and Doc. # 85) are granted in part and denied in part. The Motion to Dismiss (Doc. # 70) is granted.

I. REQUESTS FOR JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of documents Novastar filed with the Securities and Exchange Commission ("SEC"), the history of the Company's stock price, and developments in the subprime mortgage industry. In large measure the request is unopposed: Plaintiff does not object to the Court's consideration of documents filed with the SEC so long as the Court does not accept them for the truth of the matters represented. See [*5] *Kushner v. Beverly Enter., Inc., 317 F.3d 820, 824 (8th Cir. 2003)*. Plaintiff also does not object to consideration of the Company's stock price history. The motions are granted with respect to these topics. Plaintiff opposes the Court taking judicial notice of developments in the subprime mortgage history because these facts are not embraced by the Complaint. This is incorrect; in fact, Plaintiff alleges Defendants failed to properly anticipate and plan for the downturn. Complaint, P 157(c).

Regardless, the Supreme Court has held that a Court may consider matters amenable to judicial notice when addressing a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007)*. The Court concludes the reversals in this industry are amenable to judicial notice. *Fed. R. Evid. 201(b)*. However, just as the Court could take judicial notice of the fact that the country suffered from the Great Depression in the 1930s, the Court cannot use that fact to infer anything in particular about a business operating at the time. In short, while the Court can take judicial notice of the fact that the Company's industry suffered reversals, the Court cannot take judicial notice [*6] of the impact of those industry-wide reversals on the Company. As will be seen, this entire matter is of marginal importance in light of the issues currently before the Court.

II. MOTION TO DISMISS

Ordinarily, the liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)* (per curiam) (quoting *Fed. R. Civ. P. 8(a)(2)*). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. (citing *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)*). However, with respect to securities fraud claims, the Private Securities Litigation Reform Act of 1995 ("PSLRA") "dictates a modified analysis due to its special heightened pleading rules." *Kushner, 317 F.3d at 824*. The heightened pleading standard is intended to eliminate abusive securities litigation and put an end to the practice of pleading "fraud by hindsight." *In re K-Tel Intl, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002)*. The PSLRA requires plaintiffs "to specify each [*7] misleading statement or omission and specify why the statement or omission was misleading." *Kushner, 317 F.3d at 826* (citing *15 U.S.C. 78u-4(b)(1)*). The complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *15 U.S.C. 78u-4(b)(2)*; see also *Kushner, 317 F.3d at 826* (citation omitted). In evaluating this information, the PSLRA requires the Court to consider plausible opposing inferences. *Tellabs, 127 S. Ct. at 2509*. Finally, the Court must "disregard 'catch-all' or 'blanket' assertions that do not live up to the particularity requirements." *Kushner, 317 F.3d at 824* (quoting *Florida State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 660 (8th Cir. 2001))*. After considering the Complaint's allegations in the light most favorable to Plaintiff, the Court concludes Plaintiff has not -- and cannot -- satisfy the PSLRA's pleading requirements.

A. Falsity

One might be tempted to think that a complaint spanning more than 100 pages and consisting of more than 200 paragraphs could not fail to be specific. The temptation is dangerous and must be resisted. As stated above, the PSLRA requires a plaintiff [*8] to specifically identify the allegedly misleading statements. It then requires the plaintiff to "indicate why the alleged misstatements would have been false or misleading at the several points in time in which it is alleged they were made. In other words, the complaint's facts must necessarily show that the defendants' statements were misleading." *In re Cerner Corp. Secs. Litig., 425 F.3d 1079, 1083 (8th Cir. 2005)* (quotation omitted). For all of his protests to the contrary, Plaintiff has not specified the allegedly misleading statements, nor has he specified why the statements he has referred to are misleading. The Complaint presents a very broad picture, and Plaintiff discusses his claims in generalities -- precisely what the PSLRA counsels against. This has allowed Plaintiff to pick isolated threads and snippets from the Complaint to create an illusion of detail and insinuate the existence of fraud, which in turn has made it exceedingly difficult for the Court to conduct the analysis required by law. The Court does not intend to parse out each and every sentence contained in the Complaint because doing so ignores the real problem: what the Complaint does not say is as critical [*9] as what it actually says.

