## COUNT IX

**(Against Defendants ML Trust II, Merrill, MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia for Violations of Section 12(a)(2) of the Securities Act in Connection with the April 25, 2007 Offering)**

611.    Plaintiffs repeat and reallege the allegations above at paragraphs 2-4 as they pertain to the Securities Act and starting at paragraph 432, as if fully set forth herein.  For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

612.    This claim is brought pursuant to Section 12(a)(2) of the Securities Act, on behalf of all purchasers of Merrill securities in or traceable to the April 25, 2007 Offering against ML Trust II, Merrill, MLPFS, Citigroup, Morgan Stanley, UBS, and Wachovia.

613.    ML Trust II was a seller, offeror, and/or solicitor of sales of the securities offered pursuant to Registration Statement Amendment No. 2, which contained untrue statements of material facts or omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading as set forth more fully above.

614.    MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia were underwriters for the April 25, 2007 Offering.  By acting as underwriters, MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia participated in the April 25, 2007 Offering and sale of the Merrill securities to the investing public.

615.    Merrill was the sole structuring advisor and sole bookrunner for the April 25, 2007 Offering.

616.    Plaintiff Kosseff and other Members of the Class who purchased Merrill securities in or traceable to the April 25, 2007 Offering have sustained damages as a result of

the untrue statements of material facts and omissions in Registration Statement Amendment No. 2 for which they hereby elect to rescind and tender their Merrill securities to the defendants named in this count in return for the consideration paid for Merrill securities with interest.

617.    This claim is brought within the applicable statute of limitations.

618.    By virtue of the foregoing, defendants named in this count violated Section 12(a)(2) of the Securities Act.

### COUNT X

**(Against Defendants Merrill, ML Trust III, O'Neal, Edwards, MLPFS, Citigroup, Morgan Stanley, UBS, Wachovia and Deloitte for Violations of Section 11 of the Securities Act in Connection with the August 15, 2007 Offering)**

619.    Plaintiffs repeat and reallege the allegations above at paragraphs 2-4 as they pertain to the Securities Act and starting at paragraph 432, as if fully set forth herein.  For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

620.    This claim is brought pursuant to Section 11 of the Securities Act, on behalf of all purchasers of Merrill securities in or traceable to the August 15, 2007 Offering against Merrill, ML Trust III, O'Neal, Edwards, MLPFS, Citigroup, Morgan Stanley, UBS, Wachovia and Deloitte, in connection with the August 15, 2007 Offering.

621.    Registration Statement Amendment No. 3 contained untrue statements of material facts and omitted material facts required to be stated in order to make the statements contained therein not misleading as set forth above.

622.    Defendants O'Neal and Edwards signed Registration Statement Amendment No. 3 or authorized it to be signed on their behalf.

623.    Defendant Edwards signed Registration Statement Amendment No. 3 on behalf of defendant Merrill.

624.    ML Trust III is the issuer of Registration Statement No. 3.  As issuer of the shares, ML Trust III is strictly liable to Plaintiffs and to the members of the Class who purchased shares pursuant to Registration Statement Amendment No. 3 for the materially untrue statements and omissions alleged herein.

625.    MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia were underwriters for the August 15, 2007 Offering.

626.    Merrill was the sole structuring advisor and sole bookrunner for the August 15, 2007 Offering.

627.    Plaintiff Kosseff and other members of the class purchased securities pursuant to Registration Statement Amendment No. 3.

628.    Defendant Deloitte issued unqualified audit opinions for Merrill's 2006 10-K, which were incorporated by reference to the Registration Statement Amendment No. 3 with Deloitte's consent.  As such, Deloitte expressly consented to serve as an accounting expert with respect to the offering of the securities issued pursuant to Registration Statement Amendment No. 3.

629.    Plaintiff and class members who purchased securities pursuant to Registration Statement Amendment No. 3 were damaged by these defendants as a direct and proximate result of the untrue statements and omissions in Registration Statement Amendment No. 3.

630.    This claim is brought within the applicable statute of limitations.

631.    By reason of the foregoing, the defendants named in this count have violated Section 11 of the Securities Act.

**COUNT XI**

**(Against Defendants ML Trust III, Merrill, MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia for Violations of Section 12(a)(2) of the Securities Act in Connection with the August 15, 2007 Offering)**

632.     Plaintiffs repeat and reallege the allegations above at paragraphs 2-4 as they pertain to the Securities Act and starting at paragraph 432, as if fully set forth herein.  For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

633.     This claim is brought pursuant to Section 12(a)(2) of the Securities Act, on behalf of all purchasers of Merrill securities in the August 15, 2007 Offering against ML Trust III, Merrill, MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia, in connection with the August 15, 2007 Offering.

