UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates To:<br>Securities Action, 07cv9633 (LBS)(AJP)(DFE) | Master File No.:<br>07cv9633 (LBS)(AJP)(DFE)<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 7-30-08 |

**[PROPOSED] ORDER REGARDING ISSUANCE OF DOCUMENT
PRESERVATION SUBPOENAS TO CERTAIN NON-PARTIES**

WHEREAS, on March 12, 2008, the Court issued an Order (the "March 12, 2008 Order") appointing Ohio STRS as Lead Plaintiff in the Securities Action and approving Ohio STRS' choice of co-lead counsel;

WHEREAS, on May 21, 2008, Lead Plaintiff in the Securities Action filed the Consolidated Amended Class Action Complaint (the "Complaint");

WHEREAS, the March 12, 2008 Order provided that Defendants in the Securities Actions "shall have to and including June 20, 2008 to answer, move or otherwise respond to each of the Consolidated Amended Complaints" and in an Order dated April 10, 2008, the Court, in part, extended the June 20, 2008 deadline and provided that Defendants in the Securities Actions "shall have to and including July 21, 2008 to answer, move or otherwise respond to each of the Consolidated Amended Complaints.";

WHEREAS, Lead Plaintiff anticipates that Defendants will move to dismiss the Complaint on or before July 21, 2008;

WHEREAS, pursuant to Section 21D(b)(3)(B) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u-4(b)(3)(B)) and Section 27(b)(1) of the Securities Act of 1933 (15 U.S.C. §§77z-1(b)(1)), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), "discovery and other proceedings shall be stayed during the pendency of any motion to dismiss";

WHEREAS, Lead Plaintiff wishes to serve subpoenas *duces tecum* on certain non-parties, including on subprime mortgage loan originators, certain hedge funds, rating agencies, research analysts, and due diligence firms, for the limited purpose of informing them of the existing action and imposing a duty upon them to preserve relevant documents ("document preservation subpoenas");

WHEREAS, Lead Plaintiff believes that there is a danger that the non-parties, some of which are either in bankruptcy or are in danger of liquidating or filing for bankruptcy, will not preserve relevant documents unless they are served with document preservation subpoenas;

WHEREAS, counsel for defendants Merrill Lynch & Co., Inc., Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Merrill Lynch Capital Trust I, Merrill Lynch Capital Trust II, Merrill Lynch Capital Trust III, and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Defendants") believe that all discovery has been stayed and should remain stayed while the Defendants' motions to dismiss are under consideration, but do not object to Lead Plaintiff's request to serve the entities identified below with document preservation subpoenas provided such subpoenas are served for the sole and limited purpose of ensuring the preservation of documents;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. Lead Plaintiff in the Securities Action may serve document preservation subpoenas on the following entities at this time, without prejudice to Lead Plaintiff's ability to seek Court approval to serve document preservation subpoenas on additional non-parties at a later time, and without prejudice to defendants' ability to oppose such requests:

ResMAE Mortgage Corporation; Mortgage Lenders Network USA, Inc.; Ownit Mortgage Solutions, Inc.; Peoples Choice Home Loan, Inc.; Fitch Ratings; Clayton Holdings, Inc.; Bohan Group; Mortgage Data Management Corp.; 406 Partners, LLC; NIR Group; Cohen & Co.; 250 Capital; Buckingham Research Group; CIBC World Markets; Deutsche Bank; Goldman Sachs; Punk, Ziegel & Co.; Bernstein Research; The High Grade Structured Credit Strategies Fund; and The High Grade Structured Credit Strategies Enhanced Leverage Fund.

2. By cover letter accompanying each subpoena, Plaintiffs shall instruct each party to which a preservation subpoena is issued that such party is not required and should not produce documents to Plaintiffs in response to the subpoena at this time and that such party's obligation with respect to the subpoena is limited to preserving documents reasonably responsive thereto.

3. Nothing herein shall be construed to mean that the stay of discovery has been lifted for any purpose other than the sole and limited purpose of ensuring the preservation of documents as set forth herein.

4. Further, nothing herein shall be construed as a waiver by any of the defendants of any objections they may have to the scope of the subpoenas or any specific request included therein.

SO ORDERED.

DATED: New York, New York
       July 3&, 2008

/s/ Bernard B. Sand
USDJ