UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-08
```

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No.: 07-cv-09633-JSR-DFE |
| This Document Relates To: Securities Action, 07-cv-9633-JSR-DFE | ECF Case |
| Louisiana Sheriffs' Pension and Relief Fund, et al., Plaintiffs, v. Merrill Lynch & Co., Inc., et. al., Defendants. | Case No: 08-cv-09063-JSR-DFE ECF Case |

## [PROPOSED] ORDER REGARDING COORDINATION OF ACTIONS

WHEREAS, on March 12, 2008, the Court consolidated several securities class actions brought on behalf of investors in Merrill Lynch & Co., Inc. ("Merrill Lynch") in the case captioned *In Re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, 07-cv-09633-JSR-DFE (the "Consolidated Securities Action"), appointed State Teachers Retirement System of Ohio as Lead Plaintiff in the Securities Action and approved Lead Plaintiff's selection of Kaplan Fox & Kilsheimer LLP, Berger & Montague, P.C., and Barrack, Rodos & Bacine ("Co-Lead Counsel") as counsel for Lead Plaintiff and the class in the Consolidated Securities Action;

WHEREAS, on May 21, 2008, Lead Plaintiff filed an amended complaint in the Consolidated Securities Action (the "Amended Complaint"), which asserted claims under

1

Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 on behalf of investors in Merrill Lynch common stock and certain series of preferred stock issued by Merrill Lynch or its affiliates;

WHEREAS, on October 3, 2008, the Louisiana Sheriffs' Pension and Relief Fund and the Louisiana Municipal Police Employees' Retirement System ("Bond Plaintiffs") filed a complaint in New York State Supreme Court ("the Bond Action"), which asserted claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 on behalf of investors in certain Merrill Lynch debt securities and a series of Merrill Lynch preferred stock (8.625% Non-Cumulative Preferred Stock, Series 8) that was not included in Lead Plaintiff's Amended Complaint;

WHEREAS, on October 22, 2008, Defendants removed the Bond Action from New York State Supreme Court to this Court (Case No. 08-cv-09063-JSR-DFE);

WHEREAS, on November 17, 2008, Co-Lead Counsel and Bernstein, Litowitz, Berger & Grossmann LLP, counsel for the Bond Plaintiffs ("Bond Counsel"), filed a Joint Statement in the Bond Action (the "Joint Statement") with respect to coordination of the Bond Action and Consolidated Securities Action;

WHEREAS, there is sufficient overlap between the Bond Action and the Consolidated Securities Action that coordination will result in increased efficiencies for the parties and the Court; and

WHEREAS, Bond Counsel proposed promptly filing an amended complaint in the Bond Action but, as part of the overall agreement set forth herein, agreed that amended pleadings (if any) and Defendants' responses to pleadings in the Bond Action could, in the interests of judicial efficiency and in light of the existing schedule in the Consolidated Securities Action, be filed after the Court's ruling on pending motions to dismiss in the Consolidated Securities Action;

2

THEREFORE, IT IS HEREBY ORDERED as follows:

1. Bond Plaintiffs will not seek remand of the Bond Action to state court.

2. Except as set forth in paragraphs 6 and 7, below, the Bond Action shall proceed on a coordinated basis for all pre-trial purposes with the Consolidated Securities Action.

3. Lead Plaintiff shall serve as Lead Plaintiff with regard to the Consolidated Securities Action and the Bond Action.

4. The authority of Co-Lead Counsel in the Consolidated Securities Action set forth in the Court's March 12, 2008 Order entered in the Consolidated Securities Action shall extend to the Bond Action.

5. Bond Plaintiffs and Bond Counsel shall have primary responsibility for prosecuting all claims on behalf of investors in Merrill Lynch bonds and investors in Merrill Lynch preferred shares that are identified in the Bond Action but not the Consolidated Securities Action, including with respect to filing pleadings, motions and briefs, subject to the supervision and authority of Lead Plaintiff and Co-Lead Counsel. Lead Plaintiff shall serve as Lead Plaintiff with regard to the Consolidated Securities Action and the Bond Action.

6. Within five (5) days of the Court's entering of an Order deciding the pending motions to dismiss the Amended Complaint in the Consolidated Securities Action, the parties in the Bond Action will confer regarding a proposed schedule for the filing of an amended complaint (if any) in the Bond Action and for the time for Defendants to answer, move or otherwise respond to the operative pleading.

7. Defendants' time to answer, move or otherwise respond to the current complaint in the Bond Action is adjourned until further order of the Court.

8. To the extent discovery is permitted in the Consolidated Securities Action, the Bond Action will proceed along the same schedule. The parties in the Bond Action shall participate in any such discovery that takes place in the Consolidated Action, regardless of any motions to dismiss that may be pending in the Bond Action. Should any motions to dismiss be filed in the Bond Action, those motions shall not result in any stay of discovery or otherwise of the Consolidated Securities Action provided that discovery is otherwise permitted to proceed in the Consolidated Securities Action.

9. To the extent discovery in the Consolidated Securities Action is permitted, the deadlines set forth in the Court's October 23, 2008 Order shall apply to the Bond Action. No party in the coordinated actions shall seek any extensions of such deadlines on the basis of the filing of an amended complaint (if any) in the Bond Action, the Court's adjournment of Defendants' time to answer, move or

3

otherwise respond to the complaint in the Bond Action or the filing of any motions to dismiss in the Bond Action.

10. Defendants reserve all rights and defenses regarding the merits and coordination of the Bond Action and Consolidated Securities Action.

**IT IS SO ORDERED**

DATED 12/3/08

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

4