UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates to:  Louisiana Sheriffs' Pension and Relief Fund v. Conway, 08-cv-9063 (JSR) (DFE) | Master File No. 07-cv-09633 (JSR) (DFE) |
| LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., *et al.*,<br><br>Defendants. | Case No. 08-cv-09063 (JSR) (DFE) |

**MEMORANDUM IN SUPPORT OF THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY  10019
(212) 878-8000

*Attorneys for the Underwriter Defendants*

NYA918123.1

## TABLE OF CONTENTS

Page

Introduction ........................................................................................................................1

Argument ...........................................................................................................................3

I.     THE SECTION 11 AND 12 CLAIMS SHOULD BE DISMISSED BECAUSE
       PLAINTIFFS DO NOT ALLEGE THAT THEY PURCHASED SECURITIES IN
       THE OFFERINGS AT ISSUE ........................................................................................3

II.    PLAINTIFFS' SECTION 12 CLAIM SHOULD BE DISMISSED BECAUSE
       THEY DO NOT ALLEGE THAT THEY PURCHASED ANY SECURITY
       DIRECTLY FROM AN UNDERWRITER DEFENDANT .............................................6

Conclusion .........................................................................................................................7

NYA918123.1

**TABLE OF AUTHORITIES**

Page

## CASES

*Am. High-Income Trust v. AlliedSignal*,
    329 F. Supp. 2d 534 (S.D.N.Y. 2004)..........................................................................4

*In re Azurix Corp. Sec. Litig.*,
    198 F. Supp. 2d 862 (S.D. Tex. 2002),
    *aff'd*, 332 F.3d 854 (5th Cir. 2003) ......................................................................4

*Capri v. Murphy*,
    856 F.2d 473 (2d Cir. 1988)..........................................................................6

*Dartley v. Ergobilt, Inc.*,
    2001 WL 313964 (N.D. Tex. Mar. 29, 2001) ....................................................6, 7

*DeMaria v. Andersen*,
    153 F. Supp. 2d 300 (S.D.N.Y. 2001),
    *aff'd*, 318 F.3d 170 (2d Cir. 2003) .................................................3, 4, 6

*Demaria v. Andersen*,
    318 F.3d 170 (2d Cir. 2003)..........................................................................3

*In re Global Crossing, Ltd. Sec. Litig.*,
    313 F. Supp. 2d 189 (S.D.N.Y. 2003)..............................................................4, 5

*Joseph v. Wiles*,
    223 F.3d 1155 (10th Cir. 2000) ....................................................................3

*Krim v. pcOrder.com*,
    402 F.3d 489 (5th Cir. 2005) ........................................................................3

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
    272 F. Supp. 2d 243 (S.D.N.Y. 2003)..............................................................7

*Pinter v. Dahl*,
    486 U.S. 622 (1988)..................................................................................6

*Wilson v. Saintine Exploration & Drilling Corp.*,
    872 F.2d 1124 (2d Cir. 1989)........................................................................6

NYA918123.1

## TABLE OF AUTHORITIES

**Page**

## STATUTES

15 U.S.C. § 77k................................................................................................... *passim*

15 U.S.C. § 77l(a)(2)........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

- iii -

NYA918123.1

The Underwriter Defendants (who are listed on Schedule A) submit this memorandum in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Class Action Complaint ("Complaint").

## **Introduction**

The United States, like most other developed countries, is in the throes of a credit and liquidity crisis that is unprecedented since the 1930's, unanticipated by almost all governments and economists, and of a breadth and depth that has shocked nearly every market participant and observer. This crisis already has resulted in the demise of some of the biggest Wall Street investment banks (such as Bear Stearns and Lehman Brothers) and has had a severe, adverse impact on one of the world's largest insurance companies (AIG). The enormity of the problem has only recently become evident, and the U.S. Government is implementing a financial bailout of unprecedented size and scope to prevent this crisis from causing further damage to the economy.

Plaintiffs allege that Merrill Lynch and the eighty-four Underwriter Defendants knew about, but intentionally ignored and concealed, this impending crisis as far back as November 2006, when the first of the complained-of Merrill Lynch preferred securities and bond offerings (together, the "Offerings") occurred. On the basis of that economically irrational premise, Plaintiffs allege that the Offering Materials for over a dozen bond and preferred stock offerings between November 2006 and May 2008 misstated or omitted material facts because they did not accurately foresee the fallout from the credit crisis.

