# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No. 07-cv-9633 (JSR)(DFE) |
| This Document Relates To: Securities Action, 07cv9633`(JSR)(DFE) | |

## APPENDIX OF EXHIBITS TO JOINT DECLARATION OF FREDERIC S. FOX, LAWRENCE J. LEDERER AND M. RICHARD KOMINS

## INDEX OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1. | Stipulation and Agreement of Settlement dated as of February 17, 2009, Including All Exhibits thereto. |
| 2. | [Proposed] Order and Final Judgment |
| 3. | Litigation Fund Summary |
| 4. | Plaintiffs' Counsel's Lodestar and Expense Summary |
| 5. | Declaration of Frederic S. Fox in Support of Motion for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Kaplan Fox & Kilsheimer LLP |
| 6. | Declaration of M. Richard Komins in Support of Motion for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Barrack Rodos & Bacine |
| 7. | Declaration of Lawrence J. Lederer in Support of Motion for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Berger & Montague |
| 8. | Declaration of Patrick V. Dahlstrom in Support of Motion for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Pomerantz Haudek Grossman & Gross LLP |
| 9. | Declaration of Mark C. Molumphy in Support of Motion for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Cotchett, Pitre & McCarthy |
| 10. | Declaration of Marvin L. Frank in Support of Motion for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Murray, Frank & Sailer LLP |
| 11. | Invoice of Philadelphia Investment Banking Company dated June 9, 2009 |
| 12. | Laura E. Simmons & Ellen M. Ryan, *Securities Class Action Settlements: 2008 Review and Analysis* |
| 13. | Objections by Richard E. Teitz, dated May 13, 2009 and by Grace R. Goldblatt, dated June 2, 2009 |

# Exhibit 1

*Rakoff J.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No. 07-cv-9633 (JSR)(DFE) |

This Document Relates To:
Securities Action, 07cv9633 (JSR)(DFE)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3 · 3 · 09
```

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement dated as of February 17, 2009 (the "Settlement Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Settlement Stipulation is entered into by State Teachers' Retirement System of Ohio ("Lead Plaintiff"), individually and on behalf of the proposed Settlement Class (defined below), by and through its counsel, and certain Defendants (defined below), by and through their respective counsel.

This Settlement Stipulation is intended by the parties hereto to fully and finally compromise, resolve, discharge and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below and final approval of the District Court:

WHEREAS:

A.     Beginning in October 2007, a number of putative class action complaints alleging violations of federal securities laws were filed, variously naming as defendants Merrill Lynch & Co., Inc. ("Merrill"), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Capital Trust I, Merrill Lynch Capital Trust II, Merrill Lynch Capital Trust III, E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Lawrence A. Tosi, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L.

M

Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rosotti, Citigroup Global Markets, Morgan
Stanley & Co., UBS Securities, Wachovia Capital Services and Deloitte & Touche LLP
(collectively, "Defendants").

      B.     On December 31, 2007, certain plaintiffs moved to consolidate the securities
cases and for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform
Act ("PSLRA"). On January 2, 2008, the State Teachers Retirement System of Ohio moved for
appointment as lead plaintiff in the Securities Action (defined below).

      C.     On March 12, 2008, the District Court consolidated certain actions brought on
behalf of investors in Merrill securities and appointed State Teachers Retirement System of Ohio
as sole Lead Plaintiff in the Securities Action and approved Lead Plaintiff's selection of Kaplan
Fox & Kilsheimer LLP, Berger & Montague, P.C. and Barrack Rodos & Bacine ("Co-Lead
Counsel") as counsel in the Securities Action.

      D.     On May 21, 2008, Lead Plaintiff, together with additional plaintiff Gary Kosseff,
(together, on behalf of themselves and all others similarly situated, "Plaintiffs") filed a
Consolidated Amended Class Action Complaint (the "Amended Complaint") in the Securities
Action which asserts claims under Sections 10(b), 14(a), and 20(a) of the Securities Exchange
Act of 1934 (the "Exchange Act") and Sections 11, 12(a)(2), and 15 of the Securities Act of
1933 ("Securities Act"), on behalf of purchasers or acquirers of Merrill common stock and
certain Preferred Securities (defined below) issued by Merrill or its affiliates during the period
October 17, 2006 through January 16, 2008.

      E.     The Amended Complaint alleges that Defendants accumulated financial exposure
to U.S. subprime residential mortgage-related assets and asset backed securities ("ABS"),
collateralized debt obligations ("CDOs"), and related exposures and financial instruments

(hereinafter referred to "U.S. subprime ABS CDOs" or "U.S. subprime ABS CDO exposures")

which reached $40 billion by the end of June 2007. The Amended Complaint alleges that

Defendants did not properly disclose Merrill's exposure to these assets until beginning October 5,

2007, when Merrill began to disclose its exposures and began to initiate write-downs. By

January 17, 2008, Merrill had written down over $24 billion in U.S. subprime ABS CDO

exposures. Lead Plaintiff also alleges: (a) that Defendants sought to minimize and/or obscure

Merrill's exposure by falsely representing that Merrill's risk controls and hedging techniques

were effectively mitigating and minimizing any impact that subprime assets would have on

Merrill; (b) that Defendants falsely led investors to believe that the impact of subprime assets

would be minimal on Merrill; and (c) that by at least February 2007, Merrill's U.S. subprime

ABS CDO exposures had become substantially impaired and should have been materially written

down by Merrill.

   F. On or about July 28, 2008, Lead Plaintiff entered into a tolling agreement with

the Underwriter Defendants (defined below) in which, among other things, Lead Plaintiff agreed

to voluntarily dismiss these defendants from the Securities Action in accordance with the tolling

agreement and Rule 41(a) of the Federal Rules of Civil Procedure. On August 5, 2008, the

District Court so ordered the voluntary dismissal of the Underwriter Defendants.

   G. On July 21, 2008, certain Defendants moved, pursuant to Federal Rules of Civil

Procedure 9(b) and 12(b)(6) and pursuant to the PSLRA, to dismiss the Amended Complaint and

to strike certain allegations of the Amended Complaint. With respect to Plaintiffs' claims under

the Exchange Act, Defendants moved to dismiss on the basis that, *inter alia*, Plaintiffs had failed

to plead that Defendants acted with scienter, had failed to plead loss causation and had failed to

allege any actionable misstatement or omission. With respect to Plaintiffs' claims under the

Securities Act, Defendants moved to dismiss on the basis that, inter alia, Plaintiffs had failed to meet the pleading requirements of Fed. R. Civ. P. (9)(b), had failed to allege any untrue statement or actionable omission, and lacked standing to bring their claims under Sections 11 and 12(a) of the Securities Act.

H.      On September 19, 2008, Plaintiffs filed a consolidated opposition to Defendants' motions to dismiss. Plaintiffs also filed a Motion to Strike Extrinsic Documents and Certain Arguments Made by the Merrill Defendants and Defendants Edwards, O'Neal, Fakahany and Fleming in Their Motions to Dismiss the Consolidated Amended Class Action Complaint.

I.      On November 14, 2008, Defendants filed reply memoranda in further support of their motions to dismiss, and in opposition to Plaintiffs' motion to strike. Plaintiffs filed a reply memorandum in further support of their motion to strike on November 14, 2008.

J.      On November 25, 2008 the District Court issued an order setting oral argument on the pending motions to dismiss in the Securities Action for January 15, 2009.

K.      On January 7, 2009, with the motions to dismiss the Securities Action still pending, the parties in the Securities Action agreed in principle to settle the Securities Action.

**Benefits of the Settlement to the Class**

A.      Co-Lead Counsel believe that the Settlement provides an excellent monetary recovery for the Settlement Class (defined below) based on the claims asserted, the procedural posture of the litigation, the evidence developed and the damages that might be proven by the Settlement Class.

