UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE MERRILL LYNCH & CO., INC.  :  Master File No.:
SECURITIES, DERIVATIVE AND ERISA :  07cv9633 (JSR)(DFE)
LITIGATION         :

               :  **CLASS ACTION**

               :

               :

This Document Relates To:     :  Case No.:
ERISA ACTION        :  07-CV-10268 (JSR)(DFE)

               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## SUPPLEMENTAL JOINT DECLARATION OF LYNN L. SARKO AND MARC I. MACHIZ IN FURTHER SUPPORT OF

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION

### AND

## MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND CASE CONTRIBUTION AWARDS

Lynn L. Sarko and Marc I. Machiz declare pursuant to the penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      Lynn L. Sarko is the Managing Partner of Keller Rohrback L.L.P., and head of the firm's Complex Litigation group.  Marc I. Machiz is a Partner of Cohen Milstein Sellers & Toll PLLC and head of the firm's employee benefits practice group.  Their firms were appointed on March 12, 2008 by the Court as Co-Lead Counsel for the Plaintiffs, and they have been personally involved in the litigation of this matter, and are responsible for the prosecution of this action.

2.      We submit this supplemental declaration in support of the Plaintiffs': (a) Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Motion"); and (b) Motion for Award of Attorneys' Fees, Expenses, and Case Contribution Awards ("Fee Motion").

3.      On June 26, 2009, the date prescribed in the Order Preliminarily Approving Settlement, Preliminarily Certifying Settlement Class, Approving Notice Plan, and Setting Fairness Hearing Date ("Preliminary Approval Order"), we filed the following documents:

a.      Final Approval Motion;

b.      Memorandum of Law In Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Memo");

c.      Fee Motion;

d.      Memorandum In Support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Named Plaintiffs' Compensation ("Fee Memo");

1

e.    Joint Declaration of Lynn L. Sarko and Marc I. Machiz in Support

of Motion for Final Approval of Class Action Settlement and Plan of Allocation

and Motion for Award of Attorneys' Fees, Expenses, and Case Contribution

Awards ("Joint Declaration"); and

f.    [Proposed] Order and Final Judgment ("Final Order"), attached as

Exhibit A to the Final Approval Memo.

4.    Pursuant to Paragraph 6(d) of the Preliminary Approval Order, on June 26, 2009,

Co-Lead Counsel also posted these documents on the dedicated settlement website,

www.MerrillLynchERISASettlement.com, which already contained the Preliminary Approval

Order, Class and Publication Notices, and the other Settlement-related documents.

5.    In the Joint Declaration, we reported that, between March 31, 2009 and June 24,

2009, the Settlement website had received 1,589 hits.  Joint Declaration ¶ 58.  As of July 15,

2009, the number had increased to a total of 1,904 visits.

6.    Similarly, in the Joint Declaration, we reported that, between March 31, 2009 and

June 24, 2009, Co-Lead Counsel had responded to 229 telephone and 62 email inquiries from

219 potential Class Members.  Joint Declaration ¶ 58.  We have continued to hear from potential

Class Members.  As of July 15, 2009, we have responded to 248 telephone inquiries and 79

email inquiries from 238 Class Members or potential Class Members.

7.    In response to the notice plan, we have received only two objections, only one of

which challenges the adequacy of the Settlement:  (a) June 27, 2009 letter from Paul A. Rivas,

attached hereto as Exhibit A; and (b) April 24, 2009 Letter from David A. Cross, which was

attached as Exhibit F to the Joint Declaration.  As set forth in the briefing, neither objection has

merit, and only Mr. Rivas objects to the substance of the Settlement.

8.    Significant additional hours have been necessary after June 19, 2009, the date as of which the numbers were compiled and reported in the Fee Motion and Joint Declaration were compiled, to complete the remaining work on this case.

9.    The schedules attached as Exhibits B and C hereto summarize the time spent by Keller Rohrback attorneys and other professional support staff in this litigation and the lodestar calculation based on the firm's current billing rates from the inception of the case though July 15, 2009. For personnel who are no longer employed by the firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment.

10.    The schedule attached as Exhibit D is a summary of time spent by Cohen Milstein Sellers & Toll PLLC's attorneys and other professional support staff in this litigation and the lodestar calculation based on the firm's current billing rates from the inception of the case though July 15, 2009. For personnel who are no longer employed by the firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment.

11.    The hourly rates charged by Co-Lead Counsel and additional Plaintiffs' Counsel in this case are the rates that have been or could be charged as usual and customary hourly rates for their work performed for non-contingency fee clients and in other class action cases. Counsels' hourly rates have been paid by hourly clients and/or, separately, approved for payment by federal and state courts in other class and derivative litigations, for many years and throughout the time this litigation has been pending.

