UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates To:<br>Securities Actions Action, 07cv9633 (JSR)(DFE) | Master File No.:<br>07cv9633 (JSR)(DFE)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 8-4-09 |

## ORDER GRANTING CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

JED S. RAKOFF, District Judge

On this 27th day of July 2009, a hearing having been held before this Court to consider: (1) Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Motion"); and (2) the fairness and reasonableness of the fee request to the Settlement Class Members;

And it appearing that a notice of the hearing, and a description of the fee request, substantially in the form approved by the Court in the Preliminary Order was mailed to all persons and entities reasonably identifiable who purchased or otherwise acquired common stock and/or certain Preferred Securities of Merrill Lynch & Co., Inc. or its affiliates ("Merrill"), during the Settlement Class Period as shown by the records of Merrill and as further identified through the mailing of the Notice of the Settlement and summary notice, except those persons and entities excluded from the definition of Settlement Class;

And it appearing that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and electronically in accordance with the Preliminary Order;

And the Court having considered all objections to the fee request, and other matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the fee request;

And it appearing that the fee request is supported by Lead Plaintiff and the fee request is supported by documents and declarations showing its fairness and reasonableness to the Settlement Class Members;

And all capitalized terms not otherwise defined herein having the same meaning as set forth in the parties' Stipulation and Agreement of Settlement dated as of February 17, 2009;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED.

2. The Court hereby finds and concludes that the fee request and the request for reimbursement of expenses are fair and reasonable to Members of the Settlement Class.

3. The Court hereby awards $37,121,250, or 7.815% of $475 million, plus interest in proportion to the interest earned on the Settlement Fund, to Co-Lead Counsel as attorneys' fees, which amount shall be allocated by and among Co-Lead Counsel and such other counsel for Plaintiffs by Co-Lead Counsel in a manner which Co-Lead Counsel, in their sole discretion, believe fairly compensates such other counsel for their respective contributions to the prosecution and settlement of the action.

4. The Court hereby approves the request for reimbursement of expenses in the amount of $ 1,071,790.55.

2

5. The finality of the Judgment entered with respect to the Settlement between Plaintiffs and Defendants shall not be affected in any manner by this Order, or any appeal from this Order approving the fee request or request for reimbursement of expenses.

6. The notice described herein provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth therein, including the fee request, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

7. There is no just reason for delay in the entry of this Order Granting Co-Lead Counsel's Motion for an Award of Attorneys' Fees, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

8. In making this award of attorneys' fees and reimbursement of cost and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a). the litigation in this case was complex and involved difficult legal and factual issues;

    (b). Co-Lead Counsel have achieved a result in the best interests of Lead Plaintiff and the Class;

    (c). the recovery is substantial and eliminates the risk of continued litigation; and

    (d). the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is consistent with or less than awards in similar cases.

IT IS SO ORDERED:

Dated: New York, New York
       7/31, 2009

_____
JED RAKOFF
United States District Judge

4