UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MERRILL LYNCH & CO., INC.
SECURITIES, DERIVATIVE AND ERISA
LITIGATION

Master File No. 07-cv-9633 (JSR)(DFE)

This Document Relates To:
Louisiana Sheriffs' Pension and Relief Fund, et al.
v. Conway, et al., 08cv9063 (JSR)(DFE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-24-09

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

WHEREAS:

A.    Plaintiffs Louisiana Sheriffs' Pension and Relief Fund and Louisiana Municipal

Police Employees' Retirement System ("Bond Plaintiffs") and Defendants Merrill Lynch & Co.,

Inc. ("Merrill"); E. Stanley O'Neal, John A. Thain, Jeffrey N. Edwards, Laurence A. Tosi,

Ahmass L. Fakahany, Gregory J. Fleming, Armando M. Codina, Jill K. Conway, Alberto

Cribiore, John D. Finnegan, Heinz-Joachim Neubürger, David K. Newbigging, Aulana L. Peters,

Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Virgis W. Colbert, Judith Mayhew Jonas

and Carol T. Christ (the "Individual Defendants"); and Merrill Lynch, Pierce, Fenner & Smith,

Inc., Citigroup Global Markets Inc., Morgan Stanley & Co. Incorporated, SunTrust Robinson

Humphrey, Inc., UBS Securities LLC, Wachovia Capital Markets, LLC, and Wells Fargo

Securities, LLC (the "Underwriter Defendants," and together with Merrill and the Individual

Defendants, the "Defendants") have entered into a settlement of the claims asserted in the Bond

Action, the terms of which are set forth in the Stipulation and Settlement Agreement dated

August 12, 2009 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the

Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the

terms and conditions of the proposed settlement of the claims asserted in the Bond Action on the merits and with prejudice, upon the terms and conditions set forth in the Settlement Stipulation (the "Settlement"); and

B.    The Court having read and considered the Settlement Stipulation and exhibits thereto, including the proposed (i) Settlement Notice; (ii) Claim Form; (iii) Publication Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Stipulation.

2.    Pursuant to Rules 23(a) (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Bond Action which is part of this consolidated litigation is hereby preliminarily certified as a class action on behalf of all persons and entities who purchased or otherwise acquired any Bond Class Securities (as listed in the Settlement Stipulation at paragraph 1(e)) during the time period from the first date on which any of the Bond Class Securities were offered through and including January 15, 2009, and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Merrill; BAC; the Individual Defendants; members of the immediate families of the Individual Defendants; the Underwriter Defendants; the Former Defendants; any entity in which any Defendant, Former Defendant or BAC has or had a controlling interest; the current and former directors and officers of or partners in: (i) Merrill; (ii) BAC; (iii) any of the Underwriter Defendants; or (iv) any of the Former Defendants, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity, provided that any Investment

2

Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Settlement Class are those persons or entities who timely and validly request exclusion from the Settlement Class.

3.     The Court finds, preliminarily and for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to each member of the Settlement Class; (c) the claims of the Bond Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Bond Plaintiffs and Bond Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Bond Plaintiffs Louisiana Sheriffs' Pension and Relief Fund and Louisiana Municipal Police Employees' Retirement System are certified as Class Representatives on behalf of the Settlement Class and Bond Counsel is hereby appointed as Class Counsel for the Settlement Class.

5.     The Court preliminarily approves the Settlement on the terms set forth in the Settlement Stipulation, subject to further consideration at the final approval hearing to be held before this Court on __November 23__, 2009, at 4:00 p.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing"):

3

(a)    to determine whether the Bond Action should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)    to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(c)    to determine whether the Order and Final Judgment as provided for under the Settlement Stipulation should be entered, dismissing the Bond Action, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties, as set forth in the Settlement Stipulation, should be ordered;

(d)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to determine whether the application by Bond Counsel for an award of attorneys' fees and reimbursement of litigation expenses incurred should be approved; and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement and/or the Plan of Allocation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Bond Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and litigation expenses.

7.    Bond Counsel have the authority to enter into the Settlement Stipulation on behalf of the Settlement Class and are authorized to act on behalf of the Settlement Class Members with

4

respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

8.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice"); the Summary Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Publication Notice") (together, the "Notices"); and the Proof of Claim and Release form ("Claim Form"), and finds that the procedures established for publication, mailing and distribution of such Notices and the Claim Form substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.   Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

9.     Bond Counsel shall cause the Settlement Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first class mail, postage prepaid, on or before fourteen (14) calendar days after this Order is entered, to all Settlement Class Members at the address of each such person, as set forth in the records of Merrill or its transfer agent(s) and in the records of the Underwriter Defendants, or who otherwise may be identified through reasonable effort.   Within five (5) calendar days from the

5

date this Order is entered, Merrill and the Underwriter Defendants shall provide the Claims Administrator with their securities holders lists (consisting of shareholder names and addresses), in electronic form, for providing notice to the Settlement Class. Merrill and the Underwriter Defendants shall bear all costs or expenses associated with providing the Claims Administrator with such records.

