UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates To:<br>Louisiana Sheriffs' Pension and Relief Fund, et al. v. Conway, et al., 08cv9063 (JSR)(DFE) | Master File No. 07-cv-9633 (JSR)(DFE)  |

## ORDER AND FINAL JUDGMENT

This matter came for hearing on November 23, 2009 (the "Settlement Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Settlement Agreement dated August 12, 2009 (the "Settlement Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiffs Louisiana Sheriffs' Pension and Relief Fund and Louisiana Municipal Police Employees' Retirement System ("Bond Plaintiffs") on behalf of the Settlement Class against Defendants Merrill Lynch & Co., Inc. ("Merrill"); E. Stanley O'Neal, John A. Thain, Jeffrey N. Edwards, Laurence A. Tosi, Ahmass L. Fakahany, Gregory J. Fleming, Armando M. Codina, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Heinz-Joachim Neubürger, David K. Newbigging, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Virgis W. Colbert, Judith Mayhew Jonas and Carol T. Christ (the "Individual Defendants"); and Merrill Lynch, Pierce, Fenner & Smith, Inc., Citigroup Global Markets Inc., Morgan Stanley & Co. Incorporated, SunTrust Robinson Humphrey, Inc., UBS Securities LLC, Wachovia Capital Markets, LLC, and Wells Fargo Securities, LLC (the "Underwriter Defendants," and together with Merrill and the Individual Defendants, the "Defendants") in the Corrected Amended Class Action Complaint for violations of Sections 11, 12 and 15 of the Securities Act of 1933 dated March 18, 2009 (the "Amended

Complaint") now pending in this Court in the securities class action styled *Louisiana Sheriffs' Pension and Relief Fund, et al. v. Conway, et al.*, 08cv9063 (JSR)(DFE) (the "Bond Action"), and should be approved; whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of the Released Parties and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Released Claims as against all Released Parties; and whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of Merrill's transfer agent(s) and the records of the Underwriter Defendants, at the respective addresses set forth in such records, who purchased or otherwise acquired any Bond Class Securities during the Settlement Class Period and were allegedly damaged thereby, except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   This Order and Final Judgment hereby incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Bond Action and over all parties to the Bond Action, including all Settlement Class Members.

3. The Court finds that for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Bond Plaintiffs, the named representatives, are typical of the claims of the Settlement Class they seek to represent; (d) the Bond Plaintiffs and Bond Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finally certifies, for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action as a class action on behalf of all persons and entities who purchased or otherwise acquired any Bond Class Securities during the Settlement Class Period and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Merrill; BAC; the Individual Defendants; members of the immediate families of the Individual Defendants; the Underwriter Defendants; the Former Defendants; any entity in which any Defendant, Former Defendant or BAC has or had a controlling interest; the current and former directors and officers of or partners in: (i) Merrill; (ii) BAC; (iii) any of the Underwriter Defendants; or (iv) any of the Former Defendants, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity,

provided that any Investment Vehicle (as defined herein) shall not be deemed an excluded person or entity by definition. Also excluded from the Settlement Class are the persons and entities who requested exclusion from the Settlement Class listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court hereby finally certifies Bond Plaintiffs Louisiana Sheriffs' Pension and Relief Fund and Louisiana Municipal Police Employees' Retirement System as Class Representatives for the Settlement Class, and finally certifies the law firm of Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class.

6. Notice of the pendency of the Bond Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, the Plan of Allocation, and Bond Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses associated with the Bond Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all

Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Order and Final Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, including Bond Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the settling parties. Accordingly, the Settlement embodied in the Settlement Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Stipulation.

9. The Amended Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed on the merits with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Settlement Stipulation.

10. The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Settlement Notice, is in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of Claimants that is set forth in the Settlement Notice provides a fair and reasonable basis upon which to allocate among Settlement Class Members the net proceeds of the Settlement Fund established by the Settlement Stipulation, with due consideration having been given to overall fairness, and administrative convenience and necessity. The parties to the Settlement Stipulation are hereby directed to consummate and perform its terms.

