UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates To:<br>Louisiana Sheriffs' Pension and Relief Fund, et al. v. Conway, et al., 08cv9063 (JSR)(DFE) | Master File No. 07-cv-9633 (JSR)(DFE)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 12-2-09 |

### [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came for hearing on November 23, 2009 (the "Settlement Hearing") on the motion of Bond Counsel to determine, among other things, whether and in what amount to award Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Action") fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of Merrill's transfer agent(s) and the records of the Underwriter Defendants, at the respective addresses set forth in such records, who purchased or otherwise acquired any Bond Class Securities during the Settlement Class Period and were allegedly damaged thereby, except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Order Awarding Attorneys' Fees and Expenses incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 12, 2009 (the "Settlement Stipulation") and all terms used herein shall have the same meanings as set forth in the Settlement Stipulation.

2.  The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Expenses, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.  Notice of Bond Counsel's application for attorneys' fees and reimbursement of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.  Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of _15_ % of the $150 million Settlement Amount, with interest thereon at the same net rate as earned by the Settlement Fund from the date the Settlement Fund was funded to the date of payment, which sum the Court finds to be fair and reasonable, and $ _507,794.07_ in reimbursement of litigation expenses, which expenses shall be paid from the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Bond Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5.  Notwithstanding paragraph 29 of the Order Preliminarily Approving Settlement and Providing for Notice dated August 21, 2009, Bond Counsel are directed to hold back payment of __50__ % of the attorneys' fees awarded by this Court until distribution of the Settlement proceeds to Claimants has been _very_ substantially completed.

6.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   (a)  The Settlement has created a total settlement fund of $150 million in cash that is already on deposit and has been earning interest, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Bond Counsel and other Plaintiffs' Counsel;

   (b)  The fee sought by Plaintiffs' Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Bond Plaintiffs, sophisticated institutional investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

   (c)  To date, over 156,000 copies of the Notice were disseminated to putative Settlement Class Members stating that Bond Counsel were moving for attorneys' fees in an amount not to exceed 15% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $750,000 and no Settlement Class Member objected to Bond Counsel's Fee and Expense Application;

   (d)  Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

   (e)  The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had the Settlement not been achieved, there would remain a significant risk that Bond Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Defendants; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

9. In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Settlement Stipulation, this Order shall be rendered null and void to the extent provided by the Settlement Stipulation and shall be vacated in accordance with the Settlement Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated:   New York, New York
         12/1, 2009

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE