USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-9-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re MERRILL LYNCH & CO., INC.,      :    Master File No.:
SECURITIES, DERIVATIVE AND ERISA      :    07 Civ. 9633 (JSR)
LITIGATION                            :
------------------------------------x
PERTAINS TO                           :
Derivative Action, 07 Civ. 9696 and   :    MEMORANDUM ORDER
Lambrecht v. O'Neal, 09 Civ. 8259     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

    In this massive litigation, arising from the huge losses experienced by Merrill Lynch & Co. ("Merrill") in the period prior to its acquisition by Bank of America ("BofA"), two of the lawsuits -- a consolidated action known as the Derivative Action, 07 Civ. 9696, and a later-filed action, Lambrecht v. O'Neal, originally filed as 08 Civ. 6582 but now refiled as 09 Civ. 8259 -- raise important and unresolved issues of Delaware corporate law as to which this Court seeks the guidance of the Delaware Supreme Court. In both actions, the plaintiffs were originally shareholders of Merrill at the time of Merrill's allegedly profligate investments of which they complain, and the purpose of the derivative actions was to force Merrill to sue various officers and directors allegedly responsible for wasting corporate assets and other wrongdoing. However, after BofA acquired Merrill in a stock-for-stock swap, the defendants moved to dismiss both actions on the ground that the plaintiffs, who were now BofA shareholders, lacked standing to pursue actions against Merrill, given the requirements of Delaware law that a plaintiff bringing a derivative action not only be a shareholder of the defendant company

at the time of the transactions complained of, but also remain a shareholder of that company throughout the litigation. See Lewis v. Anderson, 477 A.2d 1040, 1046 (Del. 1984). The Court agreed and dismissed the actions, see In re Merrill Lynch & Co., Inc., Sec., Derivative & ERISA Litig., 597 F. Supp. 2d 427 (S.D.N.Y. 2009), but without prejudice to plaintiffs' repleading their actions as so-called "double derivative" actions, whereby they would seek to force the board of BofA, as 100% owner of the stock in BofA's Merrill subsidiary, to force the Merrill board to bring the action that the plaintiffs had originally sought to have Merrill bring.

Accordingly, on July 27, 2009, plaintiff in the Derivative Action filed a third amended complaint that repleaded her claim as a double derivative action, and, similarly, on September 29, 2009, plaintiff Lambrecht filed a new, double derivative action known as 09 Civ. 8259. Defendants, however, once again moved to dismiss for lack of standing, claiming that plaintiffs still lacked standing unless they could show (a) that they were shareholders of BofA, not just now but at the time of the underlying Merrill transactions complained of, and (b) that BofA itself was a shareholder of Merrill at the time of the underlying Merrill transactions complained of.[1]

---

[1] Plaintiff Lambrecht concedes that she was not a shareholder of BofA prior to the merger of BofA and Merrill. The plaintiff in the Derivative Action alleges that she was a shareholder of BofA (as well as of Merrill) at the time of the underlying Merrill transactions complained of, but concedes that she presently has no proof that BofA was a shareholder of Merrill

2

To this Court, these new arguments by the defendants make no sense. What possible policy would be served by requiring that at the time of the underlying Merrill transactions complained of, the plaintiffs be shareholders in Bank of America, which at that time was a total stranger to the transactions? Likewise, what possible policy would be served by requiring that Bank of America, which did not acquire the ability to force Merrill to pursue its "chose in action" against its former officers and directors until the time of the merger, be a shareholder in Merrill at the time of the underlying transactions complained of?[2] Yet there is at least one decision of the Delaware Chancery Court that seems to hold that just such requirements are part of Delaware law, namely, Saito v. McCall, No. Civ. A. 17132-NC, 2004 WL 3029876 (Del. Ch. Dec. 20, 2004), where the Chancellor, with little discussion or explanation, held that "plaintiffs . . . were not [the parent company's] shareholders before [the date of the merger], so they cannot bring a derivative suit,

---

at that time, although she has received permission from this Court to conduct limited discovery on this issue.

[2] To be sure, if Bank of America had been a shareholder of Merrill at the time of the underlying transactions, it could have theoretically brought its own derivative action against Merrill. But this is a totally different situation from one in which Bank of America, having acquired 100% of the shares of Merrill as a result of the merger, can force Merrill to realize the value of the chose in action that BofA acquired through the merger by forcing Merrill to sue its former officers and directors. Conversely, no one supposes that BofA acquired Merrill for the purpose of bringing strike suits, or that such a danger would ever be realistically presented by such mergers.

3

double or otherwise," id. at *9, and that the "claim must also fail because plaintiffs have failed to allege that [the parent company] was a shareholder of [the subsidiary] at the time the alleged harm occurred," id. at *9 n.82.

This Court is thus left with unsatisfactory guidance as to what Delaware law requires. Delaware's well-established requirement of continuous ownership to maintain a derivative suit seeks to avoid abuses, such as strike suits, associated with such actions. See, e.g., Lewis, 477 A.2d at 1046; see also 8 Del. C. § 327. However, this policy against interlopers has no force in the double derivative context facing this Court. The plaintiffs' proffered interpretation of the requirements of the double derivative standing -- that they be Merrill shareholders pre-merger and BofA shareholders post-merger -- is seemingly sufficient to satisfy the rationale underlying the continuous ownership requirement, and, as noted, this Court perceives no additional purpose that is served, or protection afforded, by requiring plaintiffs to have been shareholders of BofA at the time of the alleged wrongdoing by Merrill, let alone by requiring that BofA have been a Merrill shareholder at that time. Such requirements would render double derivative lawsuits virtually impossible to bring except in bizarrely happenstance circumstances.

Nonetheless, this Court cannot ignore Saito, which appears to be the only Delaware state court decision directly confronting this issue. Therefore, pursuant to Rule 41 of the Delaware Supreme Court,

4

the Court hereby certifies to the Delaware Supreme Court the question of whether a plaintiff seeking to bring a double derivative suit under Delaware law in the kind of circumstances here presented (i.e., where the plaintiff was a pre-merger shareholder in the acquired company at the time of the alleged wrongdoing at that company and, because of a stock-for-stock merger, thereafter becomes and remains a shareholder in the acquiring company) must also demonstrate to establish standing that, at the time of the alleged wrongdoing at the acquired company, (a) the plaintiff owned stock in the acquiring company, and (b) the acquiring company owned stock in the acquired company.  In order to allow the Delaware Supreme Court time to address -- or to indicate that it will address -- this question, if it so chooses, but so as not to delay indefinitely these ongoing actions in federal court, the Court hereby stays all proceedings in these actions, unless otherwise explicitly ordered by the Court, until July 19, 2010.

    SO ORDERED.

                                                                         JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 9, 2010