# CUNEO GILBERT & LADUCA, LLP

March 10, 2010
By Federal Express

Ms. Cathy L. Howard
Clerk of the Supreme Court
Supreme Court of Delaware
Elbert Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

**Re: Certification of Question of Law in the Matters Styled *In re Merrill Lynch & Co., Inc., Securities, Derivative And ERISA Litig.*, No. 07-9633-JSR (S.D.N.Y) and *Lambrecht v. O'Neal*, No. 09-8259-JSR (S.D.N.Y)**

Dear Ms. Howard :

We represent plaintiff Nancy Lambrecht, one of two plaintiffs (collectively, the "Plaintiffs") who have asserted claims derivatively on behalf of nominal defendants Merrill Lynch & Co., Inc. and Bank of America Corporation, and against certain of their present and former officers and directors, in the above-referenced actions pending before the United States District Court for the Southern District of New York.

We are writing in response to the letter of today's date from Paul J. Lockwood, Esq. of Skadden, Arps, Slate, Meagher & Flom, LLP, counsel to Merrill Lynch and Bank of America. We note that our client has not yet had an opportunity to retain Delaware counsel in this matter, which was just certified yesterday, and will do so as soon as practicable.

Mr. Lockwood has articulated the nominal defendants' view that this Court should not defer to the recommendation of Judge Rakoff, of the certifying court, that the Plaintiffs proceed as appellants for purposes of this Court's review of the certified question. We respectfully disagree.

First, we note that Supreme Court Rule 41 plainly provides that "briefs shall be filed in the order recommended by the certifying court in the certification, unless the Court, at the time of approving the certification, shall designate a different order." The rule, accordingly, affords a presumption in favor of the briefing order recommended by the certifying court.

Second, there is simply no compelling reason to depart from that presumption in this case. The Plaintiffs have the burden of proof in this matter, both as to (1) whether they have complied

✓Main Office
507 C Street, NE
Washington, DC 20002
Tel (202) 789-3960
Fax (202) 789-1813

New York
Rockefeller Center, 620 Fifth Avenue
New York, NY 10020
Tel (212) 698-4504
Fax (212) 698-4505

Los Angeles
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Tel (310) 556-9621
Fax (310) 556-9622

Maryland
13507 Rippling Brook Drive
Silver Spring, MD 20906
Tel (301) 460-1812
Fax (301) 460-1813

www.cuneolaw.com

# CUNEO GILBERT & LADUCA, LLP

Ms. Cathy L. Howard
March 10, 2010
Page 2

with the demand requirement under Fed. R. Civ. P. 23.1 and Delaware law, and (2) the underlying claims that they seek to litigate derivatively. The fact that the issue of standing was raised in the context of a motion to dismiss filed by certain of the defendants in no way alters that fundamental fact (dispositive questions of law are almost always raised before trial in the context of a dispositive motion filed by a defendant). Not surprisingly, it is by far the more common practice, in proceedings on certified questions before this Court (and other appellate courts), that the party with the burden of proof in the certifying court proceed as the "appellant." *See, e.g., A.W. Financial Services, S.A. v. Empire Resources, Inc.*, 981 A.2d 1114 (Del. 2009) (on certified question arising in derivative action pending in U.S. District Court for the Southern District of New York, plaintiff proceeds as appellant); *CA, Inc. v. AFSCME Employees Pension Plan*, 953 A.2d 227 (Del. 2008) (corporation that initiated proceeding before SEC proceeds as appellant when SEC certifies question to this Court).

Respectfully Submitted,

Matthew E. Miller

cc: (by electronic filing in the certifying court)
All counsel of record in the proceedings styled *In re Merrill Lynch & Co., Inc., Securities, Derivative and ERISA Litig.*, No. 07-9633-JSR (S.D.N.Y) and *Lambrecht v. O'Neal*, No. 09-8259-JSR (S.D.N.Y)