Paragraphs 103 through 155 appear under the heading "Defendants' False and Misleading Statements Issued During the Class Period." These allegations occupy nearly thirty-five pages and consist largely of financial data (which is interesting, given the sparse allegations that financial data was incorrect). In his Suggestions in Opposition, Plaintiff merely refers to these paragraphs and characterizes them as sufficient for pleading purposes. Plaintiff's Suggestions in Opposition at 11-14. This hardly qualifies as a specification of allegedly false statements.

To satisfy the falsity requirement's second component -- detailing why the statements are false -- Plaintiff has proffered five explanations which appear in paragraph 157. The Company's public statements allegedly concealed that it (1) lacked internal controls, which rendered its projections defective, (2) failed to properly account for its allowance for loan losses, (3) would need to tighten underwriting guidelines in light of the deterioration and volatility of the subprime mortgage market, (4) had no reasonable basis to predict its ability to maintain its status as a Real Estate Investment Trust ("REIT"), [*10] and (5) its deviation from underwriting standards created undue risk of default.

There is no obligation to divulge every "fact" known to everyone in a company, and the PSLRA's effort to combat claims of "fraud by hindsight" demonstrates a reluctance to countenance claims that attach heightened importance to facts only when looking back at the aftermath of misfortune. The Eighth Circuit addressed a similar situation in Cerner Corp:

> Crabtree's complaint alleges that Cerner's statements regarding future earnings were materially false and misleading because Cerner was losing deals due to increased competition, dissatisfied customers, a general economic downturn, an inexperienced sales force, and a neglect of smaller deals. The complaint is devoid, however, of any indication that this alleged loss of deals, even if "material," is necessarily inconsistent with Cerner's statements that its demand was "strong." A company could conceivably lose a material number of deals it had pursued, and yet continue to see a strong demand for its products and substantial future opportunities. Furthermore, there is no indication on the face of the complaint that even a material loss of deals necessarily rendered [*11] Cerner unable to achieve its projected earnings. Finally, and perhaps most importantly, the complaint does not identify a single specific deal that was lost due to alleged changes in Cerner's corporate structure and strategies.

*425 F.3d at 1083-84*. This analysis applies equally to the case at bar. For instance, the Company may have changed or even weakened its internal controls or underwriting standards, but this does not mean that those controls or standards were not "strong" or "effective" as described in the Company's public statements. Moreover, nothing in the Complaint demonstrates a connection between these changes and the Company's later misfortunes -- particularly in light of the economic downturn described in paragraph 157. The Company may have incorrectly believed it had adequate reserves, but the mere fact that those reserves eventually proved to be inadequate does not mean a false statement was made. Plaintiff emphasizes the many confidential witnesses who report changes in various policies in procedures -- changes the witnesses characterize as tending to increase risks faced by the Company. Setting aside the wisdom of relying upon confidential witnesses for such subjective [*12] matters, the Court merely observes that -- despite the many pages of argument -- Plaintiff has not explained how these reports demonstrate the falsity of any particular public statement.

The Complaint also alleges various violations of Generally Accepted Accounting Principles ("GAAP") by overstating gains, understating loan loss provisions and

Case 1:07-cv-09633-LBS-DFE   Document 57-2   Filed 07/21/2008   Page 5 of 6

Page 4
2008 U.S. Dist. LEXIS 44166, *

reserves, and failing "to properly disclose the effect of known trends and uncertainties in its financial statements." Complaint, PP 158-59. However, it is noteworthy that nobody -- the SEC, Novastar's auditors, or anyone else -- has suggested Novastar should or must restate its financial reports.[1] More importantly, although the allegations are couched in terms of GAAP principles, the allegations actually assert management's failure to plan sufficiently for future events. For instance, according to Plaintiff GAAP required Novastar to make adequate provisions for delinquent loans. Novastar made provisions, but those provisions turned out to be inadequate. This does not mean the initial provisions were "false;" it just means management did not do a good job. Ultimately, Plaintiff fails to identify a single false entry in the Company's financial [*13] statements, nor does he identify the "truth" that should have been disclosed. This is not a case in which the defendants falsified or "cooked" the books.

> 1 Ordinarily, the Court would not be permitted to consider this when presented with a *Rule 12(b)(6)* motion. As stated earlier, the PSLRA -- as interpreted by the Supreme Court in Tellabs -- requires it in this case.