634.     ML Trust III was a seller, offeror, and/or solicitor of sales of the securities offered pursuant to Registration Statement Amendment No. 3, which contained untrue statements of material facts or omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

635.     MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia acted as underwriters in the August 15, 2007 Offering.  By acting as underwriters, MLPFS, Citigroup, Morgan Stanley, UBS and Wachovia participated in the August 15, 2007 Offering and sale of the Merrill securities to the investing public.

636.     Merrill was the sole structuring advisor and sole bookrunner for the August 15, 2007 Offering.

637.     Plaintiff Kosseff and other members of the class who purchased Merrill securities in the August 15, 2007 Offering have sustained damages as a result of the untrue

statements of material facts and omissions in Registration Statement Amendment No. 3 for which they hereby elect to rescind and tender their securities to defendants sued herein in return for the consideration paid for Merrill securities with interest

638.    This claim is brought within the applicable statute of limitations.

639.    By virtue of the foregoing, the defendants named in this count violated Section 12(a)(2) of the Securities Act.

## COUNT XII

**(Against Defendants Merrill, O'Neal, Edwards and Deloitte for Violations of Section 11 of the Securities Act in Connection with the First Republic Registration Statement)**

640.    Plaintiffs repeat and reallege the allegations above at paragraphs 2-4 as they pertain to the Securities Act and starting at paragraph 432, as if fully set forth herein.  For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

641.    This claim is brought pursuant to Section 11 of the Securities Act, on behalf of all acquirers of Merrill securities in connection with the First Republic Acquisition, against Merrill, O'Neal, Edwards, and Deloitte.

642.    The First Republic Registration Statement contained untrue statements of material facts and omitted material facts required to be stated in order to make the statements contained therein not misleading.

643.    Defendants O'Neal and Edwards signed the First Republic Registration Statement or authorized it to be signed on their behalf.

644.    Merrill is the issuer of the securities registered under the First Republic Registration Statement.  As issuer of the shares, Merrill is strictly liable to Plaintiffs and to

the members of the Class who acquired Merrill shares pursuant to the First Republic Registration Statement for the materially untrue statements and omissions alleged herein.

645.     Defendant Deloitte issued unqualified audit opinions for Merrill's 2006 10-K, which were incorporated by reference in the First Republic Registration Statement with Deloitte's consent.  As such, Deloitte expressly consented to serve as an accounting expert with respect to the offering of the securities issued pursuant to the First Republic Registration Statement.

646.     Deloitte's unqualified opinions on Merrill's 2006 10-K, which were incorporated by reference into Registration Statement Amendment No. 3, were materially false and misleading.  Accordingly, Deloitte's representations contained untrue statements of material fact and failed to state facts necessary to make the statements not misleading.

647.     Lead Plaintiff and other members of the Class acquired Merrill securities pursuant or traceable to the First Republic Registration Statement.

648.     Lead Plaintiff and Class members who acquired securities pursuant or traceable to the First Republic Registration Statement were damaged as a direct and proximate result of the untrue statements and omissions in the First Republic Registration Statement.

649.     This claim is brought within the applicable statute of limitations.

650.     By reason of the foregoing, the defendants named in this count have violated Section 11 of the Securities Act.

## COUNT XIII

### (Against Defendant Merrill for Violations of Section 12(a)(2) of the Securities Act in Connection with the First Republic Registration Statement)

651.     Plaintiffs repeat and reallege the allegations above at paragraphs 2-4 as they pertain to the Securities Act and starting at paragraph 432, as if fully set forth herein.  For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

652.     This claim is brought pursuant to Section 12(a)(2) of the Securities Act, against Merrill on behalf of all acquirers of Merrill securities in the First Republic Acquisition.

653.     Merrill was a seller, offeror, and/or solicitor of sales of the securities offered pursuant to the First Republic Registration Statement, which contained untrue statements of material facts or omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading as set forth above.

654.     Lead Plaintiff and other members of the Class who acquired Merrill securities in the exchange for First Republic securities have sustained damages as a result of the untrue statements of material facts and omissions in the First Republic Registration Statement for which they hereby elect to rescind and tender their Merrill securities to Defendants sued herein in return for the consideration paid for Merrill securities with interest.

655.     This claim is brought within the applicable statute of limitations.

656.     By virtue of the foregoing, Merrill violated Section 12(a)(2) of the Securities Act.

## COUNT XIV

### (Against Defendants O'Neal, Edwards and Merrill for Violations of Section 15 of the Securities Act)

657.    Plaintiffs repeat and reallege the allegations contained above at paragraphs 2-4 as they pertain to the Securities Act and starting at paragraph 432, as if fully set forth herein. For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

658.    This Count is brought pursuant to Section 15 of the Securities Act on behalf of plaintiffs and the Class.

659.    Defendants O'Neal and Edwards at the time of each registration statement and prospectus alleged to be false and misleading, participated in the operation and management of Merrill ML Trust I, ML Trust II, ML Trust III and Merrill, and conducted and participated, directly and indirectly, in the conduct of those defendants' business affairs.