Plaintiffs' allegations represent a classic case of "fraud by hindsight." Plaintiffs are claiming that good faith valuations, estimates of the risks of future losses, and other statements in the Offering Materials were misleading only because they turned out to be contradicted by unanticipated future events of unprecedented dimension. Yet the Complaint is devoid of any allegations sufficient to establish that the Offering Materials were materially misleading at the time of any of the Offerings. In many cases, Plaintiffs point to estimates or opinions regarding the valuations and risks associated with mortgage-backed securities that were incorporated by reference into the Offering Materials. Estimates and opinions are not "facts" that can be proven true or false. In addition, the Offering Materials contain specific cautionary language stating that the assumptions and methodology underlying the evaluation of credit and market risks were difficult to determine and subject to change. Taking this cautionary language into account, no reasonable investor could have believed that the valuation estimates and risk assessments incorporated into the Offering Materials were immutable.

The motion to dismiss filed by the Merrill Lynch Defendants and Individual Defendants addresses the fundamental deficiencies of the Complaint, and the Underwriter Defendants incorporate those arguments rather than burdening the Court with duplicative briefing. The Underwriter Defendants submit this short memorandum to set forth additional arguments directly applicable to them. In addition to the problems outlined in the motion of the Merrill Lynch Defendants and Individual Defendants, Plaintiffs' Section 11 and 12 claims against the Underwriter Defendants are defective because the Complaint does not allege that the named Plaintiffs purchased securities issued pursuant to each of the allegedly misleading Offering Materials. Plaintiffs' Section 12 claim also is defective because the Complaint does not allege that the named Plaintiffs purchased their shares from—or had any direct contact with—any of the Underwriter Defendants, as Section 12 requires. Even if the Offering Materials did contain

- 2 -

the material misstatements or omissions that Plaintiffs allege—which they did not—as a matter of law Plaintiffs' Section 11 and 12 claims against the Underwriter Defendants therefore should be dismissed.

## Argument

**I.    THE SECTION 11 AND 12 CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFFS DO NOT ALLEGE THAT THEY PURCHASED SECURITIES IN THE OFFERINGS AT ISSUE**

Section 11 provides that if a registration statement contains material misleading statements or omissions, "any person acquiring *such security*" may sue certain enumerated defendants. 15 U.S.C. § 77k (emphasis added). Courts have allowed purchasers of securities issued pursuant to a misleading registration statement to assert Section 11 claims only "so long as the security was indeed issued under *that* registration statement and not another." *Demaria v. Andersen*, 318 F.3d 170, 176 (2d Cir. 2003) (emphasis in original).[1]

Section 12(a)(2) states that any person who offers or sells a security by means of a prospectus containing materially misleading statements or omissions shall be liable "to the person purchasing *such security* from him." 15 U.S.C. § 77l(a)(2) (emphasis added). Section 12(a)(2) limits standing only to those plaintiffs who actually purchased shares directly in the offering at issue.[2]

---

[1]    *See also Krim v. pcOrder.com*, 402 F.3d 489, 495 (5th Cir. 2005) (Section 11's standing provisions "limit putative plaintiffs to the 'narrow class of persons' consisting of 'those who purchase securities that are the direct subject of the prospectus and registration statement'") (quoting *Fischman v. Raytheon Mfg. Co.*, 188 F.2d 783, 786-87 (2d Cir. 1951)); *Joseph v. Wiles*, 223 F.3d 1155, 1159 (10th Cir. 2000) (noting that the "natural reading" of "any person acquiring such security" is that "the buyer must have purchased a security issued under the registration statement at issue, rather than some other registration statement").

[2]    *DeMaria v. Andersen*, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001), *aff'd*, 318 F.3d 170 (2d Cir. 2003) (dismissing Section 12(a) claim where the complaint "does [not] even state any named plaintiff

- 3 -

NYA918123.1

Courts have dismissed Section 11 and 12(a)(2) claims for lack of standing where, as here, none of the named plaintiffs alleged that they purchased shares pursuant to the registration statement at issue.  For example, in *In re Global Crossing, Ltd. Securities Litigation*, 313 F. Supp. 2d 189 (S.D.N.Y. 2003) (Lynch, J.), the underwriter defendants moved to dismiss Section 11 claims regarding an April 3, 2000 offering of Global Crossing common stock because the complaint did not allege that any of the named plaintiffs could trace their shares to that offering. The plaintiffs argued that they had standing because they sought to bring their action on behalf of those who purchased or otherwise acquired securities traceable to that offering.  Judge Lynch rejected their argument:

> More, however, is required.  It is well established that a plaintiff seeking to represent a class must be a member of the class he purports to represent.  [Citations omitted.]  Thus, it is not enough that plaintiffs seek damages only for a class that has standing; at least one named plaintiff must be a member of that class -- that is, a named plaintiff must have purchased shares traceable to the challenged offering.