B.      Co-Lead Counsel, on behalf of Lead Plaintiff, further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Securities Action

through trial and appeal. They have also considered the uncertain outcome and the risk of any litigation, including the risk that Plaintiffs might recover nothing, especially in complex litigation such as this case, as well as the difficulties and delays inherent in any such litigation. Co-Lead Counsel are also mindful of the inherent problems of proof and possible defenses to the federal securities law violations asserted against Defendants, and therefore believe that it is desirable that the Released Claims (defined below) be fully and finally compromised, settled and resolved as set forth herein. Based upon their evaluation, Co-Lead Counsel, on behalf of Lead Plaintiff and the Settlement Class, have determined that the Settlement (defined below) set forth in this Settlement Stipulation is fair, reasonable and adequate and in the best interests of Lead Plaintiff and the Settlement Class.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff or Co-Lead Counsel of any lack of merit in the claims asserted, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby

STIPULATED AND AGREED, by and among the parties to this Settlement Stipulation, through their respective attorneys, subject to approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the PSLRA and other conditions set forth herein, in consideration of the benefits flowing to the parties hereto, that the Securities Action and all Released Claims as against the Released Parties (defined below) shall be finally and fully compromised, settled, released and dismissed, on the merits and with prejudice, in the manner and upon and subject to the terms and conditions set forth herein.

**Certain Definitions**

1.     The following capitalized terms used in this Settlement Stipulation shall have the meanings specified below:

(a)     "Amended Complaint" means the Consolidated Amended Class Action Complaint filed on May 21, 2008.

(b)     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Settlement Stipulation and the Plan of Allocation.

(c)     "Claim" means the submission to be made by Settlement Class Members, on the Proof of Claim form attached hereto as Exhibit A-2, or as may be required by the District Court.

(d)     "Claims Administrator" means the entity appointed by the District Court to administer the settlement and disseminate notice to the Settlement Class.

(e)     "Co-Lead Counsel" means Frederic S. Fox of Kaplan Fox & Kilsheimer LLP, Lawrence J. Lederer of Berger & Montague, P.C., and M. Richard Komins of Barrack, Rodos & Bacine.

(f)     "Defendants" means Merrill; Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Capital Trust I, Merrill Lynch Capital Trust II, Merrill Lynch Capital Trust III, E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Lawrence A. Tosi, Armando M. Codina, Virgis W. Colbert, Carol T. Christ, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann

6

N. Reese, Charles O. Rosotti, Citigroup Global Markets, Morgan Stanley & Co., UBS

Securities, Wachovia Capital Services and Deloitte & Touche LLP.

(g)    "District Court" means the United States District Court for the Southern

District of New York (Rakoff, J.).

(h)    "Effective Date" means the first day following the date on which the

settlement contemplated by this Settlement Stipulation shall become effective as set forth in

¶30 below.

(i)    "Escrow Account" means the interest-bearing accounts established

pursuant to ¶¶ 4 & 5 herein.

(j)    "Escrow Agent" shall mean Kaplan Fox & Kilsheimer LLP, Berger &

Montague, P.C. and Barrack Rodos & Bacine.  The Escrow Agent shall perform the duties set

forth in this Settlement Stipulation.

(k)    "Final Approval" means the date of the entry of the Order and Final

Judgment by the District Court in this Securities Action approving (i) the Settlement and (ii)

the release of the Released Claims as to the Released Parties as fair, adequate and reasonable;

and dismissing the claims of the Plaintiffs and the Settlement Class against each of the

Defendants, with prejudice and the expiration of any time for appeal or review of the Order and

Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment

is upheld on appeal in all material respects and is no longer subject to review upon appeal or

review by certiorari or otherwise, and the time for any petition for reargument, appeal or review,

by certiorari or otherwise, has expired; or, in the event that the District Court enters an order

and final judgment in a form other than that provided above ("Alternative Judgment") and none

7

of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired *provided, however,* that any disputes or appeals relating to amount, payment or allocation of attorney's fees and expenses shall have no effect on finality for purposes of determining the date of Final Approval.

(l)    "Lead Plaintiff" means State Teachers' Retirement System of Ohio appointed by Order of the District Court as Lead Plaintiff in this Securities Action.

(m)    "Net Settlement Fund" shall have the meaning set forth in ¶ 8 herein.

(n)    "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Securities Action pursuant to ¶27 of this Settlement Stipulation and substantially in the form of Exhibit B hereto.

(o)    "Payor Defendant" means the entity that funds the Settlement.

(p)    "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(q)    "Plaintiffs" means Lead Plaintiff, the Ohio State Teachers' Retirement System and additional plaintiff Gary Kosseff, on behalf of themselves and the proposed Settlement Class, defined below.

(r)    "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Proposed Settlement of Class Action) to Authorized Claimants after payment of expenses of notice and administration of the Settlement,

8

Taxes and Tax Expenses and such attorneys' fees, costs and expenses as may be awarded by

the District Court.

     (s)   "Preferred Securities" means:

(a) Merrill Lynch Preferred Capital Trust III – 7% Cumulative Trust Originated Preferred
    Securities ("TOPRS");
(b) Merrill Lynch Preferred Capital Trust IV – 7.12% Cumulative TOPRS;
(c) Merrill Lynch Preferred Capital Trust V – 7.28% Cumulative TOPRS;
(d) Merrill Lynch Series 1 Preferred;
(e) Merrill Lynch Series 2 Preferred;
(f) Merrill Lynch Series 3 Preferred;
(g) Merrill Lynch Series 4 Preferred;
(h) Merrill Lynch Series 5 Preferred;
(i) Merrill Lynch Series 6 Preferred;
(j) Merrill Lynch Series 7 Preferred;
(k) Merrill Lynch Capital Trust I Preferred 6.45% Securities;
(l) Merrill Lynch Capital Trust II Preferred 6.45% Securities; and
(m) Merrill Lynch Capital Trust III Preferred 7.375% Securities

     (t)   "Preliminary Order" means the Preliminary Order in Connection With

Settlement Proceedings that the Co-Lead Counsel and counsel for Defendants will seek from

the District Court, substantially in the form attached as Exhibit A and as described in ¶ 26

below.

     (u)   "Publication Notice" means the summary notice of pendency and

proposed settlement for publication substantially in the form attached as Exhibit A-3.

     (v)   "Released Claims" means any and all claims, actions, debts, demands,

set-offs (both legal and equitable), causes of action, rights or liabilities whatsoever (including,

but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or

consulting fees, and any other costs, expenses or liability whatsoever), whether based on

federal, state or local statutory or common law or any other law, rule or regulation, whether

fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity,

9

matured or un-matured, whether direct, representative, class, individual or in any other form,

including both known claims and Unknown Claims (defined below), that have been asserted in

the Securities Action by the Settlement Class Members or any of them against any of the

Released Parties, or which otherwise were or could have been at issue in the Securities Action,

or that have been or could have been asserted in any forum by the Settlement Class Members or

any of them against any of the Released Parties which arise out of or relate to or are based in

whole or in part upon any of the allegations, transactions, facts, matters or occurrences,

representations, disclosures, statements or omissions alleged, involved, set forth, or referred to

in the Amended Complaint, in connection with such Settlement Class Members' purchase or

acquisition of Merrill common stock or the Preferred Securities during the Settlement Class

Period. Released Claims includes only the claims that were or could have been asserted on

behalf of purchasers or acquirers during the Settlement Class Period of only Merrill common

stock and the Preferred Securities. Released Claims specifically excludes the claims asserted in

(1) all derivative actions consolidated into the docket number 07cv9696 by order dated March

12, 2008, the derivative action captioned *Lambrecht v. O'Neal*, 08cv6582, and all derivative

actions involving substantially similar facts; (2) the ERISA actions consolidated into the docket

number 07cv10268 by order dated March 12, 2008; and (3) the claims relating to the following

securities asserted in the action captioned *Louisiana Sheriffs' Pension and Relief Fund, et al. v.*

*Merrill Lynch & Co., Inc., et al.*, 08cv09063: 8.625% Non-Cumulative Preferred Securities,

Series 8 (CUSIP: 59023V373); Medium-Term Notes, Series C (CUSIP: 59018YYR6);

Medium-Term Notes, Series C (CUSIP: 59018YYW5); 6.11% Subordinated Notes due January

29, 2037 (CUSIP: 59022CAJ2); 5.70% Subordinated Notes due May 2, 2017 (CUSIP:

59022CCS0); Medium-Term Notes, Series C (CUSIP: 59018YE72); 6.05% Medium-Term

10

Notes, Series C (CUSIP: 59018YJ36); 6.40% Medium-Term Notes, Series C (CUSIP: 59018YJ69); Accelerated Return Notes (CUSIP: 59022W356); 5.45% Medium-Term Notes, Series C (CUSIP: 59018YM40); 6.15% Medium-Term Notes, Series C (CUSIP: 59018YN56); 6.875% Medium-Term Notes, Series C (CUSIP: 59018YN64); 7.75% Subordinated Notes (CUSIP: 59023VAA8). Released Claims also specifically excludes the claims asserted in the securities actions captioned, *Sklar v. Bank of America Corp., et al.*, 09-cv-580 (S.D.N.Y. filed Jan. 21, 2009) *Boorn v. Bank of America Corp., et al.*, 09-cv-0159 (N.D. Ga. filed Jan. 21, 2009), and *Zitner v. Bank of America Corp., et al.*, 09-cv-00881 (S.D.N.Y. filed Jan. 30, 2009), as well as any actions involving substantially similar facts.. It is expressly understood that no release is given to any Released Party in connection with any purchase, acquisition, or retention of Bank of America Corp. ("BAC") securities by any purchaser, acquirer, or holder of BAC securities.