12.    If these hours had been billed on a "straight" hourly basis (*i.e.*, no contingency and no risk of non-payment), the lodestar (hours times current billing rates) for all of the

3

professional time billed by the Plaintiffs' Counsel listed below would be approximately $6,858,872.75 million. On a firm-by-firm basis, the lodestar calculations are as follows:

| Firm | Hours | Lodestar |
|---|---|---|
| **Keller Rohrback L.L.P. & P.L.C.** | | |
| Attorneys | 5,838.55 | $2,498,419.50 |
| Professionals | 2,479.05 | $479,548.25 |
| Total | 8,317.60 | $2,977,967.75 |
| | | |
| **Cohen Milstein Sellers & Toll PLLC** | | |
| Attorneys | 6,566.50 | $2,629,190.00 |
| Professionals | 1,505.65 | $314,511.50 |
| Total | 8,072.15 | $2,943,701.50 |
| | | |
| **Gainey & McKenna** | | |
| Attorneys | 309.25 | $94,893.75 |
| Professionals | 12.85 | $2,891.25 |
| Total | 322.10 | $97,785.00 |
| | | |
| **Harwood Feffer LLP** | | |
| Attorneys | 211.30 | $113,340.00 |
| Professionals | 75.00 | $19,467.50 |
| Total | 286.30 | $ 132,807.50 |
| | | |
| **Law Offices of Curtis V. Trinko, LLP** | | |
| Attorneys | 97.80 | $53,567.00 |
| Professionals | 28.60 | $5,148.00 |
| Total | 126.40 | $58,710.00 |
| | | |
| **Lockridge Grindal Nauen P.L.L.P.** | | |
| Attorneys | 402.75 | $128,143.75 |
| Professionals | .75 | $97.50 |
| Total | 403.50 | $128,241.25 |
| | | |
| **Milberg LLP** | | |
| Attorneys | 195.00 | $97,427.5 |
| Professionals | 55.25 | $15,288.75 |
| Total | 250.25 | $112,716.25 |
| | | |
| **Shalov Stone Bonner & Rocco LLP** | | |
| Attorneys | 94.75 | $52,378.75 |
| Professionals | 321.75 | $56,306.25 |
| Total | 416.50 | $108,685.00 |

4

| *Firm* | Hours | Lodestar |
|---|---|---|
|  |  |  |
| **Spector Roseman Kodroff & Willis PC** |  |  |
| Attorneys | 108.00 | $61,168.75 |
| Professionals | 94.50 | $17,482.50 |
| Total | 202.50 | $78,651.25 |
|  |  |  |
| **Stember Feinstein Doyle & Payne, LLC** |  |  |
| Attorneys | 14.50 | $6,591.50 |
| Professionals | 0 | 0 |
| Total | 14.50 | $6,591.50 |
|  |  |  |
| **Zimmerman and Reed, PLLP** |  |  |
| Attorneys | 598.00 | $212,168.25 |
| Professionals | 134.55 | $20,903.50 |
| Total | 732.55 | $233,071.75 |
|  |  |  |
| **TOTAL** | 19,104.35 | $6,858,872.75 |

13.    The lodestar figures are based on each firm's current billing rates and contemporaneous time records.  For all firms, expense items are billed separately and such charges are not duplicated in a firm's billing rates.

14.    Based on Co-Lead Counsel's and Plaintiffs' Counsel's collective lodestar, the $18,750,000 fee sought by Plaintiffs represents a multiplier of 2.7, which is well within the typical range for cases of this type.

15.    The circumstances of this case, including the intensity of the defense and the relatively short time frame allotted for confirmatory discovery, required us to commit significant resources to this single matter, at times, pulling staff off of other cases in order to review documents, prepare for interviews and other time sensitive activities.  Speaking at least for Co-Lead Counsel, the enormous investment of time and resources required by this case forced us to forego opportunities for other potential cases.

5

16.    Significant additional attorney hours will be necessary after July 15, 2009, the date as of which the above numbers were compiled, to complete the remaining work in this case. In addition to incurring hours in connection with the final approval hearing, past experience teaches that we will spend a substantial amount of additional time over the next year or more (after the Court's approval of the Settlement) responding to inquiries from Class members, interacting with bank personnel with respect to technical matters concerning the Qualified Settlement Fund, and generally shepherding implementation of a settlement affecting the three qualified retirement plans and more than 70,000 participants.  This significant additional work, for which we do not intend to seek additional compensation, further supports the requested fee.

17.    Although Co-Lead Counsel also have incurred additional expenses since June 19, 2009, we are not seeking reimbursement of them and thus we are not submitting a new total expense request.

18.    Therefore, for the reasons discussed herein and in all the papers filed on June 26, the Settlement is a fair, adequate, and reasonable resolution of the claims in this complex and hard-fought ERISA class action.  The requested fees, expenses and case contribution awards are well warranted.  Thus, Plaintiffs and Plaintiffs' Counsel respectfully request that the Court grant their motions in their entirety.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 20th day of July, 2009, at _____Seattle_____, _____Washington_____.


_____
Lynn Lincoln Sarko

DATED this 20th day of July, 2009, at _Saratoga Springs, New York_ .

Marc I. Machiz