10.    The Former Underwriter Defendants or their transfer agents holding transfer records for Bond Class Securities are hereby ordered to produce such transfer records in a usable electronic format to the Claims Administrator within ten (10) calendar days of receipt of a copy of this Order.

11.    Bond Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit 3, to be published once each in the national edition of *The Wall Street Journal* and over the *PR Newswire* within ten (10) calendar days of the mailing of the Settlement Notice.

12.    Bond Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Settlement Notice and Claim Form and proof of publication of the Publication Notice.

13.    To effectuate the provision of notice provided for in paragraph 7 hereof, Bond Counsel or its agents shall lease and maintain a post office box of adequate size for the return of Claim Forms. The Settlement Notice shall designate said post office box as the return address for the purposes designated in the Settlement Notice. Bond Counsel or its agents shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance, Claim Forms, and all other written

6

communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

14.    Bond Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who acquired Bond Class Securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees who hold or held such Bond Class Securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Settlement Notice and the Claim Form to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Settlement Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Settlement Notice to the Claims Administrator, Analytics Incorporated, at the address specified in the Settlement Notice, who shall promptly send a copy of the Settlement Notice and Claim Form to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

15.    The Court approves the selection of Analytics Incorporated by Bond Counsel as the Claims Administrator. Bond Counsel may pay up to $ 750,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Settlement Notice, reimbursements to nominee owners for forwarding the Settlement Notice to their beneficial

7

owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent. To the extent that Notice and Administration Costs exceed $750,000, they may be paid only pursuant to further Order of the Court.

16.    Bond Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Settlement Stipulation without further order of the Court.

17.    Bond Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees and reimbursement of litigation expenses by no later than thirty (30) calendar days before the Settlement Hearing.

18.    Settlement Class Members shall be bound by all determinations and judgments in the Bond Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form by first-class mail to the address designated in the Settlement Notice, such that it is received no later than fifteen (15) calendar days prior to the Settlement Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the "Merrill Bond Action, Master File No. 07-cv-9633 (JSR)(DFE)" and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares or notes for all purchases or other acquisitions and sales of Bond Class Securities during the Settlement Class Period. The

request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19.    Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Settlement Notice.

20.    Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved as fair and reasonable; or why Bond Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should not be granted, *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the Plan of Allocation or the attorneys' fees and reimbursement of litigation expenses requested, unless no later than fifteen (15) calendar days before the Settlement Hearing, such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefore, and copies of any supporting papers and briefs (which must contain proof of all purchases and other acquisitions of Bond Class Securities during the Settlement Class Period), upon Bond Counsel, Mark Lebovitch, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, and counsel for Merrill and Merrill Lynch, Pierce, Fenner & Smith, Inc, Jay B. Kasner, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 ("Merrill Lynch Counsel"), who will then provide copies to counsel for the other Defendants, and has filed said objections, papers and

9

briefs, showing due proof of service upon Bond Counsel and Merrill Lynch Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. Persons who intend to object to the Settlement, the Plan of Allocation, and/or to Bond Counsel's application for an award of attorneys' fees and litigation expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Should any objections be received, reply papers shall be filed no later than seven (7) calendar days before the Settlement Hearing,

21.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the fairness and reasonableness of the Plan of Allocation, or the attorneys' fees and reimbursement of litigation expenses requested.

22.    In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Settlement Notice, postmarked no later than 120 calendar days from the date set for the mailing of the Settlement Notice. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when mailed (if properly addressed and mailed by first-class or overnight U.S. Mail, postage prepaid) provided such Claim Form is actually received prior to the filing of a motion for an Order of the Court approving distribution

of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b)    The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Bond Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine, based upon the Settlement Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Bond Counsel and the approval of the Court. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted.

23.    The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

24.    The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Settlement Class Members other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Settlement Stipulation and/or the Plan of Allocation with modification approved by the parties to the Settlement Stipulation without further notice to Settlement Class Members.

25.    None of the Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Bond Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

26.    In the event the Settlement is not consummated pursuant to its terms, the Settlement Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the parties to the Settlement Stipulation shall be restored to their respective positions in the Bond Action immediately before April 27, 2009, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Settlement Stipulation and any related orders had not been entered, and the balance of the Settlement Fund,

less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to the Payor Defendant, including interest accrued thereon, within ten (10) business days after written notification of such event is sent by Bond Counsel or Defendants' Counsel.

27.    Pending final determination of whether the Settlement should be approved, Bond Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any Released Claims against any of the Released Parties.

28.    The Court retains exclusive jurisdiction over the Bond Action to consider all further matters arising out of or connected with the Settlement.

Dated:    New York, New York
          ___8/21___, 2009

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

# 399829.8

29. Notwithstanding any provision anywhere in this case that could be otherwise interpreted, no attorneys' fees shall be paid or otherwise distributed until after all other authorized distributions of funds have occurred.