11. Upon the Effective Date of the Settlement, Bond Plaintiffs and all other Settlement Class Members (including but not limited to any Settlement Class Member who is a party to any other action, arbitration or other proceeding who is asserting any Released Claims against any of the Defendants or other Released Parties that are pending on the Effective Date, whether or not such Person submits a Proof of Claim) on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, predecessors, successors and assigns, release and shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

12. Upon the Effective Date of the Settlement, Bond Plaintiffs and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

13. Upon the Effective Date of the Settlement, all claims for contribution, indemnification, or any other form of relief by other alleged joint tortfeasors against the Released Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class or any Settlement Class Member, shall be barred, extinguished, discharged, satisfied and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims is enjoined.

14. Upon the Effective Date of the Settlement, Defendants and each of the other Released Parties, including any and all of their respective successors in interest, predecessors,

representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under any of them, and each of them, release Plaintiffs, Lead Plaintiff in the Consolidated Securities Action the State Teachers' Retirement System of Ohio, Bond Counsel, the other Settlement Class Members, counsel representing any of the aforementioned and each of their agents, predecessors, successors, assigns, personal representatives, heirs and any other Person submitting a Claim on behalf of a Settlement Class Member in the Bond Action, from any and all Released Parties' Claims.

15. Neither this Order and Final Judgment or the Settlement Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein:

a. shall be offered or received against Defendants, other Released Parties, Bond Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Bond Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by Bond Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Bond Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Bond Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

b. shall be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Bond

Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Bond Plaintiffs and the other members of the Settlement Class;

  c. shall be offered or received against the Released Parties, Bond Plaintiffs or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Stipulation; provided, however, that the Released Parties, Bond Plaintiffs and the other members of the Settlement Class may refer to the Settlement Stipulation to effectuate the liability protection granted them thereunder;

  d. shall be construed against the Released Parties, Bond Counsel or Bond Plaintiffs or the other members of the Settlement Class as an admission or concession that the consideration to be given under the Settlement Stipulation represents the amount which could be or would have been recovered after trial; or

  e. shall be construed as or received in evidence as an admission, concession or presumption against Bond Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund.

  16. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement

Fund; (d) hearing and determining Bond Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Settlement Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

17. The Payor Defendant shall have no obligation to make any payment into the Escrow Account except as specifically provided in paragraph 5 of the Settlement Stipulation.

18. The Court finds that during the course of the Bond Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19. A separate order shall be entered regarding Bond Counsel's application for attorneys' fees and reimbursement of litigation expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

20. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Payor Defendant, and such amount is not replaced by others, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation, and shall be vacated to the extent provided by the Settlement Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of the Bond Action and the parties to the Settlement Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Bond Action immediately before April 27, 2009; and (c)

the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in paragraph 37 of the Settlement Stipulation.

21. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:    New York, New York
          _11/25_, 2009

                                              HONORABLE JED S. RAKOFF
                                              UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**Persons and Entities Excluded from the Settlement Class
Pursuant to Requests for Exclusion**

Adam Kreysar and Tina Kreysar
Fort Lauderdale, FL

Dr. Richard B. Bloom
St. Petersburg, FL

Matthew and Diana G. Dollinger
Long Beach, NY

Richele Keller
Albuquerque, NM

Laverne E. Campbell and Gloria J. Campbell
Williamsville, NY

Wayne Thorn and Anita Gardner Thorn
Birmingham, AL

Floyd Babbitt IRA
Buffalo Grove, IL

Milne LLC
Pittsburgh, PA

O. Gene Reising
Evansville, IN

Mary L. Dickson Trust
Lihue, HI

Lenora Soscia
Warwick, RI

Dorinda Cardillo
(specified accounts)
Sunrise, FL

William H. Martin
Hilton Head Island, SC

Frank Clemente, Jr.
Baton Rouge, LA

Beverly Arline Farnsworth
Fernandina Beach, FL

Joseph Ulanowski
Lansing, IL

The Bernard and Rosalie Rychwalski Rev. Liv. Tr.
Cape Coral, FL

Elaine T. Koenig IRA
Naples, FL

Robert A Lumley
Dolgeville, NY

Bernard and Sharon E. Witkin
Sharon E. Witkin CGM IRA Rollover Custodian
Bernard CGM IRA Rollover Custodian
Denver, CO

Pat S. Passannanti
Ft. Lauderdale, FL

Seth J. Feinberg
Oakland, CA

Patricia H. Vierengel
Jacksonville, FL

Peter and Diane Gallagher
Sea Girt, NJ

Ethel A. Corcoran
Charleston, SC

Adele Rappaport
(specified account)
Rockville Center, NY

EWT, LLC
Beverly Hills, CA

#399832