Plaintiff's Complaint reads more like a cautionary tale from a treatise on business management than a charge of knowing misstatements and concealments. Plaintiff has not stated a claim because companies (and their management) are not expected to be clairvoyant, and bad decisions do not constitute securities fraud. *K-Tel Int'l, 300 F.3d at 891*; see also *Santa Fe Indus. v. Green, 430 U.S. 462, 474-80, 97 S. Ct. 1292, 51 L. Ed. 2d 480 (1977)*. They may constitute negligence; they may constitute breach of fiduciary duty; they may constitute a claim for mismanagement -- but they do not constitute fraud.

B. Scienter

"The PSLRA requires that the complaint state 'with particularity' facts giving rise to a 'strong inference' that the defendants acted with the scienter required for the cause of action." *In re Navarre Corp. Sec. Litig., 299 F.3d 735, 745 (8th Cir. 2002)* [*14] (quoting *15 U.S.C. 78u-4(b)(2)*). "Scienter can be established in three ways: (1) from facts demonstrating a mental state embracing an intent to deceive, manipulate, or defraud; (2) from conduct which rises to the level of severe recklessness; or (3) from allegations of motive and opportunity." *Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008)*. Relying on the confidential informants, Plaintiff alleges Defendants "each knew about, or disregarded in a severely reckless manner, the disastrous problems arising from Novastar's bad and/or weakened underwriting practices during the Class Period through regularly scheduled meetings and reports." Suggestions in Opposition at 19. Plaintiff theorizes an intent to defraud can be inferred because Defendants regularly attended meetings during which the adverse effects of policy changes, adverse changes in the Company's financial position, and ways to improve the Company's operations were discussed. This conduct is normal and expected, and does not indicate fraudulent intent. Management is supposed to review results and search for ways to improve operations, and this customary endeavor does not indicate an [*15] intent to deceive when positive information is disseminated.

The Complaint's attempt to satisfy the scienter requirement suffers from the same flaws discussed earlier with respect to the falsity requirement. See pages 3-4, infra. Critically, Plaintiff does not compare (1) an allegedly false or misleading statement with (2) Defendants' prior receipt of information demonstrating that the statement would be false or misleading. Plaintiff's allegations are more consistent with a company and executives confronting a deterioration in the business and finding itself unable to prevent it than they are with a company and executives recklessly deceiving the investing community.

Finally, whatever minimal inference of fraudulent intent that can be gleaned from the Complaint is insufficient to allow the case to proceed. "Congress did not merely require plaintiffs to provide a factual basis for their scienter allegations, *i.e.,* to allege facts from which an inference of scienter rationally *could* be drawn. Instead, Congress required plaintiffs to plead with particularity facts that give rise to a strong - *i.e.*, a powerful or cogent - inference." *Tellabs, 127 S. Ct. at 2510* (internal citations and quotations [*16] omitted). The Court must determine "'whether all of the facts, taken collectively, give rise to" an inference of scienter that is "'cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *In re NVE Corp. Sec. Litig., No. 07-2931, 2008 U.S. Dist. LEXIS 11524, *4 (8th Cir. May 30, 2008)* (quoting *Tellabs, 127 S. Ct. at 2509-10*). Plaintiff has not presented facts creating an inference of scienter that is at least as strong as an inference that Defendants lacked fraudulent intent, and this failing constitutes an independent reason to dismiss the case.

III. OPPORTUNITY TO AMEND

Defendants contend Plaintiff should not be afforded an opportunity to amend, essentially because such an effort would be futile. Plaintiff has not addressed the issue, which means either (1) Plaintiff agrees he could not do a better job of framing the Complaint or (2) Plaintiff did not believe it possible the Court would find the Complaint to be inadequate. In any event, the Court agrees with Defendants that attempting to amend the Complaint would be futile. In all that has already been alleged, there is no

suggestion that any material information was concealed or that any Defendant acted with [*17] fraudulent intent, and there is no reason to think further or different pleading will create the necessary inferences.

    IT IS SO ORDERED.

/s/ Ortrie D. Smith

ORTRIE D. SMITH, JUDGE

UNITED STATES DISTRICT COURT

DATE: June 4, 2008