660.    Because of their positions of control and authority over Merrill ML Trust I, ML Trust II, ML Trust III and as senior officers of Merrill, defendants O'Neal and Edwards were able to, and did, control the contents of the registration statements and prospectuses that contained materially false and misleading information.  Each signed or caused to be signed on their behalf each registration statement and prospectus.  Defendants O'Neal and Edwards were therefore controlling persons of defendants ML Trust I, ML Trust II, ML Trust III and Merrill within the meaning of Section 15 of the Securities Act.

661.    The conduct alleged herein of ML Trust I, ML Trust II, ML Trust III and Merrill constitutes a violation of Sections 11 and 12 of the Securities Act.

662.    Defendants O'Neal and Edwards are liable to the Securities Act and Proxy Claim Plaintiffs and members of the Class, jointly and severally with and to the same extent as Merrill for violations of Sections 11 and 12.

663.    Defendant Merrill is liable to the Securities Act and Proxy Claim Plaintiffs and members of the Class jointly and severally with and to the same extent as ML Trust I, ML Trust II, and ML Trust III for those entities violations of Sections 11 and 12.

664.    Merrill controlled various defendants including ML Trust I, II, and III, and MLPFS.  For example, with respect to ML Trust I, the 6.45% Trust I Preferred Prospectus Supplement for the December 7, 2006 Offering stated: "We [Merrill] Generally Will Control Merrill Lynch Capital Trust I [ML Trust I] Because [Investors] Voting Rights are Very Limited."  The Prospectus Supplement also stated that proceeds from the offering would be sent by ML Trust I to Merrill, and Merrill would use the proceeds for its own "general corporate purposes."  In addition, Merrill "created" and "organized" ML Trust I.  Further, three of ML Trust Is five trustees were Merrill employees, and Merrill had the "sole right to appoint, remove and replace the trustees of [ML Trust I]."

665.    With respect to ML Trust II and III, virtually identical provisions to those above were contained in the 6.45% Trust II Preferred Prospectus Supplement for the April 25, 2007 Offering and the 7.375% Trust III Preferred Prospectus Supplement for the August 15, 2007 Offering.

666.    Merrill also controlled defendant MLPFS, a wholly-owned subsidiary of Merrill.  The March 12, 2007 product supplement for the March 15, 2007 Offering noted that MLPFS is a "broker-dealer subsidiary of [Merrill]."  Similarly, the 6.45% Trust I Preferred

Prospectus Supplement for the December 7, 2006 Offering stated that "[MLPFS], one of the underwriters in the offering, is an affiliate of [Merrill]."

667.     Thus, Merrill is liable under Section 15 as a controlling person for the underlying violations of Sections 11 and 12 by ML Trust I, II, and III, and MLPFS.

## COUNT XV

**(Against Defendants Merrill, O'Neal, Edwards and Deloitte for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 in Connection with the First Republic Registration Statement)**

668.     Plaintiffs repeat and reallege the allegations above at paragraphs 2-4 and starting at paragraph 432, as if fully set forth herein.  For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct.

669.     The First Republic Registration Statement, including the June 22, 2007 Proxy/Prospectus, contained untrue statements of material facts and omitted material facts required to be stated in order to make the statements contained therein not misleading.

670.     All defendants named in this count, jointly and severally, solicited and/or permitted the use of their names in solicitations contained in the First Republic Registration Statement.

671.     Defendants O'Neal and Edwards signed the First Republic Registration Statement or permitted the use of their names in the statement.

672.     Merrill is the issuer of the First Republic Registration Statement.

673.     Defendant Deloitte issued unqualified audit opinions for Merrill's 2006 Annual Report, which were incorporated by reference in the First Republic Registration Statement and June 22, 2007 Proxy/Prospectus.  As such, Deloitte expressly permitted the

use of its name to serve as an accounting expert with respect to the offering of the securities issued pursuant to the First Republic Registration Statement and June 22, 2007 Proxy/Prospectus.

674.    Deloitte's unqualified opinions on Merrill's 2006 Annual Report, which were incorporated by reference into the First Republic Registration Statement and June 22, 2007 Proxy/Prospectus, were materially false and misleading.  Contrary to its representations, Merrill's financial statements were not presented in conformity with GAAP.  Accordingly, Deloitte's representations contained untrue statements of material fact and failed to state facts necessary to make the statements not misleading.