*Id.* at 207.  Judge Lynch dismissed the plaintiffs' Section 11 claim in the absence of any allegation that the plaintiffs *themselves* purchased shares pursuant to or traceable to the allegedly false registration statement:

> The cause of action inheres in the faulty registration statement that put the shares in question on the market; it is on the basis of the flaw in the underlying registration that section 11 dispenses with the requirements of scienter, and, for those who purchase soon enough after the registration statement, reliance.  Those who purchased in the open market shares that were properly registered in an earlier offering are relegated to the securities fraud remedies that include such requirements.  Thus, plaintiffs who purchased securities not issued pursuant to the misleading registration

---

purchased in the ILife IPO," but instead merely alleged that the named plaintiffs purchased "during the Class Period").  *Accord, Am. High-Income Trust v. AlliedSignal*, 329 F. Supp. 2d 534, 547 & n.8 (S.D.N.Y. 2004) (Swain, J.) ("Section 12(a)(2) liability does not apply to aftermarket purchases"); *In re Azurix Corp. Sec. Litig.*, 198 F. Supp. 2d 862, 893 (S.D. Tex. 2002), *aff'd*, 332 F.3d 854 (5th Cir. 2003) (granting motion to dismiss a Section 12(a)(2) claim "because it is undisputed that plaintiffs did not purchase their shares of Azurix stock pursuant to the company's initial public offering").

- 4 -

> statement lack standing as surely as the purchasers of other securities entirely.

*Id.* at 207-08.   Judge Lynch therefore held that the plaintiffs lacked standing to pursue their Section 11 claim.

Here, the Complaint merely alleges that both named Plaintiffs "purchased *certain* of the Merrill securities" pursuant to the Shelf Registration statement and supplemental prospectuses at issue. (Compl. ¶¶ 7-8 (emphasis added).)  The Complaint does not state which securities either of the named Plaintiffs purchased.  Nor does it allege that the named Plaintiffs purchased any of those securities directly in each of the Offerings at issue (as Section 12(a)(2) requires) or that those securities are traceable to each of those Offerings (as Section 11 requires).

Only certain of the eighty-four Underwriter Defendants underwrote each of the Offerings. (Compl. ¶ 217.)  The named Plaintiffs lack standing to sue the Underwriters of Offerings that those Plaintiffs did not purchase.  And many of the Underwriter Defendants may not have participated in the unspecified Offerings (if any) that the named Plaintiffs did purchase.[3]  Since Plaintiffs have failed to specify which Offerings they purchased, despite the clear and longstanding requirement that they do so, their Section 11 and 12(a)(2) claims against all the Underwriter Defendants should be dismissed.

---

[3]   For example, only Merrill Lynch, Pierce, Fenner & Smith Incorporated underwrote the September 7, 2007 Notes Offering. (Compl. ¶ 217.)

- 5 -

II.   **PLAINTIFFS' SECTION 12 CLAIM SHOULD BE DISMISSED BECAUSE THEY DO NOT ALLEGE THAT THEY PURCHASED ANY SECURITY DIRECTLY FROM AN UNDERWRITER DEFENDANT**

Plaintiffs also fail to state a viable Section 12(a)(2) claim against the Underwriter Defendants because they do not allege that they purchased any of the securities at issue directly from any of the Underwriter Defendants.

To successfully plead a claim under Section 12(a)(2) of the 1933 Act, a plaintiff must allege that (1) the defendant directly sold the stock to plaintiff, or (2) that the defendant directly solicited the plaintiff's purchase of the stock. *Pinter v. Dahl*, 486 U.S. 622, 647 (1988) (holding that liability under Section 12(1) applies only to those who pass title, or those who solicit securities purchases).[4]  Complaints that fail to allege such "privity" should be dismissed.

For example, in *DeMaria*, 153 F. Supp. 2d at 307, the court dismissed the plaintiffs' Section 12 claim against the underwriter defendants because "the amended complaint does not aver that any defendant was the immediate seller to any named plaintiff."  Similarly, in *Dartley v. Ergobilt, Inc.*, 2001 WL 313964, at *2 (N.D. Tex. Mar. 29, 2001), the court pointed out that "[f]or potential Section 12(a)(2) liability to exist, the Underwriters must have passed title to the Plaintiffs, as a direct seller, or solicited the transaction in which title passed to them." *Id.*  The court dismissed the Section 12(a)(2) claim because the plaintiffs "do not allege any facts to support the conclusion that [the underwriter defendants] were statutory sellers as to any of the Plaintiffs" and therefore if the plaintiffs "did not buy from [the underwriter defendants] and were

---

[4]   *See also Wilson v. Saintine Exploration & Drilling Corp.*, 872 F.2d 1124, 1126 (2d Cir. 1989) (applying the § 12(1) analysis in Pinter to what is now § 12(a)(2)); *Capri v. Murphy*, 856 F.2d 473, 478 (2d Cir. 1988) (same).