(w)    "Released Parties" means Defendants and their respective heirs, executors, personal representatives, estate and administrators; their respective past, present and future parent entities, affiliates, related parties, subsidiaries, predecessors and successors; and each of their respective past, present and future assigns, insurers, partners, officers, directors, controlling persons, representatives, employees, agents, attorneys, counsel, underwriters, and financial or investment advisors.

(x)    "Securities Action" means the putative securities class actions consolidated by the District Court into docket number 07cv9633 pursuant to the order dated March 12, 2008.

(y)    "Settlement" means the settlement as set forth in this Settlement Stipulation.

11

(z)    "Settlement Amount" means four hundred seventy-five million dollars ($475,000,000) in cash.

(aa)    "Settlement Class" means such Class as may be certified by the District Court for purposes of settlement of the Securities Action.  Included in such Settlement Class are persons who purchased or acquired Merrill common stock or Preferred Securities during the Settlement Class Period.  Excluded from the Settlement Class are the Defendants and their affiliates, Temasek Capital (Private) Limited, Davis Selected Advisors L.P. and their affiliates. Also excluded are present and former employees of Merrill and its subsidiaries who acquired Merrill securities through exercise of warrants and/or as compensation.

(bb)    "Settlement Class Members" means Persons who are members of the Settlement Class who do not timely and properly exclude themselves therefrom.

(cc)    "Settlement Class Period" means the time period from October 17, 2006 through and including December 31, 2008.

(dd)    "Settlement Fund" means the payment made pursuant to ¶ 4 herein plus any interest earned thereon.

(ee)    "Settlement Notice" means the Notice of Pendency of Class Action and Proposed Settlement which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

(ff)    "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(gg)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or

12

accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(hh)    "Underwriter Defendants" means Citigroup Global Markets; Morgan Stanley & Co.; UBS Securities; and Wachovia Capital Markets LLC and any other underwriter who performed services in connection with any offerings of Merrill common stock or Preferred Securities during the Settlement Class Period.

(ii)    "Unknown Claims" means any and all Released Claims that Plaintiffs and any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties.  With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to this Settlement Stipulation shall be in full and final disposition of the Securities Action as against Defendants and any and all Released Claims as against all Released Parties.  It is an important element to the Defendants' participation

in the Settlement that the Released Parties obtain the fullest possible release from further liability to any Settlement Class Member relating to the Released Claims, and it is the intention of the parties to this Settlement that all further liability of Defendants and the Released Parties relating to the Released Claims hereby be eliminated.

3.    (a)    Upon the Effective Date of this Settlement, Settlement Class Members (including but not limited to any Settlement Class Member who is a party to any other action, arbitration or other proceeding who is asserting claims related to the Released Claims against any of the Defendants or Released Parties that are pending on the day of Final Approval), on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors and assigns, release and shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

(b)    Lead Plaintiff and all Settlement Class Members, whether or not any such person submits a Proof of Claim, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs and any other Person who purports to claim through them, will be deemed by this Settlement to release and forever discharge the Released Parties from any and all of the Released Claims. As of the Effective Date, Lead Plaintiff and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

14

(c)     Upon the Effective Date of the Settlement, all claims for contribution, indemnification, or any other form of relief by other alleged joint tortfeasors against the Released Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class or any Settlement Class Member are thereby barred, extinguished, discharged, satisfied and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims enjoined.

(d)     Upon the Effective Date of the Settlement, Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under any of them, and each of them, release Plaintiffs, Co-Lead Counsel, and Settlement Class Members and each of their predecessors, successors, assigns, personal representatives, heirs and any other Person submitting a Claim on behalf of a Settlement Class Member in the Securities Action, from any and all claims arising out of or relating to their having filed and prosecuted the Securities Action.

## THE SETTLEMENT CONSIDERATION

4.     On or before five (5) business days following the date of the entry of the Preliminary Order, but in no event later than February 24, 2009, the Payor Defendant, in full and complete settlement of the Released Claims, shall pay the Settlement Amount into the Escrow Account established for the Settlement Fund by the Co-Lead Counsel for the benefit of the Settlement Class Members. Except as provided in ¶ 5 hereof, Co-Lead Counsel shall invest any fund held in the Escrow Account in United States Treasury Bills.

15

## NOTICE AND ADMINISTRATION FUND

5.    Co-Lead Counsel will establish a "Notice and Administration Fund" in the

amount of $2,000,000, which monies shall come exclusively from the Settlement Amount, to be

used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to

the Settlement Class and for other reasonable out-of-pocket administrative expenses related

thereto.  Co-Lead Counsel shall disburse funds from the Notice and Administration Fund to pay

the costs of notifying the Settlement Class, soliciting the filing of claims by Settlement Class

Members, assisting them in filing their claims, and otherwise administering the Settlement on

behalf of the Settlement Class.  Additional amounts may be transferred from the Settlement Fund

into the Notice and Administration Fund upon instruction from Co-Lead Counsel.  Co-Lead

Counsel shall hold the Notice and Administration Fund in an interest bearing bank account

insured by the Federal Deposit Insurance Corporation ("FDIC").

6.    If the Effective Date does not occur, the balance of the Notice and Administration

Fund, including all interest accrued thereon, shall be returned to the Payor Defendant, except for

all reasonable notice costs that  have been disbursed or incurred.

7.    At Defendants' request, Co-Lead Counsel shall provide Defendants with

appropriate documentation of all out-of-pocket costs incurred in connection with providing

notice to the Settlement Class and for other administrative expenses.

## THE SETTLEMENT FUND

8.    The Settlement Fund, net of any Taxes and Tax Expenses, shall be used to pay

1) the notice and administration costs referred to in ¶¶ 5-7 hereof, and 2) the attorneys' fee and

expense award referred to in ¶¶ 13-16 hereof.  The balance of the Settlement Fund, together with

16

all interest earned from the date of preliminary approval of the Settlement, but less any payments set forth above, shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in ¶¶ 17-25 hereof. All costs and expenses incurred by or on behalf of the Plaintiffs and the Settlement Class associated with the Settlement shall be paid from the Settlement Fund. In no event shall Defendants bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

9.     Upon the payment of the Settlement Fund or any portion thereof, the parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and the Claims Administrator shall be responsible for timely making such elections as are necessary or advisable to carry out the provisions of this paragraph, including but not limited to the relation-back election (as defined in Treasury Reg. §1.468B-1) to the earliest permitted date. Such elections shall comply with the procedures and requirements contained in such Regulations. Additionally, it shall be the responsibility of the Claims Administrator to prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur. The Claims Administrator and Co-Lead Counsel, as required, shall do all things that are necessary or advisable to carry out the provisions of this paragraph and Defendants shall reasonably cooperate with the Claims Administrator and Co-Lead Counsel to carry out the provisions of this paragraph.