13

# Exhibit 1

UNITED STATES DISTRICT COURT                          **Exhibit 1**
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No. 07-cv-9633 (JSR)(DFE) |
| This Document Relates To: Louisiana Sheriffs' Pension and Relief Fund, et al. v. Conway, et al., 08cv9063 (JSR)(DFE) | |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Bond Action") if you purchased or otherwise acquired any of the Bond Class Securities of Merrill Lynch & Co., Inc. ("Merrill" or the "Company") listed below from the dates they were first offered to the public for sale through and including January 15, 2009 (the "Class Period").**[1]

**The Bond Class Securities are:**

> 8.625% Non-Cumulative Preferred Stock, Series 8 (Cusip: 060505559 formerly known as 59023V373) ("Preferred Stock");
> 6.11% Subordinated Notes due January 29, 2037 (Cusip: 59022CAJ2) ("6.11% Notes");
> 5.70% Subordinated Notes due May 2, 2017 (Cusip: 59022CCS0) ("5.70% Notes");
> Medium-Term Notes, Series C (Cusip: 59018YE72) ("Medium-Term Notes");
> 6.05% Medium-Term Notes, Series C (Cusip: 59018YJ36) ("6.05% Notes");
> 6.40% Medium-Term Notes, Series C (Cusip: 59018YJ69) ("6.40% Notes");
> 5.45% Medium-Term Notes, Series C (Cusip: 59018YM40) ("5.45% Notes");
> 6.15% Medium-Term Notes, Series C (Cusip: 59018YN56 ("6.15 Notes");
> 6.875% Medium-Term Notes, Series C (Cusip: 59018YN64) ("6.875% Notes"); and
> 7.75% Subordinated Notes (Cusip: 59023VAA8) ("7.75% Notes").

**NOTICE OF SETTLEMENT: Please also be advised that Plaintiffs Louisiana Sheriffs' Pension and Relief Fund and Louisiana Municipal Police Employees' Retirement System (the "Bond Plaintiffs"), on behalf of the Bond Class (as defined in ¶1 below), have reached a proposed settlement of the Bond Action for a total of $150 million in cash that will resolve all claims in the Bond Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully!**

    1.    **Description of the Bond Action and the Bond Class:** This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: (i) Merrill; (ii) certain of Merrill's former senior officers and directors – E. Stanley O'Neal, John A. Thain, Jeffrey N. Edwards,

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated as of August 12, 2009.

Laurence A. Tosi, Ahmass L. Fakahany, Gregory J. Fleming, Armando M. Codina, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Heinz-Joachim Neubürger, David K. Newbigging, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Virgis W. Colbert, Judith Mayhew Jonas and Carol T. Christ (the "Individual Defendants"); and (iii) certain investment banks that acted as underwriters for the offerings of the Bond Class Securities, *i.e.*, Merrill Lynch, Pierce, Fenner & Smith, Inc., Citigroup Global Markets Inc., Morgan Stanley & Co. Incorporated, SunTrust Robinson Humphrey, Inc., UBS Securities LLC, Wachovia Capital Markets, LLC, and Wells Fargo Securities, LLC (the "Underwriter Defendants," and together with Merrill and the Individual Defendants, the "Defendants"). The proposed Settlement, if approved by the Court, will apply to all persons and entities that purchased or otherwise acquired any Bond Class Securities during the Class Period, *i.e.*, from the first date on which the Bond Class Securities were offered for sale to the public through and including January 15, 2009, and were allegedly damaged thereby (the "Bond Class" or "Class"). Members of the Bond Class are referred to herein as "Class Members".

2.    **Statement of Bond Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 30-37 below, Bond Plaintiffs, on behalf of the Bond Class, have agreed to settle all claims based on the purchase or other acquisition of Bond Class Securities during the Class Period that were or could have been asserted against Defendants in the Bond Action in exchange for a settlement payment of $150,000,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account. The Settlement Amount together with interest earned thereon is referred to as the "Settlement Fund". The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and litigation expenses awarded to counsel representing Bonds Plaintiffs and the Class) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to Class Members. The Plan of Allocation is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial. It is solely a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation, is included in this Notice. Bond Plaintiffs' damages expert estimates that approximately 204.15 million shares of Preferred Stock, 3.24 million 6.11% Notes, 1.13 million 5.70% Notes, 2.58 million Medium-Term Notes, 3.70 million 6.05% Notes, 3.87 million 6.40% Notes, 3.97 million 5.45% Notes, 2.41 million 6.15% Notes, 7.85 million 6.875% Notes and 2.85 million 7.75% Notes purchased by Class Members could have been affected by the conduct at issue in the Bond Action. If all Class Members elect to participate in the Settlement, the estimated average recovery per-share of Preferred Stock or per Note from the Settlement Fund would be approximately: $0.17 per affected share of Preferred Stock; $5.80 per affected 6.11% Note, $8.05 per affected 5.70% Note, $3.59 per affected Medium-Term Note, $2.80 per affected 6.05% Note, $3.60 per affected 6.40% Note, $2.32 per affected 5.45% Note, $3.16 per affected 6.15% Note, $2.69 per affected 6.875% Note, and $5.88 per affected 7.75% Note before the deduction of attorneys' fees and expenses as approved by the Court. Bond Class Members should note, however, that these are only estimates based on the overall number of potentially affected shares and notes in the Bond Class. Some Bond Class Members may recover more or less than these estimated amounts.