675.    By means of the First Republic Registration Statement, defendants sought to secure Lead Plaintiff's approval of the First Republic merger and solicited proxies from Lead Plaintiff and other members of the Class.

676.    Each defendant acted negligently in making untrue statements of material facts and omitted material facts required to be stated in order to make the statements contained therein not misleading.

677.    The First Republic Registration Statement was an essential link in the accomplishment of the merger.  As a result of the First Republic Registration Statement, the shareholders of First Republic approved the merger.

678.    Lead Plaintiff and Class members eligible to vote on the merger were damaged as a direct and proximate result of the untrue statements and omissions in the First Republic Registration Statement.

679.    This claim is brought within the applicable statute of limitations.

680. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. 240.14a-9.

## XI.    CLASS ACTION ALLEGATIONS

681. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased Merrill common stock and/or the following Merrill securities: (i) the 6.45% Capital Trust I Preferred Securities; (ii) the Series 1, 2, 3, 4, 5, 6, and 7 Preferred Stock; (iii) the 6.45% Capital Trust II Preferred Securities; and (iv) the 7.375% Trust III Preferred Securities during the Class Period, inclusive (the "Class"). Excluded from the Class are defendants in this Action and their affiliates; Temasek Capital (Private) Limited; Davis Selected Advisors LP and their affiliates.  Also excluded are present and former employees of Merrill and its subsidiaries who acquired Merrill securities through exercise of warrants, and /or as compensation.

682. The members of the class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.  As of February 15, 2008, there were 969,007,029 shares of common stock and 2,542,982 exchangeable shares outstanding owned by many thousands of persons.  The First Republic acquisition required the issuance of 1,600,000 shares of common stock.  Millions of preferred shares at issue in this case were outstanding and traded during the relevant period.

683.    There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the member of the Class which predominate over questions which may affect individual Class members include:

a.    whether the Exchange Act and/or the Securities Act were violated by defendants;

b.    whether defendants omitted and/or misrepresented material facts;

c.    whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

d.    whether the Exchange Act Defendants acted with the requisite state of mind;

e.    whether the price of Merrill securities was artificially inflated; and

f.    the extent of damage sustained by Class members and the appropriate measure of damage.

684.    Plaintiffs' claims are typical of those of the Class because plaintiffs and the Class sustained damages from the defendants' wrongful conduct.

685.    Plaintiffs will adequately protect the interests of the Class and have retained counsel who are experienced in class action securities litigation. Plaintiffs have no interests which conflict with those of the Class.

686.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, Lead Plaintiff prays for judgment as follows:

A.  Declaring the action to be a proper class action pursuant to Fed. R. Civ. P. 23;

B.  Awarding Lead Plaintiff Ohio STRS, Plaintiff Kosseff and the members of the

Class damages, including interest;

C.  Awarding Lead Plaintiff's counsel reasonable costs and attorneys' fees; and

D.  Awarding such equitable/injunctive or other relief as the Court may deem just

and proper.

## JURY DEMAND

Lead Plaintiff demands a trial by jury.

DATED:  May 21, 2008                      KAPLAN FOX & KILSHEIMER LLP

By: _____

Robert N. Kaplan
Frederic S. Fox
Joel B. Strauss
Donald R. Hall
Jeffrey P. Campisi
Aviah Cohen Pierson
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile:  (212) 687-7714

266

DATED: May 21, 2008

BERGER & MONTAGUE, P.C.

By: _____
      Merrill G. Davidoff
      Lawrence J. Lederer
      Arthur Stock
      Lane Vines
      Jon Lambiras
      1622 Locust Street
      Philadelphia, PA 19103
      Telephone: (215) 875-3000
      Facsimile: (215) 875-4604

DATED: May 21, 2008

BARRACK, RODOS & BACINE

By: _____
      M. Richard Komins
      Jeffrey A. Barrack
      Robert A. Hoffman
      Beth T. Seltzer
      Julie B. Palley
      3300 Two Commerce Square
      2001 Market Street
      Philadelphia, PA 19103
      Telephone: (215) 963-0600
      Facsimile: (215) 963-0838

             - and -

      Regina M. Calcaterra
      1350 Broadway, Suite 1001
      New York, NY 10018
      Telephone: (212) 688-0782
      Facsimile: (212) 688-0783

*Co-Lead Counsel for the State Teachers'
Retirement System of Ohio and the Proposed
Class*

267

DATED: May 21, 2008

BERGER & MONTAGUE, P.C.