NYA918123.1

not solicited by them, they cannot sue [the underwriter defendants] for Section 12(a)(2) violations." *Id.* at 8-9.[5]

Here, both of the named Plaintiffs allege merely that they "purchased certain of the Merrill securities" pursuant to the Shelf Registration statement and supplemental prospectuses at issue. (Compl. ¶¶ 7-8.) They do not allege that they purchased those securities directly from any of the Underwriter Defendants.  Nor do they allege any facts to suggest that any of the Underwriter Defendants solicited them.  For this reason, as well, Plaintiffs' Section 12(a)(2) claim against the Underwriter Defendants should be dismissed.

## Conclusion

For the foregoing reasons, and for the reasons stated in the Merrill Lynch Defendants' and Individual Defendants' Memorandum, Plaintiffs' claims against the Underwriter Defendants should be dismissed with prejudice.

---

[5]   *See also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 255 (S.D.N.Y. 2003) (dismissing the plaintiff's Section 12(a)(2) claim against the broker-dealer defendant because she did not allege that she purchased her mutual fund shares from that defendant).

- 7 -

NYA918123.1

Dated:  February 9, 2009

Respectfully submitted,

CLIFFORD CHANCE US LLP


By: _____/s/ Mark Holland_____
       George A. Schieren
       Mark Holland
       Mary K. Dulka
       John J. Song
31 West 52nd Street
New York, New York  10019
(212) 878-8000

*Attorneys for the Underwriter Defendants*
*(listed in Schedule A)*

- 8 -

SCHEDULE A:  LIST OF UNDERWRITER DEFENDANTS NAMED IN COMPLAINT

A.G. Edwards & Sons, Inc.
ANZ Securities, Inc.
B.C. Ziegler and Company
Banc of America / Banc of America Securities, LLC (on its own and as successor to
Countrywide Securities Corporation)
Barclays Capital Inc.
BB&T Capital Markets (a division of Scott & Stringfellow, Inc.)
BBVA Securities, Inc.
Blaylock & Company, Inc.
Blaylock Robert Van, LLC
BMO Capital Markets Corp.
BNY Capital Markets, Inc.
Cabrera Capital Markets, LLC
CastleOak Securities L.P.
Charles Schwab & Co., Inc.
CIBC World Markets Corp.
Citigroup Global Markets Inc.
Credit Suisse Securities (USA) LLC
D.A. Davidson & Co.
Davenport & Company LLC
Deutsche Bank Securities Inc.
Doley Securities, LLC
Ferris, Baker Watts, Incorporated
Fidelity Capital Markets (a division of National Financial Services LLC)
Fifth Third Securities, Inc.
Fixed Income Securities LP
Fixed Income Securities, Inc.
Fortis Securities LLC
FTN Financial Securities Corp.
Goldman, Sachs & Co.
Greenwich Capital Markets, Inc.
H&R Block Financial Advisors, Inc.
HSBC Securities / HSBC Securities (USA)
HVB Capital Markets, Inc.
J.B. Hanauer & Co.
J.J.B. Hilliard, W.L. Lyons, Inc.
J.P. Morgan Chase / J.P. Morgan Securities (on its own and as successor to Bear Stearns & Co.
Inc.)
Jackson Securities LLC
Janney Montgomery Scott LLC
Jefferies & Company, Inc.

- 9 -

NYA918123.1

KBC Financial Products USA, Inc.
Keefe, Bruyette & Woods, Inc.
KeyBanc Capital Markets Inc.
Loop Capital Markets
Mellon Financial Markets, LLC
Mesirow Financial, Inc.
Mizuho Securities USA Inc.
Morgan Keegan & Company, Inc.
Morgan Stanley & Co. Incorporated
Muriel Seibert & Co., Inc.
nabCapital Securities, LLC
NatCity Investments, Inc.
Natixis Bleichroeder Inc.
Oppenheimer & Co. Inc.
Pershing LLC
Piper Jaffray & Co.
PNC Capital Markets LLC
Raymond James & Associates, Inc.
RBC Capital Markets Corporation
RBC Dain Rauscher Inc.
RBS Greenwich Capital
Robert W. Baird & Co. Incorporated
Samuel A. Ramirez & Co., Inc.
Santander Investment Securities Inc.
Sterne Agee Capital Markets, Inc.
Stifel, Nicolaus & Company, Incorporated
Stone & Youngberg LLC
Stringfellow, Inc
SunTrust Capital Markets, Inc.
SunTrust Robinson Humphrey, Inc.
TD Ameritrade, Inc.
The Williams Capital Group, L.P.
Toussaint Capital Partners, LLC
U.S. Bancorp Investments, Inc.
UBS Securities LLC
UniCredit Capital Markets, Inc.
Utendahl Capital Partners, L.P.
Vining-Sparks IBG, Limited Partnership
Wachovia Capital Markets, LLC
Wachovia Securities, Inc.
Wedbush Morgan Securities Inc.
Wells Fargo Securities, LLC
William Blair & Company, LLC
Zions Direct, Inc.

NYA918123.1