10.     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund. The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses. Co-Lead Counsel, or their agents, shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the

17

distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable, Treas. Reg. §1.468B-2(l). Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph. Co-Lead Counsel, or their agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents, as described herein.

11.    This is not a claims-made settlement. As of the Effective Date, Defendants shall have no right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Settlement Fund. Any undistributed money from the Settlement Fund that cannot be distributed cost effectively to a Settlement Class Member shall be donated to one or more charities (as the District Court may approve upon the suggestion of Co-Lead Counsel).

12.    The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning the Plan of Allocation or any award of attorneys' fees. Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the

Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and

Final Judgment and the release of the Released Claims. There shall be no distribution of any of

the Settlement Fund to any Settlement Class Member until the Plan of Allocation is finally

approved and such order of approval is affirmed on appeal and/or is no longer subject to review

by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari

or otherwise, has expired.

## ATTORNEYS' FEES AND EXPENSES

13.    Co-Lead Counsel will apply to the District Court for an award from the

Settlement Fund of attorneys' fees plus reimbursement of actual expenses, plus interest. Such

amounts as are awarded by the District Court shall be payable from the Settlement Fund to Co-

Lead Counsel. Co-Lead Counsel shall allocate the attorneys' fees and expense awards amongst

Plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of

such counsel to the prosecution and settlement of the Securities Action.

14.    Defendants shall have no responsibility for, and no liability with respect to, the

attorneys' fees or expenses that the District Court may award in the Securities Action or the

allocation of the fees and expenses that Co-Lead Counsel may make to other counsel who may

represent or purport to represent Plaintiffs and the Settlement Class in connection with this

Securities Action or any other person who may assert some claim thereto.

15.    The procedure for and amounts of any award of attorneys' fees and expenses, and

the allowance or disallowance by the District Court thereof, shall not be a condition of the

Settlement. Co-Lead Counsel shall request that their application for an award of attorneys' fees

and expenses be considered by the District Court separately from the District Court's

consideration of the fairness and adequacy of the Settlement. Any order or proceedings relating

to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims. The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning Co-Lead Counsel's application for attorneys' fees and expenses.

16.      The attorneys' fees and expenses awarded by the District Court shall be paid to Co-Lead Counsel from the Settlement Fund upon Final Approval and when the Order of the District Court awarding such fees and expenses becomes final.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS
## AND ADMINISTRATION OF SETTLEMENT

17.      The Claims Administrator, subject to the supervision, direction and approval of Co-Lead Counsel and the District Court, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith. Defendants shall have no liability, obligation or responsibility for the Settlement Notice, administration or processing of claims or of the Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim the amounts of claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator. Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

18.      The Settlement Amount and Fund shall be applied as follows:

(a)      To pay all costs and expenses incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting

20

with the filing of claims, administering and distributing the Settlement Fund to the Settlement

Class Members, processing proofs of claim, processing requests for exclusion and costs;

> (b)    To pay Taxes and Tax Expenses owed by the Settlement Fund;

> (c)    Subject to the approval and further order(s) of the District Court, for

payment of all attorneys' fees and expense reimbursement as may be awarded by the District

Court to Co-Lead Counsel, who may make payment therefrom to other Plaintiffs' counsel as

set forth herein;

> (d)    Subject to the approval and further order(s) of the District Court, and

upon the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as

provided herein and in the manner set forth in the notice attached hereto as Exhibit A-1 (which

notice shall include a Plan of Allocation of the Net Settlement Fund), or as otherwise ordered

by the District Court in order to participate in such distribution of the Net Settlement Fund.

19.    For purposes of determining the extent, if any, to which a Settlement Class

Member shall be entitled to be treated as an "Authorized Claimant," the following conditions

shall apply:

> (a)    Each Settlement Class Member seeking to participate in distributions from

the Net Settlement Fund shall be required timely to submit to the Claims Administrator a

separate signed Proof of Claim (substantially in the form attached hereto as Exhibit A-2),

supported by such documents as are designated therein, including proof of all purchases and

sales of subject securities during the Settlement Class Period, the Claimant's loss, or such other

documents or proof as Co-Lead Counsel, in their discretion, may deem acceptable;

21

(b)    All Proofs of Claim must be submitted by the date specified in the

Settlement Notice unless such period is extended by Order of the District Court. Any Settlement

Class Member who fails to submit a Proof of Claim within such period shall be forever barred

from receiving any payment pursuant to this Settlement Stipulation (unless, by Order of the

District Court, a later submitted Proof of Claim by such Settlement Class Member is approved),

but in all other respects shall be subject to and bound by the provisions of this Settlement

Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered

in the Securities Action and the releases of the Released Claims provided for herein, and will be

barred from bringing any action or proceeding against the Released Parties concerning the

Released Claims. A Proof of Claim shall be deemed to have been submitted when postmarked,

if received with a postmark indicated on the envelope and if mailed by first-class mail, postage

prepaid, and addressed in accordance with the instructions thereon. In all other cases, the Proof

of Claim shall be deemed to have been submitted when actually received by the Claims

Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims

Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance

with this Settlement Stipulation the extent, if any, to which each claim shall be allowed, subject

to review by the District Court pursuant to subparagraph (e) below;

(d)    Proofs of Claim that do not meet the submission requirements may be

rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate

with the claimant in order to afford the claimant opportunity to remedy any curable deficiencies

in the Proof of Claims submitted. The Claims Administrator shall notify, in a timely fashion and

in writing, all claimants whose Proofs of Claim it proposes to reject in whole or in part, setting

22

forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be

rejected has the right to a review by the District Court if the claimant so desires and complies

with the requirements of subparagraph (e) below;

        (e)     The administrative determinations of the Claims Administrator accepting

and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for

approval by the District Court.

    20.     Each claimant shall be deemed to have submitted to the jurisdiction of the District

Court with respect to his, her or its claim, and the claim will be subject to investigation and

discovery under the Federal Rules of Civil Procedure, provided that such investigation and

discovery shall be limited to the claimant's status as a Settlement Class Member and the validity

and amount of the claimant's claim. No discovery shall be allowed on the merits of the

Securities Action or Settlement in connection with processing of the Proofs of Claim.

    21.     No Settlement Class Member or Authorized Claimant shall have any claim

against Co-Lead Counsel, Lead Plaintiff, any other Plaintiffs and Plaintiffs' counsel in the

Securities Action, Defendants or their counsel, the Claims Administrator or any employees or

agents of any of the foregoing, based on the distributions made substantially in accordance with

this Settlement Stipulation or as otherwise approved or directed by the District Court. Payment

pursuant to this Settlement Stipulation shall be deemed final and conclusive against all

Settlement Class Members. All Settlement Class Members whose claims are not approved by

the District Court shall be barred from participating in distributions from the Net Settlement

Fund, but otherwise shall be subject to and bound by the provisions of this Settlement Stipulation

and the Settlement, including the terms of the Order and Final Judgment to be entered in the

Securities Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

22.  All proceedings with respect to the administration, processing and determination of claims described herein this Settlement Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the District Court.

23.  The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all timely Proofs of Claim have been processed and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the District Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to attorneys' fees, costs and disbursements have been resolved by the District Court, all appeals therefrom have been resolved or the time therefor has expired.

24.  In the interests of achieving substantial justice, Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what they deem to be formal or technical defects in any submitted Proofs of Claim.