3.    **Statement of Average Amount of Damages Per Share:** The parties do not agree on the average amount of damages per share that would be recoverable if Bond Plaintiffs were to prevail after trial and any appeals. Defendants deny that any Bond Class Securities were damaged as Bond Plaintiffs have alleged. Defendants deny that the offering materials for the securities contained any materials misrepresentations or omissions and they assert that they were prepared to establish that the prices of the Bond Class Securities declined in value for reasons not related to the disclosure of any allegedly false or misleading statements in the offering materials for the securities. The parties also disagree on the appropriate methodology for determining damages, if liability were established.

4.    **Statement of Attorneys' Fees and Expenses Sought:** Bond Counsel (as defined in ¶5 below) will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel from the Settlement Fund in an amount not to exceed 15% of the Settlement Fund. In addition, Bond Counsel also will apply for the reimbursement of litigation expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Bond Action (which may include the reasonable costs and expenses of

Bond Plaintiffs directly related to their representation of the Bond Class), in an amount not to exceed $750,000. If the Court approves Bond Counsel's fee and expense application, the average cost per affected share of Preferred Stock and per affected $1,000 face amount Note will be approximately $0.03 per affected share of Preferred Stock; $0.90 per affected 6.11% Note, $1.25 per affected 5.70% Note, $0.56 per affected Medium-Term Note, $0.43 per affected 6.05% Note, $0.56 per affected 6.40% Note, $0.36 per affected 5.45% Note, $0.49 per affected 6.15% Note, $0.42 per affected 6.875% Note, and $0.91 per affected 7.75% Note.

5.    **Identification of Attorneys' Representatives:**  Bond Plaintiffs and the Bond Class are being represented Bernstein Litowitz Berger & Grossmann LLP ("Bond Counsel").  Any questions regarding the Settlement should be directed to Mark Lebovitch, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE BOND CLASS.** | This is the only way to get a payment.  If you wish to obtain a payment as a Class Member, you will need to file a Proof of Claim form (which is included with this Notice) postmarked no later than _____, 2009. |
| **EXCLUDE YOURSELF FROM THE BOND CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2009.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN _____, 2009.** | Write to the Court and explain why you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON _____, 2009 AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2009.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up your rights. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ..................................................................................................... Page

What Is This Case About?  What Has Happened So Far? ........................................................ Page

How Do I Know If I Am Affected By The Settlement? ............................................................ Page

What Are The Bond Plaintiffs' Reasons For The Settlement? ................................................. Page

What Might Happen If There Were No Settlement? ................................................................. Page

How Much Will My Payment Be? ............................................................................................ Page

What Rights Am I Giving Up By Agreeing To The Settlement? .............................................. Page

What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? ... Page

How Do I Participate In The Settlement?  What Do I Need To Do? ......................................... Page

What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? .......... Page

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To

   Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? .......... Page

What If I Bought Shares On Someone Else's Behalf? ............................................................ Page

Can I See The Court File? Whom Should I Contact If I Have Questions? .................................. Page

| WHY DID I GET THIS NOTICE? |
| :---: |

6.    This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired Bond Class Securities during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, a claims administrator selected by Bond Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

7.    A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," located below.) In the Bond Action, the Court has directed that Bond Plaintiffs and Bond Counsel shall have primary responsibility for prosecuting all claims against Defendants on behalf of investors in Bond Class Securities.

8.    The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Louisiana Sheriffs' Pension and Relief Fund, et al., v. Conway, et al.,* 08cv9063 (JSR)(DFE) (the "Bond Action") which was coordinated by the Court with the action known as *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation,* No. 07-cv-9633-JSR-DFE (the "Consolidated Securities Action").[2] The Judge presiding over this case is the Honorable Jed S. Rakoff, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the plaintiffs are referred to as the Bond Plaintiffs, on behalf of themselves and the Bond Class, and Defendants are Merrill, the Individual Defendants, and the Underwriter Defendants.

9.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Bond Counsel for attorneys' fees and reimbursement of expenses (the "Settlement Hearing").

10.    The Settlement Hearing will be held on _____, 2009, at __:___ _.m., before the Honorable Jed S. Rakoff, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 14B, New York, New York 10007, to determine:

        (i)    whether the Bond Action should be finally certified, for settlement purposes only, as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

---

[2] A settlement of part of the Consolidated Securities Action was previously reached. That settlement is not connected with the proposed Settlement of the Bond Action. Claim forms submitted in connection with the earlier settlement **do not** have any applicability to the proposed Settlement of the Bond Action described herein.