By: _____

      Merrill G. Davidoff
      Lawrence J. Lederer
      Arthur Stock
      Lane Vines
      Jon Lambiras
      1622 Locust Street
      Philadelphia, PA 19103
      Telephone: (215) 875-3000
      Facsimile: (215) 875-4604

DATED: May 21, 2008

BARRACK, RODOS & BACINE

By: _____

      M. Richard Komins
      Jeffrey A. Barrack
      Robert A. Hoffman
      Beth T. Seltzer
      Julie B. Palley
      3300 Two Commerce Square
      2001 Market Street
      Philadelphia, PA 19103
      Telephone: (215) 963-0600
      Facsimile: (215) 963-0838

              - and -

      Regina M. Calcaterra
      1350 Broadway, Suite 1001
      New York, NY 10018
      Telephone: (212) 688-0782
      Facsimile: (212) 688-0783

      *Co-Lead Counsel for the State Teachers'*
      *Retirement System of Ohio and the Proposed*
      *Class*

267

**MURRAY, FRANK & SAILER LLP**
Marvin L. Frank
Brian Brooks
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

*Counsel for Plaintiff Gary Kosseff*

**SUPPLEMENTAL CERTIFICATION OF
STATE TEACHERS RETIREMENT SYSTEM OF OHIO
PURSUANT TO THE FEDERAL SECURITIES LAWS**

State Teachers Retirement System of Ohio ("STRS") declares, as follows:

1.  STRS has reviewed the Consolidated Amended Class Action Complaint to be filed against Merrill Lynch & Co., Inc. and other defendants in the proceedings captioned *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litig.*, Master File No. 07cv 9633 (LBS)(AJP)(DFE) (S.D.N.Y.).

2.  STRS has retained as co-lead counsel in this litigation the law firms of Kaplan Fox & Kilsheimer LLP, Berger & Montague, P.C. and Barrack Rodos & Bacine. By Order dated March 12, 2008, the Court approved STRS' retention of co-lead counsel. STRS did not purchase the security that is the subject of this action at the direction of its counsel or in order to participate in any private action arising under the Private Securities Litigation Reform Act (the "PSLRA").

3.  STRS is willing to serve as a representative party on behalf of the class in this litigation and to testify at deposition and trial, if necessary.

4.  STRS's transactions in Merrill Lynch securities that are the subject of the Consolidated Amended Class Action Complaint are set forth on Schedule A attached hereto.

5.  STRS has not served as, or sought to serve as, a representative party on behalf of a class action filed under the PSLRA during the three-year period preceding the date on which this Certification is signed, except the following:

    a)  *Zuckerman v. Scottish Re Group LTD, et al.*, Case No. 06-cv-5853, U.S. District Court, Southern District of New York (Appointed).

    b)  *Freudenberg v. E*Trade Financial Corp., et al.*, Civil Action No. 07-cv-8538 U. S. District Court, Southern District of New York (Application Pending).

    c)  *Bakshi v. Samueli*, No. 2:06-cv-5036, U.S. District Court, Central District of California.[1]

    d)  *Saltzman v. Citigroup Inc., et al.,* Civil Action No. 07-9901-SHS, U.S. District Court, Southern District of New York (Application Pending).

---

[1] STRS subsequently withdrew its application for appointment as lead plaintiff in *Bakshi v. Samueli.*

Page 1 of 2

6.    STRS will not accept any payment for serving as a representative party, except to receive its pro rata share of any recovery as ordered or approved by the Court and any award to it by the Court of reasonable costs and expenses (including lost wages and travel expenses) directly relating to its representation of the class.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.  Executed this _____ day of May, 2008.

State Teachers Retirement System of Ohio

By: _____
    William J. Neville

Title: _____
      General Counsel, STRS Ohio

malta436457-005.wpd

Page 2 of 2

**OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)**

**Merrill Lynch & Co., Inc.**

**Transactions During Class Period: October 17, 2006 through January 16, 2008**

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | | No. Shares Sold | Price / Share Sold |
|---|---|---|---|---|---|---|
| **HELD 10/16/06** | | **2,143,900** | | | | |
| **CLASS PERIOD TRANSACTIONS** | | | | | | |
| 10/19/06 | SELL | | | | 1,500 | $84.0250 |
| 10/23/06 | BUY | 140,000 | $85.4004 | | | |
| 11/09/06 | SELL | | | | 900 | $87.8911 |
| 11/09/06 | SELL | | | | 14,959 | $88.4437 |
| 11/09/06 | SELL | | | | 5,500 | $88.7550 |
| 11/10/06 | SELL | | | | 5,341 | $87.8597 |
| 11/13/06 | SELL | | | | 2,500 | $89.6516 |
| 11/21/06 | SELL | | | | 2,400 | $91.9030 |
| 12/11/06 | BUY | 600 | $90.7118 | | | |
| 01/08/07 | SELL | | | | 1,000 | $92.9965 |
| 01/09/07 | SELL | | | | 2,400 | $92.8091 |
| 01/19/07 | SELL | | | | 38,000 | $95.6015 |
| 01/29/07 | SELL | | | | 200 | $93.1437 |
| 02/15/07 | BUY | 700 | $93.7159 | | | |