25.  Following distribution of the Net Settlement Fund, the Claims Administrator shall maintain the completed Proofs of Claim on file for three years after the Effective Date.

## TERMS OF PRELIMINARY ORDER IN
## CONNECTION WITH SETTLEMENT PROCEEDINGS

26.     Promptly after execution of this Settlement Stipulation, Lead Plaintiff, by and

through Co-Lead Counsel, with Defendants' counsel's consent, shall submit the Settlement

Stipulation together with its Exhibits to the District Court and shall apply for entry of the

Preliminary Order in Connection with Settlement Proceedings substantially in the form annexed

hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

27.     Lead Plaintiff, by and through Co-Lead Counsel, with Defendants' counsel's

consent, shall request that the District Court enter an Order and Final Judgment substantially in

the form annexed hereto as Exhibit B.  The Settlement is expressly conditioned upon, among

other things, the entry of an Order and Final Judgment substantially in the form annexed hereto

as Exhibit B.

## SUPPLEMENTAL AGREEMENT

28.     Simultaneously herewith, Lead Plaintiff, by and through Co-Lead Counsel, and

the Payor Defendants  are executing a "Supplemental Agreement" setting forth certain conditions

under which this Settlement Stipulation may be withdrawn or terminated at the discretion of

Defendants if potential Settlement Class Members who meet certain criteria exclude themselves

from the Settlement Class.  The Supplemental Agreement shall not be filed with the District

Court except that the substantive contents of the Supplemental Agreement may be brought to the

attention of the District Court, *in camera*, if so requested by the District Court or as otherwise

ordered by the District Court.  The parties will keep the terms of the Supplemental Agreement

confidential, except if compelled by judicial process to disclose the Supplemental Agreement.  In

the event of a withdrawal from this Settlement Stipulation pursuant to the Supplemental

Agreement, this Settlement Stipulation shall become null and void and of no further force and

effect. In the event the Settlement and this Settlement Stipulation are terminated, the provisions

of ¶¶ 6-7, 22, 32-34, 38 & 48 shall survive termination. Notwithstanding the foregoing, the

Settlement Stipulation shall not become null and void as a result of the election by the

Defendants to exercise their option to withdraw from the Settlement Stipulation pursuant to the

Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been

satisfied.

## CONFIRMATORY DISCOVERY

29.     The Settlement is subject to the completion of reasonable confirmatory discovery

by Lead Plaintiff. Among other things, the confirmatory discovery shall include proffers as to,

and documents and information regarding, the then-known status of any governmental

investigations and proceedings relating to the claims asserted in the Amended Complaint and any

contemplated restatement of Merrill's financial statements. Confirmatory discovery shall be

subject to a Court-ordered confidentiality agreement and shall be for the sole purpose of

assessing the reasonableness and adequacy of the Settlement, the scope and timing of which shall

be reasonable and mutually agreed upon by the parties. Lead Plaintiff, by and through Co-Lead

Counsel, shall have the right to withdraw from the proposed Settlement at any time prior to filing

its motion for final approval of the parties' proposed Settlement if, in its discretion, information

is produced in confirmatory discovery that renders the proposed Settlement unfair, unreasonable

and inadequate. In the event that the Settlement is terminated for any reason or if the Effective

Date fails to occur, Plaintiffs shall return all materials made available to them and are prohibited

from using any facts learned in confirmatory discovery in any subsequent complaint unless and until such facts are later obtained during the course of the litigation.

## **EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

30.    The Effective Date of Settlement shall be the latest date when all the following shall have occurred:

    (a)    entry of the Preliminary Order;

    (b)    approval by the District Court of the Settlement and certification of the Settlement Class following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

    (c)    entry by the District Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the District Court enters an Alternative Judgment and none of the parties hereto elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

31.    Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Settlement Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within ten (10) days of the date on which: 1) the District Court declines to enter the Preliminary Order; 2) the District Court refuses to approve this Settlement Stipulation

27

or any material part of it; 3) the District Court declines to enter the Order and Final Judgment; 4)

the Order and Final Judgment is vacated, modified or reversed in any material respect; 5) an

Alternative Judgment is vacated, modified or reversed in any material respect; or 6) the Effective

Date of Settlement otherwise does not occur. Defendants may also terminate the Settlement and

this Settlement Stipulation pursuant to ¶ 28. The foregoing list is not intended to limit or impair

the parties' rights under the law of contracts of the State of New York with respect to any breach

of this Settlement Stipulation. In the event the Settlement and this Settlement Stipulation are

terminated, the provisions of ¶¶ 6-7, 22, 32-34, 38 & 48 shall survive termination.

32.     In the event the Settlement and this Settlement Stipulation are terminated or if the

Effective Date fails to occur for any reason, the parties to this Settlement Stipulation shall be

deemed to have reverted *nunc pro tunc* to their respective status in the Securities Action as of

January 6, 2009, except as otherwise expressly provided, the parties shall proceed in all respects

as if this Settlement Stipulation and any related orders had not been entered and without any

prejudice in any way from the negotiation, fact or terms of this Settlement.

33.     In the event this Settlement Stipulation is terminated or if the Effective Date fails

to occur for any reason, then within ten (10) business days after written notice is sent by Co-Lead

Counsel or counsel for Defendants, the balance of the Settlement Fund including the Notice and

Administration Fund, less any expenses paid or incurred in connection with the Notice and

Administration Fund but not yet paid, shall be refunded to the Payor Defendants, including

interest accrued thereon. In such event, the parties to this Settlement Stipulation shall be deemed

to have reverted *nunc pro tunc* to their respective status as of the date and time immediately

before the execution of this Settlement Stipulation and, except as otherwise expressly provided,

they shall proceed in all respects as if this Settlement Stipulation and related orders had not been entered and without prejudice in any way from the negotiation, fact or terms of this Settlement.

## NO ADMISSION OF WRONGDOING

34.    This Settlement Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be offered or received against Defendants, other Released Parties, Lead Plaintiff or the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Lead Plaintiff or the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that had been or could have been asserted in the Securities Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Securities Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

(b)    shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class;

(c)    shall not be offered or received against the Released Parties, Lead Plaintiff or the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement Stipulation, in any arbitration proceeding

29

or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Stipulation; provided, however, that if this Settlement Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Co-Lead Counsel or Lead Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund.

35.     This Settlement Stipulation and the Settlement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted, prosecuted or attempted with respect to any of the Released Claims. The Released Parties may offer the Settlement Stipulation or Order and Final Judgment from the Securities Action in any other action that may be brought against them by any Settlement Class Member or other Released Party in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any similar defense or counterclaim. The Settlement Class Members and Defendants agree that any such proceeding would cause irreparable injury to the party against whom it is brought and that the District Court or any court of competent jurisdiction may enter an injunction restraining the prosecution of such proceeding.

30

## MISCELLANEOUS PROVISIONS

36.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement Stipulation and the terms of any exhibit hereto, the terms of this Settlement Stipulation shall prevail.

37.    This Settlement Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

38.    Neither the Settlement Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Settlement Stipulation, the Settlement or the Order and Final Judgment.

39.    The parties to this Settlement Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Released Parties with respect to the Released Claims. Accordingly, Lead Plaintiff and Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Securities Action was brought or defended in bad faith or without a reasonable basis. The parties to this Settlement Stipulation

31

agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

40.    The waiver by one party of any breach of this Settlement Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Stipulation.

41.    This Settlement Stipulation and its exhibits constitute the entire agreement among these parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Stipulation or its exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.

42.    This Settlement Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

43.    The parties hereto and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the District Court required by this Settlement Stipulation.

44.    Each counsel signing this Settlement Stipulation represents that such counsel has authority to sign this Settlement Stipulation on behalf of Lead Plaintiff or Defendants, as the case may be.

45.    This Settlement Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto, including any and all Released Parties and any

32

corporation, partnership, or other entity into or with which any party hereto may merge,

consolidate or reorganize.