(ii)     whether the proposed Settlement, the terms of which are set forth in a Stipulation and Agreement of Settlement dated as of August 12, 2009 (the "Stipulation") is fair, reasonable, and adequate and should be approved by the Court;

(iii)    whether a judgment should be entered, dismissing the Bond Action, on the merits and with prejudice, and the release by the Class of the Released Parties (as defined in paragraph 68 below) should be ordered;

(iv)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(v)     whether Bond Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses should be approved by the Court.

11.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Bond Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

| WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR? |
| --- |

12.     Merrill is a Delaware corporation with its principal executive office in New York, New York that provides a broad range of financial services to private clients, small businesses, institutions and corporations. Between October 2006 and May 2008, Merrill sold billions of dollars of debt and preferred securities to the investing public.

13.     On October 3, 2008, Bond Plaintiffs commenced an action styled *Louisiana Sheriffs' Pension and Relief Fund and Louisiana Municipal Police Employees' Retirement System v. Conway et al.*, Index No. 650364/08 in New York State Supreme Court asserting claims for violations of Sections 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all persons who purchased or otherwise acquired Merrill securities in or traceable to the registered public offerings identified in the complaint filed against Merrill and certain underwriter defendants.

14.     On October 16, 2008, Merrill and certain other defendants filed a motion to have the action transferred from the state court to the United States District Court for the Southern District of New York.

15.     On October 22, 2008, the action was referred to the Honorable Jed S. Rakoff as a possibly related action to the Consolidated Securities Action, several securities actions pending in the United States District Court for the Southern District of New York which had been consolidated by order dated March 12, 2008.[3]

16.     On December 3, 2008, Judge Rakoff issued an order coordinating the Consolidated Securities Action and the Bond Action for pre-trial purposes and directing that Bond Plaintiffs and Bond Counsel shall have primary responsibility for prosecuting all claims on behalf of investors in Merrill bonds and preferred shares that were identified in the Bond Action but not in the Consolidated Securities Action.

17.     From mid to late December 2008, in connection with the negotiations that led to the settlement of the Consolidated Securities Action, the parties engaged in discussions regarding a settlement of the Bond Action but were not able to reach agreement. These discussions were renewed in late February 2009 and continued into March but, again, no agreement was reached.

---

[3]     The Consolidated Securities Action alleged claims under the Securities Act and the Securities Exchange Act of 1934, and was brought on behalf of purchasers of Merrill common stock as well as purchasers in several offerings of Merrill preferred stock. The settlement of that action, which defines a settlement class of purchasers of the relevant securities between October 17, 2006 and December 31, 2008 inclusive, has been approved by the Court. The settlement in the Consolidated Securities Action does not cover the securities covered by the Bond Action.

18.     On February 4, 2009, the District Court instructed the parties to brief a motion to dismiss addressed to the original complaint filed in the Bond Action in state court. Accordingly, on February 9, 2009, Defendants filed three separate motions to dismiss the Bond Action complaint. Defendants asserted, among other things, that the complaint was required to and failed to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and that it failed to allege any untrue statement or actionable omission. On February 13, 2009, Bond Plaintiffs filed their opposition to the motions.

19.     On February 17 and 19, 2009, the District Court heard oral argument on Defendants' motions. At the conclusion of the hearing, the Court gave Bond Plaintiffs until March 13, 2009 to file their amended complaint. On February 27, 2009, the Court issued a Memorandum Order stating that the Court had determined that the original complaint was subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure but that the Court would rule on the motions to dismiss only after an amended complaint was filed and further briefing on the motions was submitted.

20.     On March 13, 2009, Bond Plaintiffs filed an Amended Class Action Complaint. A Corrected Amended Class Action Complaint was filed on March 18, 2009 (the "Amended Complaint"). The Amended Complaint asserts claims under Sections 11, 12 and 15 of the Securities Act of 1933 against Defendants arising from the offerings of the Bond Class Securities (the "Offerings"), and includes as additional plaintiffs NECA–IBEW Pension Trust Fund Pension Plan, Iron Workers Locals 40, 361, 417 Union Security Funds, Iron Workers Local 580 Joint Funds, City of Pontiac Police and Fire Retirement System and City of Pontiac General Employees Retirement System.

21.     The Amended Complaint alleges, among other things, that the offering materials for the Bond Class Securities (the "Offering Materials") failed to accurately disclose the existence and value of tens of billions of dollars of complex derivative securities linked to subprime residential mortgages and Merrill's material dependence on certain financial guarantors to hedge those and other exposures to derivative securities. The Amended Complaint further alleges that the full extent and true nature of Merrill's exposures were not disclosed until January 15 and 16, 2009, following the announcement of a $138 billion financial bailout by the government to induce Bank of America Corporation ("BAC") to complete its acquisition of Merrill.

22.     On March 27, 2009, Defendants moved to dismiss the Amended Complaint with prejudice on the grounds that, among other things (i) Plaintiffs failed to plead any actionable misrepresentations or omissions; and (ii) the Amended Complaint sounded in fraud and failed to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Defendants have continued to assert that all claims asserted by Bond Plaintiffs on behalf of the Settlement Class are without merit.