**Transaction List**                          **Page 1 of 5**

### OHIO – STATE TEACHERS RETIREMENT SYSTEM (STRS)

### Merrill Lynch & Co., Inc.

### Transactions During Class Period: October 17, 2006 through January 16, 2008

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | | No. Shares Sold | Price / Share Sold |
|---|---|---|---|---|---|---|
| 02/22/07 | SELL | | | | 2,300 | $92.0082 |
| 02/27/07 | BUY | 25,000 | $84.9600 | | | |
| 03/07/07 | SELL | | | | 7,800 | $82.9799 |
| 03/14/07 | SELL | | | | 175,000 | $79.0333 |
| 03/23/07 | BUY | 53,000 | $85.5342 | | | |
| 04/04/07 | BUY | 12,000 | $85.3588 | | | |
| 04/05/07 | SELL | | | | 2,100 | $85.9413 |
| 04/18/07 | BUY | 36,000 | $90.9394 | | | |
| 04/23/07 | BUY | 110,000 | $91.6215 | | | |
| 04/24/07 | BUY | 70,000 | $90.7283 | | | |
| 05/31/07 | SELL | | | | 57,200 | $92.7300 |
| 06/15/07 | BUY | 2,500 | $90.6837 | | | |
| 06/22/07 | BUY | 2,800 | $85.2750 | | | |
| 06/22/07 | SELL | | | | 20,800 | $84.4800 |
| 06/29/07 | BUY | 50,000 | $83.7298 | | | |
| 06/29/07 | BUY | 25,000 | $83.2596 | | | |

Transaction List                                    Page 2 of 5

## OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)

### Merrill Lynch & Co., Inc.

### Transactions During Class Period: October 17, 2006 through January 16, 2008

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | | No. Shares Sold | Price / Share Sold |
|---|---|---|---|---|---|---|
| 07/05/07 | BUY | 28,100 | $83.9786 | | | |
| 07/10/07 | SELL | | | | 7,400 | $84.2045 |
| 07/12/07 | SELL | | | | 192,600 | $84.1803 |
| 07/13/07 | BUY | 40,000 | $86.6457 | | | |
| 07/18/07 | BUY | 50,000 | $84.2665 | | | |
| 07/20/07 | BUY | 15,000 | $80.0400 | | | |
| 07/23/07 | SELL | | | | 36,400 | $80.1080 |
| 07/26/07 | BUY | 25,000 | $75.4144 | | | |
| 07/26/07 | BUY | 25,000 | $74.1078 | | | |
| 08/01/07 | BUY | 30,000 | $72.4041 | | | |
| 08/07/07 | SELL | | | | 1,500 | $75.4683 |
| 08/10/07 | BUY | 6,000 | $73.6891 | | | |
| 08/13/07 | BUY | 4,000 | $74.9555 | | | |
| 08/14/07 | SELL | | | | 29,200 | $71.6183 |
| 08/22/07 | BUY | 20,000 | $77.2384 | | | |
| 08/22/07 | BUY | 70,000 | $76.9249 | | | |

Transaction List                                    Page 3 of 5

| | | | OHIO – STATE TEACHERS RETIREMENT SYSTEM (STRS) | | | | |
| | | | Merrill Lynch & Co., Inc. | | | | |
| | | | Transactions During Class Period: October 17, 2006 through January 16, 2008 | | | | |
| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | | No. Shares Sold | Price / Share Sold |
|---|---|---|---|---|---|---|
| 08/30/07 | BUY | 10,000 | $72.0906 | | | |
| 09/11/07 | SELL | | | | 2,000 | $73.0152 |
| 09/18/07 | SELL | | | | 2,300 | $74.1677 |
| 09/18/07 | SELL | | | | 4,700 | $74.1089 |
| 09/21/07 | BUY | 11,000 | $74.7300 | | | |
| 09/24/07 | ACQUISITION | 788 | $73.6800 | [1] | | |
| 10/01/07 | SELL | | | | 51,400 | $73.5859 |
| 10/10/07 | SELL | | | | 33,800 | $74.3542 |
| 10/10/07 | SELL | | | | 7,600 | $74.4389 |
| 10/15/07 | SELL | | | | 1,200 | $74.3662 |
| 10/23/07 | BUY | 60,000 | $65.5831 | | | |
| 10/30/07 | BUY | 60,000 | $65.9124 | | | |
| 11/02/07 | BUY | 87,000 | $56.7250 | | | |
| 11/05/07 | BUY | 90,000 | $56.4633 | | | |
| 11/08/07 | BUY | 15,000 | $53.3442 | | | |
| 11/08/07 | BUY | 30,000 | $53.6600 | | | |

| **OHIO – STATE TEACHERS RETIREMENT SYSTEM (STRS)** |

| **Merrill Lynch & Co., Inc.** |

| **Transactions During Class Period: October 17, 2006 through January 16, 2008** |