46.  Notices required by this Settlement Stipulation shall be submitted either by any

form of overnight mail or in person to each of:

>Frederic S. Fox
>KAPLAN FOX & KILSHEIMER, LLP
>850 Third Avenue, 14th Floor
>New York, New York 10022
>Telephone: (212) 687-1980
>Facsimile:  (212) 687-7714
>
>Lawrence J. Lederer
>BERGER & MONTAGUE, P.C.
>1622 Locust Street
>Philadelphia, PA 19103
>Telephone: (215) 875-3000
>Facsimile:  (215) 875-4604
>
>M. Richard Komins
>BARRACK, RODOS & BACINE
>3300 Two Commerce Square
>2001 Market Street
>Philadelphia, PA 19103
>Telephone: (215) 963-0600
>Facsimile:  (215) 963-0838
>
>*Plaintiffs' Co-Lead Counsel*

Jay B. Kasner
SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendants Merrill Lynch & Co.,
Inc., Merrill Lynch Capital Trust I, Merrill
Lynch Capital Trust II, Merrill Lynch Capital
Trust III and Merrill Lynch, Pierce, Fenner &
Smith Incorporated*

Michael J. Chepiga
SIMPSON THACHER
 & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:  (212) 455-2502

*Attorneys for Defendant E. Stanley O'Neal*

33

James N. Benedict
MILBANK, TWEED, HADLEY
   & MCCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

*Attorneys for Defendant Ahmass L. Fakahany*

Michael R. Young
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000

*Attorneys for Defendant Jeffrey N. Edwards*

Joseph S. Allerhand
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

*Attorneys for Defendant Gregory J. Fleming*

Dennis J. Block
CADWALADER, WICKERSHAM
   & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000

*Attorneys for Defendants Carol T. Christ,
Armando M. Codina, Virgis W. Colbert,
Alberto Cribiore, John D. Finnegan, Judith
Mayhew Jonas, Aulana L. Peters, Joseph W.
Prueher, Ann N. Reese and Charles O. Rossotti*

George A. Schieren
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for the Underwriter Defendants*

Notice shall be deemed effective upon receipt.

    47.    The administration, consummation and enforcement of the Settlement as embodied in this Settlement Stipulation shall be under the authority of the District Court and the parties intend that the District Court retain jurisdiction for the purpose of entering orders, providing for awards of attorneys' fees and expenses to Co-Lead Counsel, and enforcing the terms of this Settlement Stipulation and the Settlement.

    48.    The construction, interpretation, operation, effect and validity of this Settlement Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws

34

of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

49.    This Settlement Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Settlement Stipulation.

KAPLAN FOX & KILSHEIMER LLP

_____

Frederic S. Fox
Robert N. Kaplan
Joel B. Strauss
Donald R. Hall
Jeffrey P. Campisi
Christine Fox
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212 687-7714

BARRACK, RODOS & BACINE

_____

M. Richard Komins
Robert A. Hoffman
Jeffrey A. Barrack
Beth T. Seltzer
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Co-Lead Counsel for Lead Plaintiff State
Teachers' Retirement System of Ohio*

BERGER & MONTAGUE, P.C.

_____

Lawrence J. Lederer
Merrill G. Davidoff
Arthur Stock
Robin Switzenbaum
Gary E. Cantor
Lane Vines
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

36

KAPLAN FOX & KILSHEIMER LLP

BERGER & MONTAGUE, P.C.

Frederic S. Fox
Robert N. Kaplan
Joel B. Strauss
Donald R. Hall
Jeffrey P. Campisi
Christine Fox
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Lawrence J. Lederer
Merrill G. Davidoff
Arthur Stock
Robin Switzenbaum
Gary E. Cantor
Lane Vines
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

BARRACK, RODOS & BACINE

M. Richard Komins
Robert A. Hoffman
Jeffrey A. Barrack
Beth T. Seltzer
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Co-Lead Counsel for Lead Plaintiff State
Teachers' Retirement System of Ohio*

36

KAPLAN FOX & KILSHEIMER LLP      BERGER & MONTAGUE, P.C.

| | |
|---|---|
| Frederic S. Fox | Lawrence J. Lederer |
| Robert N. Kaplan | Merrill G. Davidoff |
| Joel B. Strauss | Arthur Stock |
| Donald R. Hall | Robin Switzenbaum |
| Jeffrey P. Campisi | Gary E. Cantor |
| Christine Fox | Lane Vines |
| 850 Third Avenue, 14th Floor | 1622 Locust Street |
| New York, New York 10022 | Philadelphia, PA 19103 |
| Telephone: (212) 687-1980 | Telephone: (215) 875-3000 |
| Facsimile: (212 687-7714 | Facsimile: (215) 875-4604 |

BARRACK, RODOS & BACINE

M. Richard Komins
Robert A. Hoffman
Jeffrey A. Barrack
Beth T. Seltzer
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Co-Lead Counsel for Lead Plaintiff State*
*Teachers' Retirement System of Ohio*

36

SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP

_____

Jay B. Kasner
Christopher P. Malloy
Scott D. Musoff
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants Merrill Lynch & Co.,*
*Inc., Merrill Lynch Capital Trust I, Merrill*
*Lynch Capital Trust II, Merrill Lynch Capital*
*Trust III and Merrill Lynch, Pierce, Fenner &*
*Smith Incorporated*

MILBANK, TWEED, HADLEY
  & MCCLOY LLP

_____

James N. Benedict
George Canellos
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

*Attorneys for Defendant Ahmass L. Fakahany*

WILLKIE FARR & GALLAGHER LLP

_____

Michael R. Young
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
         and

WILLKIE FARR & GALLAGHER LLP
Richard D. Bernstein
1875 K. Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1108

*Attorneys for Defendant Jeffrey N. Edwards*

SIMPSON THACHER
  & BARTLETT LLP

_____

Michael J. Chepiga
Paul C. Curnin
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:

*Attorneys for Defendant E. Stanley O'Neal*

WEIL, GOTSHAL & MANGES LLP

_____

Joseph S. Allerhand
Jonathan D. Polkes
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

*Attorneys for Defendant Gregory J. Fleming*

CADWALADER, WICKERSHAM
  & TAFT LLP

_____

Dennis J. Block
Gregory A. Markel
Jason M. Halper
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000

*Attorneys for Defendants Carol T. Christ,*
*Armando M. Codina, Virgis W. Colbert,*
*Alberto Cribiore, John D. Finnegan, Judith*
*Mayhew Jonas, Aulana L. Peters, Joseph W.*
*Prueher, Ann N. Reese and Charles O. Rossotti*

SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP

_____

Jay B. Kasner
Christopher P. Malloy
Scott D. Musoff
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants Merrill Lynch & Co.,*
*Inc., Merrill Lynch Capital Trust I, Merrill*
*Lynch Capital Trust II, Merrill Lynch Capital*
*Trust III and Merrill Lynch, Pierce, Fenner &*
*Smith Incorporated*

MILBANK, TWEED, HADLEY
 &MCCLOY LLP

*James N. Benedict / per CF*

James N. Benedict
George Canellos
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

*Attorneys for Defendant Ahmass L. Fakahany*

WILLKIE FARR & GALLAGHER LLP

*Michael Young / per CF*

Michael R. Young
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
                    and

WILLKIE FARR & GALLAGHER LLP
Richard D. Bernstein
1875 K. Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1108

*Attorneys for Defendant Jeffrey N. Edwards*

SIMPSON THACHER
 & BARTLETT LLP

*Michael J. Chepiga / per CF*

Michael J. Chepiga
Paul C. Curnin
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:

*Attorneys for Defendant E. Stanley O'Neal*

WEIL, GOTSHAL & MANGES LLP

*Joseph S. Allerhand / per CF*

Joseph S. Allerhand
Jonathan D. Polkes
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

*Attorneys for Defendant Gregory J. Fleming*

CADWALADER, WICKERSHAM
 &TAFT LLP

*Dennis Block / per CF*

Dennis J. Block
Gregory A. Markel
Jason M. Halper
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000

*Attorneys for Defendants Carol T. Christ,*
*Armando M. Codina, Virgis W. Colbert,*
*Alberto Cribiore, John D. Finnegan, Judith*
*Mayhew Jonas, Aulana L. Peters, Joseph W.*
*Prueher, Ann N. Reese and Charles O. Rossotti*

M

George A. Schieren
Mark Holland
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for the Underwriter Defendants*

SO ORDERED:

_____
U.S.D.J.