23.     On April 10, 2009, Plaintiffs filed a consolidated opposition to Defendants' motions to dismiss. Oral argument on the motions was set to take place on April 23, 2009.

24.     After Bond Plaintiffs filed the Amended Complaint, settlement discussions were again renewed. These discussions, which continued through the briefing of Defendants' second motion to dismiss, culminated in an agreement in principle to settle the Bond Action which was reached on April 21, 2009.

25.     In connection with the prosecution of the Bond Action, Bond Counsel has conducted an extensive factual and legal investigation relating to the claims and the underlying events and transactions alleged in the Amended Complaint, including reviewing and analyzing the Company's public filings with the Securities and Exchange Commission; reviewing and analyzing available news and research reports issued by securities analysts regarding Merrill and the bond industry, transcripts of Merrill investor conference calls, economic analyses of securities pricing data, and publicly available legal actions involving Merrill; contacting over 150 ex-Merrill employees and interviewing 87 of these potential witnesses; consulting with experts on collateralized debt obligations and related derivative securities, accounting and damages issues; and researching the applicable law with respect to the claims asserted against Defendants and the potential defenses thereto.

26.     In addition, the agreement in principle to settle the Bond Action was conditioned on Bond Plaintiffs being satisfied with the results of further due diligence discovery to be completed. In connection

with that due diligence discovery, Merrill and its outside auditor during the Class Period, Deloitte & Touche LLP ("Deloitte"), have collectively produced over thirty million pages of documents relevant to the claims asserted in the Bond Action which have been analyzed, and Bond Counsel has interviewed eight current or former Merrill employees with knowledge of the facts in this case.

27.    Based upon their investigation and due diligence discovery, Bond Plaintiffs and Bond Counsel agree that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

28.    On _____, 2009, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

---

29.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons and entities that purchased or otherwise acquired Bond Class Securities during the Class Period and were allegedly damaged thereby. Excluded from the Class are Merrill; BAC; the Individual Defendants; members of the immediate families of the Individual Defendants; the Underwriter Defendants; the Former Defendants; any entity in which any Defendant, Former Defendant or BAC has or had a controlling interest; the current and former directors and officers of or partners in: (i) Merrill; (ii) BAC; (iii) any of the Underwriter Defendants; or (iv) any of the Former Defendants, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity, provided that any Investment Vehicle (as defined in the Stipulation) shall not be deemed an excluded person or entity by definition. The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement? How Do I Exclude Myself?," below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN _____, 2009.**

---

## WHAT ARE THE BOND PLAINTIFFS' REASONS FOR THE SETTLEMENT?

---

30.    Bond Plaintiffs and Bond Counsel believe that the claims asserted against Defendants have merit. Bond Plaintiffs and Bond Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability for violations of the federal securities laws and in rebutting Defendants' arguments that the losses suffered were attributable to factors other than the alleged wrongdoing.

31.    In agreeing to the terms of the Settlement, Bond Plaintiffs and Bond Counsel took into account the possibility that the claims asserted in the Amended Complaint might have been dismissed in response to Defendants' motions to dismiss or anticipated motions for summary judgment or rejected by a jury at the trial stage. Bond Plaintiffs' initial complaint in this action was dismissed by the Court after briefing and a detailed oral argument. The Amended Complaint also faced a variety of legal hurdles. Among other things, there was a significant risk that the Court would apply a heightened pleading standard to Bond Plaintiffs' allegations that Merrill's derivative security valuations were false at the time they were made, and determine that the allegations were insufficiently detailed to meet such a standard.

32.    Bond Plaintiffs also considered issues that would have been decided by a jury in the event of a trial of the Bond Action, including whether the alleged misrepresentations or omissions in the Offering Materials were material to investors and whether all of Class Members' losses were caused by the alleged misrepresentations or omissions. The claims asserted relate to collateralized debt obligations and derivative securities, including the use of financial guarantees as hedges for exposure to derivative securities. These

claims raise complex issues of structured finance and would have required expert presentations. A "battle of experts," in and of itself, poses added significant risks with respect to a jury's determinations.

33.    Furthermore, the amount of damages sustained by the Class, which also would have been the subject of expert testimony, has been, and would continue to be, seriously disputed by Defendants. Even if liability were established, there was a real risk that, after a trial of the action, the Class would have recovered an amount significantly less than the Settlement Amount or nothing at all. First, because of the nature and number of Bond Class Securities, presenting damages to a jury would raise complex issues not present in cases involving a single common stock security. Additionally, Defendants could succeed in severely limiting, or even eliminating recoverable damages, if they could establish that the declines in the value of the Bond Class Securities were attributable to factors other than the alleged wrongdoing. Bond Plaintiffs recognized that Defendants would cite to, among other things, (i) the fact that, at the time the action was initiated, many of the Bond Class Securities had substantially recovered in value since the Bank of America acquisition of Merrill was announced on September 15, 2008, a relevant factor under the controlling statute; and (ii) the extreme economic circumstances facing the economy as a whole, and the financial industry in particular.