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | | No. Shares Sold | Price / Share Sold |
|---|---|---|---|---|---|---|
| 11/28/07 | SELL | | | | 3,700 | $57.2097 |
| 12/06/07 | SELL | | | | 1,600 | $58.1280 |
| 12/26/07 | SELL | | | | 2,400 | $54.0979 |
| 01/14/08 | SELL | | | | 2,400 | $55.3956 |
| **CLASS PD TOTALS** | | **1,204,488** | | | **720,100** | |
| | | | | | | |
| **HELD  04/15/08** | | **2,628,288** | | | | |
| | | | | | | |
| **CLASS PD. RETAINED** | | **1,204,488** | (Class Pd. purchases held at close on 01/16/08) | | | |
| | | | | | | |
| | | | | | | |
| Note: | | | | | | |
| [1]  Merrill Lynch & Co. shares acquired in acquisition of First Republic | | | | | | |

## SUPPLEMENTAL CERTIFICATION

I, Gary Kosseff, do hereby certify that:

1. I have reviewed the Consolidated Amended Class Action Complaint and have authorized its filing.

2. I purchased the securities of Merrill Lynch & Co., Inc., which are included as a subject of the complaint, *but not* at the direction of my counsel or in order to participate in any private action arising under the Securities Act of 1933 or Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995.

3. I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. In the three years prior to the date of this certification, I have sought to serve or served as a representative party on behalf of a class in an action brought under the federal securities laws in the following actions:

*Gary Kosseff v. MBIA, Inc.*, 08-cv-2362 (SDNY)

5. During the Class Period, November 3, 2006 to November 2, 2007, inclusive, I engaged in the following transactions:

### TRANSACTION INFORMATION

| BUY OR SELL | TRADE DATE | NO. OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| Buy | 8/15/2007 | 200 (7.375% Trust Preferred) | $25.00 |
| Buy | 4/25/2007 | 300 (6.45% Trust Preferred) | $25.00 |

6. I will not accept any payment for serving as a representative party on behalf of the Class beyond my *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class and my activities in the lawsuit, as ordered or approved by the Court.

7. Nothing herein shall be construed to be or constitute a waiver of my attorney-client privilege.

8. I certify under penalty of perjury that the foregoing is true and correct.

Executed on 5/20/2008          Signature _Gary Kosseff_
                                                    Gary Kosseff

# APPENDIX A

## APPENDIX A

### Definitions

**Asset-Backed Securities ("ABS"):**  An ABS is a security that is backed by pooled assets that produce regular streams of payments, including mortgage loans, credit card receivables, home equity lines of credit, car loans and student loans.  Residential Mortgage Backed Securities ("RMBS") are a kind of ABS.

**Collateralized Debt Obligation ("CDO"):**  A CDO is a structured finance product that securitizes pools of asset-backed securities into multiple classes of notes from the cash flows generated by such assets.  The securities issued by a CDO are divided into tranches of rated and unrated classes of notes and equity.  The rating of each note class is determined by its position in the priority of payments and other rating criteria.  Payments of interest and principal to the various note classes issued by a CDO are generally made sequentially, such that payment is first made to the most senior class and then to other classes, in the order of their subordination. These payments are made from the cash flows received from the underlying assets, which can include RMBS and CDS.

**CDO Squared:** CDOs with underlying collateral consisting of other CDO securities that have collateral attributes typically similar to high grade and mezzanine super senior positions.

**Credit Default Swap ("CDS"):**  A type of credit derivative contract whereby counterparty agrees to make periodic payments to another counterparty in return for making a payment upon default by the obligor of a referenced debt obligation.

1

**London Interbank Offered Rate ("LIBOR")**:  An interest rate at which banks can borrow funds, in marketable size, from other banks in the London interbank market. The LIBOR is fixed on a daily basis by the British Bankers' Association. The LIBOR is derived from a filtered average of the world's most creditworthy banks' interbank deposit rates for larger loans with maturities between overnight and one full year.