3-2-09

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No. 07-cv-9633 (JSR)(DFE) |
| This Document Relates To: Securities Action, 07-cv-9633 (JSR)(DFE) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, effective February 17, 2009, Co-Lead Counsel on behalf of Lead Plaintiff, the State Teachers' Retirement System of Ohio, and the Settlement Class, and Defendants, by and through their respective counsel, have entered into a settlement of the claims asserted in the Securities Action, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated as of February 17, 2009 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Securities Action on the merits and with prejudice, upon the terms and conditions set forth in the Settlement Stipulation; and the Court having read and considered the Settlement Stipulation, the proposed Notice of Pendency and Proposed Settlement of Securities Class Action, the proposed Summary Notice of Pendency and Proposed Settlement of Securities Class Action, the proposed Plan of Allocation of Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release, the proposed form of Order and Final Judgment relating to the Settlement and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and capitalized terms used but not otherwise defined herein

having the meanings defined in the Settlement Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2009, that:

1.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Securities Action which is part of this consolidated litigation is hereby preliminarily certified as a class action on behalf of all persons who purchased or acquired the common stock or certain preferred securities (the "Preferred Securities," of Merrill Lynch & Co., Inc. ("Merrill") (which Preferred Securities are listed in the Settlement Stipulation at ¶1(s)) from October 17, 2006 through and including December 31, 2008. Excluded from the Settlement Class are the Defendants and their affiliates, and Temasek Capital (Private) Limited, Davis Selected Advisors L.P. and their affiliates. Also excluded are present and former employees of Merrill and its subsidiaries who acquired Merrill securities through exercise of warrants and/or as compensation. Also excluded from the Settlement Class are any Settlement Class Members who exclude themselves by filing a timely, valid request for exclusion.

2.      The Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to each member of the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) the Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any

2

questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class and the Co-Lead Counsel previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Co-Lead Counsel for the Settlement Class.

4.      A hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on July 27, 2009 at 4:00 p.m. for the following purposes:

(a)     to finally determine whether the Securities Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Securities Action, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties, as set forth in the Settlement Stipulation, should be ordered;

(d)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Co-Lead Counsel for an award of attorneys' fees and expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

5.      The Court reserves the right to approve the Settlement with or without

3

modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement Stipulation and dismissing the Securities Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6.    The Court approves the form, substance and requirements of (a) the Notice of Pendency and Proposed Settlement of Securities Class Action (the "Notice"), and (b) the Proof of Claim and Release form (the "Proof of Claim"), both of which are annexed hereto as Exhibits 1 and 2 respectively.

7.    Co-Lead Counsel have the authority to enter into the Settlement Stipulation on behalf of the Settlement Class and are authorized to act on behalf of the Members of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8.    Rust Consulting, Inc. is retained as Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within 30 calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort. The Claims Administrator shall take appropriate steps to provide notice to the Settlement Class and administer all Proofs of Claim as set forth in the parties' Settlement Stipulation.

9.    Co-Lead Counsel are authorized to establish a Notice and Administration Fund (as defined in the Settlement Stipulation) in the initial amount of $ 2,000,000 to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses related to the

4

Notice. Additional amounts may be transferred from the Settlement Fund to the Notice and Administration Fund as required for such purposes but only after express written authorization of the Court.

10.     Any and all issuers, securities firms or transfer agents holding transfer records for Merrill common stock and Preferred Securities at issue are hereby ordered to produce such transfer records in a usable electronic format to the Claims Administrator within 14 calendar days of receipt of a copy of this Order.

11.     The Claims Administrator shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Merrill Lynch common stock or Preferred Securities during the Settlement Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim.

12.     The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Securities Class Action (the "Publication Notice") in substantially the form and content annexed hereto as Exhibit 3. The Claims Administrator shall cause the Publication

5

Notice to be published in *The Wall Street Journal* and published electronically within 14 calendar days of the mailing of the Notice.  Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Publication Notice.

13.    The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.  Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14.    In order to be entitled to participate in the Net Settlement Fund, as defined in the Settlement Stipulation, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box specified in the Notice, postmarked not later than September 9, 2009.  This deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail) provided the Proof of Claim is actually received prior to the filing of a motion for an Order of the

Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transaction reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine, based upon the Class definition and Plan of Allocation of Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Co-Lead Counsel and the approval of the Court.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Settlement Class Members shall be bound by all determinations and judgments in

7

the Securities Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than July 6, 2009 to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly state the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Settlement Class (as defined in the Settlement Stipulation) and must be signed by such person. Such persons requesting exclusion are also requested to set forth all purchases or acquisitions of the relevant Merrill Lynch common stock and Preferred Securities during the Settlement Class Period, including the number and price of the shares purchased or acquired, the number and price of shares sold during the Settlement Class Period, and the date of each such purchase, acquisition or sale. It is also requested that such persons provide their telephone number or other contact information. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Notice.

17.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses, only if such comments or objections and any supporting papers are served on or before July 6, 2009, upon each of the following:

Frederic S. Fox
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Lawrence J. Lederer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

M. Richard Komins
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Plaintiffs' Co-Lead Counsel*

Jay B. Kasner
SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants Merrill Lynch & Co.,
Inc., Merrill Lynch Capital Trust I, Merrill
Lynch Capital Trust II, Merrill Lynch Capital
Trust III and Merrill Lynch, Pierce, Fenner &
Smith Incorporated*

and the objector has filed the objections, papers and briefs, showing due proof of service upon

counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of

New York, 500 Pearl Street, New York, NY 10007. Attendance at the hearing is not necessary;

however, persons wishing to be heard orally in opposition to the approval of the Settlement, the

9

Plan of Allocation, and/or Co-Lead Counsel's request for attorneys' fees are required to state in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's application for award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections, evidence of their membership in the Class and the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

18.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

19.    The Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof without any further notice other than an announcement at the Settlement Fairness Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Class.

20.    All papers in support of the Settlement, the Plan of Allocation and any application for attorneys' fees or expenses shall be filed and served on June 26, 2009.

21.    Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action that asserts any Released Claims against any of the Released Parties.

22.    In the event that the Settlement is not consummated pursuant to its terms, the

10

Settlement Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order Preliminarily Approving Settlement and Providing For Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Stipulation.

23.    The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

Dated: New York, New York
_____, 2009


_____
UNITED STATES DISTRICT JUDGE
JED S. RAKOFF

# EXHIBIT A-1

Dear Investor:

You are listed as an investor or former investor in Merrill Lynch & Co., Inc. ("Merrill Lynch") common stock or certain preferred securities. Enclosed is a notice about the settlement of a class action lawsuit called *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation.* You may be eligible to claim a payment from the settlement, or you may want to act on other legal rights. Important facts are highlighted below and explained more fully in the attached Notice.

```
+----------------------------------------------------------------------+
|          Merrill Lynch Securities Class Action Settlement            |
+----------------------------------------------------------------------+
```

- **14 Securities:** (1) Merrill Lynch common stock (NYSE: "MER" CUSIP 590188108) and certain preferred securities, specifically: (2) "MERPRD" CUSIP 59021F206; (3) "MERPRE" CUSIP 59021G204; (4) "MERPRF" CUSIP 59021K205; (5) "MERPRG" CUSIP 59021S703; (6) "MERPRH" CUSIP 59021S638; (7) "MERPRI" CUSIP 59021V839; (8) "MERPRJ" CUSIP 59021V813;(9) "MERPRL" CUSIP 59022C178; (10) "MERPRN" CUSIP 59022Y840; (11) "MERPRO" CUSIP 59022Y832; (12) "MERPRK" CUSIP 590199204; (13) "MERPRM" CUSIP 59024T203; and (14) "MERPRP" CUSIP 59025D207.