34.    Finally, Bond Plaintiffs and Bond Counsel have considered the fact that any recovery obtained after a verdict at trial would still be in jeopardy on appeal, and, even if the verdict were ultimately sustained on appeal, it could take years before the case was finally resolved.

35.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Bond Plaintiffs and Bond Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. The Settlement provides a substantial benefit now, namely $150,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Bond Action would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

36.    Defendants have denied the claims asserted against them in the Bond Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants assert that they have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of Defendants' wrongdoing.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

37.    If there were no Settlement and Bond Plaintiffs failed to establish any essential legal or factual element of their claims, neither Bond Plaintiffs nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

## THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

38.    Merrill has agreed to pay One Hundred and Fifty Million Dollars ($150,000,000) in cash into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

39.    After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants (*i.e.,* persons and entities who are entitled to receive payment out of the Net Settlement Fund) in accordance with the Plan of Allocation. If, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, any balance remaining in the Net Settlement Fund as of one (1) year after the initial distribution of such funds shall be redistributed *pro rata* to Authorized Claimants who have cashed their initial distribution and who would receive at least $20.00 from such redistribution, after

payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If any funds shall remain in the Net Settlement Fund six (6) months after such redistribution, then such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Bond Counsel and approved by the Court.

40.     The Settlement Fund will be distributed as follows:

 (i)  to pay all federal, state and local taxes on any income earned by the Settlement Fund and to pay the reasonable costs incurred in connection with determining the amount of, and paying, taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants);

 (ii)  to pay costs and expenses in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members;

 (iii)  to reimburse Plaintiffs' Counsel for the costs and expenses that Plaintiffs' Counsel incurred in commencing and prosecuting the Bond Action, with interest thereon and to reimburse Bond Plaintiffs for their reasonable costs and expenses directly related to their representation of the Class, if and to the extent allowed by the Court;

 (iv)  to pay Plaintiffs' Counsel's attorneys' fees, to the extent allowed by the Court; and

 (v)  to compensate Authorized Claimants with the balance of the Net Settlement Fund in accordance with the Plan of Allocation, subject to an Order of the Court approving the Settlement and the Plan of Allocation (or such other allocation plan as the Court may approve).

41.     The Net Settlement Fund will not be distributed until the Court has approved the Plan of Allocation or an alternative plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

42.     Neither Defendants nor any other Person who paid any portion of the Settlement Fund on any of their behalves are entitled to get back any portion of the Settlement Fund once the Court's Order approving the Settlement becomes Final. None of the Defendants shall have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

43.     Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

44.     Only those Class Members who purchased or otherwise acquired any of the Bond Class Securities listed on page 1 of this Notice during the Class Period *and have a Recognized Claim under the terms of the Plan of Allocation* will be eligible to share in the distribution of the Net Settlement Fund. Each person wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, and including all required documentation as set forth in the Claim Form, postmarked no later than _____, 200_ to the address set forth in the Claim Form that accompanies this Notice.

45.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked no later than _____, 200_ shall be forever barred from receiving payments pursuant to the Settlement set forth in the Stipulation but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any judgment entered and releases given. This means that each Class Member releases the Released Claims (as defined in paragraph 67 below) against the Released Parties (as defined in paragraph 68 below) and is enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Parties regardless of whether or not such Class Member submits a Claim Form.

46.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

47.     The Court has also reserved the right to modify the Plan of Allocation without further notice to Class Members. All Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www._____.com.

48.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a result of the alleged wrongdoing. The Plan of Allocation, developed by Bond Plaintiffs' damages expert, is generally based upon the statutory measure of damages for claims based on material misrepresentations in registration statements.

49.     The calculation of a Recognized Claim pursuant to the Plan of Allocation is not intended to be an estimate of, nor indicative of, the amount that a Class Member might have been able to recover after a trial. The Plan of Allocation does not take into account various defenses and limitations on damages that a jury could have accepted, which would diminish the amount of any eventual recovery. Nor is the calculation of a Recognized Claim pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. That amount will depend upon the total amount of all Recognized Claims. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. This computation is only a method to weigh Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim. The proposed Plan of Allocation generally measures the amount of loss that a Class Member may claim under the Settlement for the purpose of making *pro-rata* allocations of the Net Settlement Fund to Class Members who submit acceptable Proofs of Claim.

## CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

50.     A "Recognized Loss or Gain Amount" will be calculated for each share of Preferred Stock or Note purchased or acquired during the Class Period (*i.e.*, from the first day on which the security was offered for sale to the public through and including January 15, 2009 *and* which, if offered for sale prior to October 24, 2007, was still owned as of the close of trading on October 24, 2007 (the first day that any of the allegedly wrongfully withheld or misrepresented information began to enter the market), and for which adequate documentation is provided ("Eligible Preferred Stock" and "Eligible Notes").[4] The calculation of the Recognized Loss or Gain Amount will depend upon several factors, including (i) when the Bond Class Securities were purchased or acquired; and (ii) whether they were sold, and if so, when they were sold.