**Mezzanine Debt:** Collateral having an average credit rating of Baa2/Baa3 by Moody's Investor Services.

**Residential Mortgage Backed Securities ("RMBS"):**  Debt obligations that represent claims to the cash flows from pools of mortgage loans on residential property. The CDOs at issue in this Action were typically backed, at least in part, by RMBS. Mortgage loans are purchased from banks, mortgage companies, and other originators and then assembled into pools by the acquiring entity. The entity then issues securities that represent claims on the principal and interest payments made by borrowers on the loans in the pool, a process known as securitization.  During 2006 and throughout the Class Period, most of the RMBSs used as the basis for assets in the CDOs that Merrill underwrote were backed by subprime residential mortgages.

**Synthetic CDO:** CDOs with underlying collateral in part consisting of assets of derivatives, such as CDS.

**Super Senior Positions:** According to Merrill, super senior positions represent its exposure to the senior most tranche in a CDO's capital structure. In bankruptcy, this tranche's claims have priority to the proceeds from liquidated cash CDO assets. Merrill's exposure to AAA-rated super senior CDOs included the following securities, which were primarily held as derivative positions in the form of total return swaps: High-grade super

senior positions, which are CDOs with underlying collateral having an average credit rating of Aa3/A1 by Moody's Investor Services; Mezzanine super senior positions, which are CDOs with underlying collateral having an average credit rating of Baa2/Baa3 by Moody's Investor Services; and CDO-squared super senior positions, which are CDOs with underlying collateral consisting of other CDO securities, which have collateral attributes typically similar to high grade and mezzanine super senior positions.

**Total Return Swap ("TRS"):** A Total Return Swap is a bilateral financial transaction where the counterparties swap the total return of a single asset or basket of assets in exchange for periodic cash flows, typically a floating rate such as LIBOR +/- a basis point spread and a guarantee against any capital losses.

**U.S. ABS CDO:** According to Merrill's SEC filings, "an ABS CDO is a security collateralized by a pool of asset-backed securities. The underlying collateral for these asset-backed securities is primarily residential mortgage loans."

During the Class Period, Merrill was "engaged in the underwriting and sale of ABS CDOs."  According to Merrill, "[t]here are a number of steps involved in the underwriting process beginning with determining investor interest or responding to inquiries or mandates received. We also engage a CDO collateral manager who is responsible for selection of the ABS securities that will become the underlying collateral for the CDO securities subject to our approval. All CDO securities are rated by one or more rating agencies. The various tranches of the CDO are securitized, priced at representative market rates and distributed to investors, or in some cases, retained by Merrill Lynch."

3

**Value at Risk ("VaR")**: According to Merrill's SEC filings, VaR is as "a statistical measure of the potential loss in the fair value of a portfolio due to adverse movements in underlying risk factors." Throughout the Class Period, Merrill represented that the VaR disclosed for a particular period was an estimate of the amount that Merrill's current trading portfolios could lose with a specified degree of confidence, over a given time interval. According to Merrill, the aggregate VaR for Merrill's trading portfolios was less than the sum of the VaRs for individual risk categories because movements in different risk categories occur at different times and, historically, extreme movements have not occurred in all risk categories simultaneously. According to Merrill, the difference between the sum of the VaRs for individual risk categories and the VaR calculated for all risk categories disclosed by Merrill for a particular period could be viewed as a measure of the diversification within Merrill's portfolios.

Further Merrill represented that:

We believe that the tabulated risk measures provide broad guidance as to the amount we could lose in future periods, and we work continually to improve our measurement and the methodology of our VaR. However, the calculation of VaR requires numerous assumptions and thus VaR should not be viewed as a precise measure of risk. In addition, VaR is not intended to capture worst case scenario losses. To calculate VaR, we aggregate sensitivities to market risk factors and combine them with a database of historical market factor movements to simulate a series of profits and losses. The level of loss that is exceeded in that series 5% of the time is used as the estimate for the 95% confidence level VaR. The overall total VaR amounts are presented across major risk categories, which include exposure to volatility risk found in certain products, such as options.

## Certificate of Service

I, Aviah Cohen Pierson, declare that, on May 21, 2008, I caused a true and correct copy of the Consolidated Amended Class Action Complaint to be filed with the Court.

Copies of the same were served upon counsel listed below via email.

Christopher Malloy
Scott D. Musoff
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
christopher.malloy@skadden.com
scott.musoff@skadden.com

*Counsel for Defendants Merrill Lynch & Co., Inc.;*
*Merrill Lynch Capital Trust I; Merrill Lynch*
*Capital Trust II; Merrill Lynch Capital Trust III;*
*Merrill Lynch, Pierce, Fenner & Smith*
*Incorporated; Stanley O'Neal; Ahmass Fakahany;*
*Gregory Fleming; and Jeffrey N. Edwards*

_____
Aviah Cohen Pierson