- **Time Period:** October 17, 2006 – December 31, 2008 (inclusive).

- **Settlement Amount:** $475 million in cash (estimated average of $0.881 per damaged common share and $0.165 per damaged Preferred Security available for public purchase prior to January 17, 2008 as described in the attached Notice), plus interest.

- **Reasons for Settlement:** Avoids costs and risks from continuing the lawsuit; pays money to investors like you.

- **If the Case had not Settled:** There would have been pretrial motion practice and possibly a trial and appeals. The parties disagree on the liability and damage issues. (See Question 4 of the notice for further explanation.)

- **Attorneys' Fees and Expenses:** Lawyers for investors will ask the Court for an award of attorneys' fees of up to 7.82% of the settlement fund, and reimbursement of out-of-pocket costs and expenses in an amount not to exceed $2,500,000, which will reduce the per share recovery by an estimated $0.073 per damaged common share and $0.014 per damaged Preferred Security available for public purchase prior to January 17, 2008 as described in the attached Notice. The attorneys' fees and expenses awarded by the Court will be paid out of the settlement fund as fees and expenses for investigating the facts, litigating the case, and negotiating and administering the settlement.

- **Deadlines:**
  - □ **To File Claims: September 9, 2009**
  - □ **To Request Exclusion: July 6, 2009**
  - □ **To File and Serve Objections: July 6, 2009**
  - □ **Court Hearing on Fairness of Settlement: July 27, 2009 at 4:00 p.m.**

- **More Information:**

*Claims Administrator:*

**Merrill Lynch & Co., Inc. Securities Litigation**
c/o Rust Consulting, Inc.
P.O. Box 9444
Minneapolis, MN 55440-9444
1-877-576-9980
www.CompleteClaimSolutions.com

*Lawyers for Lead Plaintiff & Investors:*

Frederic S. Fox, Esq.
**Kaplan Fox & Kilsheimer, LLP**
850 Third Avenue, 14th Flr.
New York, NY 10022
212-687-1980

M. Richard Komins, Esq.
**Barrack, Rodos & Bacine**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
215-963-0600

Lawrence J. Lederer, Esq.
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103
215-875-3000

Other details about this settlement and the case are in the attached Notice.

**United States District Court For The Southern District Of New York**

| | |
|---|---|
| In Re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation | |
| This Notice Relates Only To: The Securities Action | Master File No. 07-cv-9633 (JSR)(DFE) |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND COURT HEARING

## If You Bought or Acquired the Common Stock or the Preferred Securities of Merrill Lynch & Co., Inc. Listed Below During the Period from October 17, 2006 Through and Including December 31, 2008, You Could Get a Payment from a Class Action Settlement.

*Whether or not you obtain a payment, all Settlement Class Member claims involving Merrill Lynch common stock and the Preferred Securities during the Settlement Class Period will be eliminated and resolved by this litigation if the settlement is approved.*

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

The settlement will provide a settlement fund of $475 million in cash, plus interest (the "Settlement Fund"), to pay claims filed by investors who suffered damages from buying or acquiring Merrill Lynch common stock and certain "Preferred Securities" listed below between October 17, 2006 and December 31, 2008, inclusive (the "Settlement Class Period"). For shares purchased on or before January 16, 2008, the settlement represents an estimated average recovery of $.881 per damaged common share available for public trading (known as the "float") and $.165 per damaged share of Preferred Securities in the float. For shares purchased after January 16, 2008, the settlement represents an estimated average recovery of $.084 per damaged common share in the float and $.007 per damaged share of Preferred Securities in the average float. These figures are only estimates and assume that all shares in the float are "damaged shares" and that claims are filed on behalf of 100% of the estimated damaged shares, and are before deduction of any fees and costs which the Court may award. Your actual recovery from the Settlement Fund will vary depending on when you purchased your Merrill Lynch common or Preferred Securities, the price you paid, the date of any sales and sales proceeds received, the number of eligible common and Preferred Securities purchased by other Settlement Class Members who elect to participate in the settlement, and other factors listed in the answer to Question 8 on pages [10-12] below.

| List of Eligible Merrill Lynch Securities | Symbol | CUSIP No. |
|---|---|---|
| 1. Merrill Lynch Common Stock | MER | 590188108 |
| Nos. 2 – 14 below are collectively referred to as the "Preferred Securities" in this Notice | | |
| 2. Merrill Lynch Trust III 7% MER D | MERPRD | 59021F206 |

Questions?  Call 1-877-576-9980 TOLL FREE, or VISIT: www.CompleteClaimSolutions.com    1

| List of Eligible Merrill Lynch Securities | Symbol | CUSIP No. |
|---|---|---|
| 3. Merrill Lynch Trust IV 7.12% MER E | MERPRE | 59021G204 |
| 4. Merrill Lynch Trust V 7.28% MER F | MERPRF | 59021K205 |
| 5. Merrill Lynch Series 1 Preferred MER G | MERPRG | 59021S703 |
| 6. Merrill Lynch Series 2 Preferred MER H | MERPRH | 59021S638 |
| 7. Merrill Lynch Series 3 Preferred MER I | MERPRI | 59021V839 |
| 8. Merrill Lynch Series 4 Preferred MER J | MERPRJ | 59021V813 |
| 9. Merrill Lynch Series 5 Preferred MER L | MERPRL | 59022C178 |
| 10. Merrill Lynch Series 6 Preferred MER N | MERPRN | 59022Y840 |
| 11. Merrill Lynch Series 7 Preferred MER O | MERPRO | 59022Y832 |
| 12. Merrill Lynch Capital Trust I 6.45% Preferred MER K | MERPRK | 590199204 |
| 13. Merrill Lynch Capital Trust II 6.45% Preferred MER M | MERPRM | 59024T203 |
| 14. Merrill Lynch Capital Trust III 7.375% Preferred MER P | MERPRP | 59025D207 |

The settlement resolves a lawsuit concerning claims that Merrill Lynch did not properly disclose the extent of its exposure to subprime mortgage backed securities and related assets. Plaintiffs allege that as a result of these practices, the price of Merrill Lynch common stock and Preferred Securities was inflated artificially during much of the Settlement Class Period. If approved, this settlement will resolve the claims alleged against defendants Merrill Lynch & Co., Inc. and its affiliates Merrill Lynch, Pierce, Fenner & Smith, Inc., Merrill Lynch Capital Trust I, Merrill Lynch Capital Trust II, and Merrill Lynch Capital Trust III (collectively, "Merrill Lynch"), as well as the claims brought against the underwriters of certain Merrill Lynch securities that were offered and sold during the Settlement Class Period, claims against Merrill Lynch's accounting firm, Deloitte & Touche, LLP, and claims against certain of Merrill Lynch's officers and directors who also were named as Defendants. If approved, the proposed settlement will also release related claims against other persons and entities affiliated with the Defendants as set forth more fully in response to Question 11 on pages [13-15] below. A further description of the claims in this case appears in the answer to Question 2 on pages [5-7] below. The full list of Defendants appears on page [14] below.

By entering into the settlement, Defendants have not admitted the allegations in the lawsuit and Plaintiffs have not admitted that any of their claims are without merit. The parties do not agree on the merits of the claims or any damage issues. Defendants deny they engaged in any wrongdoing and deny that any Settlement Class Member can recover any damages. Lead Plaintiff State Teachers Retirement System of Ohio and Plaintiffs' Co-Lead Counsel believe that this settlement is in the best interests of the Settlement Class considering the risks posed by further litigation and the possibility that absent the settlement, Settlement Class Members risk obtaining no recovery. See the answer to Question 4 on pages [7-9] below for further explanation.

Plaintiffs' Co-Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery, as is customary in this type of litigation. Plaintiffs' Co-Lead Counsel