1.     For each share of Eligible Preferred Stock and each Eligible Note that was sold prior to March 13, 2009, the Recognized Loss Amount per share or note shall be the difference between the amount paid for the share or note (not exceeding the price at which the share or note was offered to the public) and the price at which the share or note was sold before March 13, 2009. The Recognized Loss Amount cannot be less than zero. If the price at which the share or note was sold exceeds the amount paid, then the difference between the price at which the share or note was sold and the amount paid shall be the Recognized Gain Amount.

2.     For each share of Eligible Preferred Stock and each Eligible Note that was sold between March 13, 2009 and April 27, 2009, the Recognized Loss Amount per share or note shall be the difference between the amount paid for the share or note (not exceeding the price at which the share or note was offered to the public) and *the higher of* (i) the price at which the share or note was sold between March 13, 2009 and April 27, 2009; and (ii) the value of the share or note as of March 13, 2009.[5] The Recognized Loss Amount cannot be less than zero. If the price at which the share or note was sold exceeds the amount paid, then the difference between the price at which the share or note was sold and the amount paid shall be the Recognized Gain Amount.

---

[4]  Any Bond Class Security sold before October 24, 2007 shall have a Recognized Loss/Gain Amount of "0".

[5]  The value of each security as of March 13, 2009 is based on the most recent closing price available and is as follows for each security: (i) $9.11 per share for each share of Preferred Stock; (ii) $480.00 per 6.11% Note; (iii) $526.25 per 5.70% Note; (iv) $760.00 per Medium-Term Note; (v) $785.00 per 6.05% Note; (vi) $734.60 per 6.40% Note; (vii) $779.11 per 5.45% Note; (viii) $712.35 per 6.15%% Note; (ix) $796.31 per 6.875% Note; and (x) $500.00 per 7.75% Note.

3.    For each share of Eligible Preferred Stock and Each Eligible Note that was still owned as of the close of trading on April 27, 2009, the Recognized Loss Amount per share or note shall be the difference between the amount paid for the share or note (not exceeding the price at which the share or note was offered to the public) and the value thereof on March 13, 2009. The Recognized Loss Amount cannot be less than zero. If the value of the share or note as of March 13, 2009 exceeds the amount paid, then the difference between the value as of March 13, 2009 and the amount paid shall be the Recognized Gain Amount.

51.    Establishing a claim for damages for purchases of the securities after the issuer has made generally available an earnings statement covering a period of at least twelve months beginning after the effective date of the registration statement imposes an additional burden on plaintiffs not present with respect to earlier purchases of those securities. Because this claim is more difficult to establish, the Recognized Loss Amount for affected purchases or acquisitions will be reduced by 20%. The affected transactions are: (i) purchases or acquisitions of 6.11% Notes after May 5, 2008; (ii) purchases or acquisitions of 5.70% Notes after August 5, 2008; (iii) purchases or acquisitions of Medium Term Notes after August 5, 2008; (iv) purchases or acquisitions of 6.05% Notes after November 4, 2008; and (v) purchases or acquisitions of 6.40% Notes purchased after November 4, 2008.

52.    Each Authorized Claimant's "Recognized Claim" shall be calculated by (1) totaling all Recognized Loss Amounts, and (2) subtracting from that amount the total of all Recognized Gain Amounts. UNLESS A CLASS MEMBER HAD A NET RECOGNIZED LOSS ON HIS, HER OR ITS PURCHASES OR OTHER ACQUISITIONS MADE DURING THE CLASS PERIOD IN BOND CLASS SECURITIES, THE AMOUNT OF THE CLASS MEMBER'S RECOGNIZED CLAIM SHALL BE ZERO.

### ADDITIONAL PROVISIONS

53.    If the sum total of Recognized Claims of all Authorized Claimants is greater than the Net Settlement Fund, each such Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of all Recognized Claims to be paid from the Net Settlement Fund, multiplied by the total amount in the Net Settlement Fund. If the prorated payment calculates to less than $20.00, it will not be included in the calculation and it will not be distributed.

54.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants.

55.    If a Class Member has more than one purchase/acquisition or sale of Bond Class Securities through April 27, 2009, the Recognized Loss or Gain Amount for each such security shall be determined on a First In, First Out ("FIFO") method, such that all such sales will be matched against any purchases/acquisitions of the like Bond Class Security in chronological order, beginning with the earliest purchase/acquisition.

56.    Purchases or other acquisitions and sales of Bond Class Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

57.    The receipt or grant by gift, inheritance or operation of law of Bond Class Securities during the Class Period shall not be deemed a purchase or acquisition of such security for the calculation of a Claimant's Recognized Loss or Gain Amounts nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bond Class Securities unless (i) the donor or decedent purchased or otherwise acquired such Bond Class Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bond Class Securities; and (iii) it is specifically so provided in the instrument of gift or assignment. If the requirements of the preceding sentence are satisfied such Bond Class Securities shall be deemed purchased by the Claimant on the original date of purchase by the donor, decedent or transferor and not the date of transfer. Accordingly, if the donor, decedent or transferor did not purchase the subject Bond Class